1  MORGAN, LEWIS & BOCKIUS LLP
   Robert Jon Hendricks, Bar No. 179751
2  Maureen N. Beckley, Bar No. 316754
   Spear Street Tower
3  One Market
   San Francisco, CA 94105
4  Telephone:  +1.415.442.1000
   Facsimile:   +1.415.442.1001
5  rj.hendricks@morganlewis.com
   maureen.beckley@morganlewis.com
6
   MORGAN, LEWIS & BOCKIUS LLP
7  Andrew P. Frederick, Bar No. 284832
   1400 Page Mill Road
8  Palo Alto, CA 94304
   Telephone:  +1.650.843.4000
9  Facsimile:   +1.650.843.4001
   andrew.frederick@morganlewis.com
10
   Attorneys for Defendant
11 DELTA AIR LINES, INC.

12                UNITED STATES DISTRICT COURT
13                CENTRAL DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15  ERIKA L. LEE,<br>16         Plaintiff,<br>17  v.<br>18  DELTA AIR LINES INC., ASHLEY<br>19  RANGEL, JOSEPH TUMPAP, and<br>     DOES 1 through 10,<br>20         Defendants. | Case No. 2:20-CV-08754-CBM-JEM<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF ERIKA LEE'S AMENDED COMPLAINT UNDER RULE 8 AND FAILURE TO STATE A CLAIM UNDER RULE (12(b)(6))**<br><br>Date:        March 23, 2021<br>Time:        10:00 a.m.<br>Courtroom:   8B<br>Judge:       Hon. Consuelo Marshall<br><br>Complaint Filed: September 21, 2020<br>FAC Filed:       December 28, 2020<br>Trial Date:      None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ERIKA LEE, PRO SE:**

**PLEASE TAKE NOTICE THAT** on March 23, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard in a courtroom to be noticed by the Court of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8B, the Honorable Consuelo Marshall presiding, Defendant Delta Air Lines, Inc. will and hereby does move the Court for an order pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) dismissing Plaintiff's First Amended Complaint ("FAC").

First, this Court should dismiss Plaintiff's FAC under Rule 8. A pleading is to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* at (d)(1). Plaintiff's unwieldy fifty-four-page FAC does not conform to Rule 8's requirement that Plaintiff plead a "short and concise statement" demonstrating Plaintiff is entitled to relief. The three-hundred single-spaced paragraphs of scattershot allegations fail to clearly and concisely identify the nature of each of Plaintiff's legal claims against Delta, as required by Rule 8. The FAC subjects Delta to the onerous task of parsing Plaintiff's claims, which is overly burdensome and prejudicial and does not satisfy Rule 8. Furthermore, the FAC is an improper "shotgun pleading" which lumps all her purported factual allegations in a single two-hundred paragraph-long section entitled "Facts Common to All Causes of Action," which is then incorporated by reference into each cause of action. Such "shotgun pleading" is a further violation of Rule 8's short and plain statement requirement.

Second, Plaintiff's FAC should be dismissed under Rule 12(b)(6) for failure to state a claim. Plaintiff's California claims predicated upon activity occurring outside California should be dismissed under the basic presumption against the extraterritorial application of California law. Plaintiff bears the burden to identify

the specific California-based conduct connected to her alleged claims, yet the FAC omits any California-connections for allegations of misconduct occurring since December 2018 (when Plaintiff transferred to work at a New York airport).  Thus, Plaintiff fails to plead a plausible violation of California law for alleged conduct occurring since December 2018.

Plaintiff's Title VII and ADA claims are time-barred because Plaintiff did not file this lawsuit within ninety-days of receiving her Right to Sue Notice.  Plaintiff alleges that she received her Right to Sue Notice on June 19, 2020, and therefore had until September 17, 2020 to bring her claims.  Yet she did not file her initiating complaint until September 21, 2020.  Accordingly, her Title VII and ADA claims are time-barred.  In addition, Plaintiff failed to exhaust her Title VII and FEHA claims predicated on alleged harassment/hostile work environment or race-based mistreatment.

Nor does Plaintiff plausibly plead her disability-related claims under FEHA or the ADA because she fails to sufficiently describe her alleged disabilities or how those disabilities interfered with her ability to do her job, which are necessary elements in proving a prima face case of disability-discrimination under both statutes.  Because Plaintiff does not show she is a qualified individual, her claim for failure to accommodate likewise is insufficiently pled.  Similarly, because Plaintiff does not state how any proposed accommodations for her alleged disabilities would have allowed her to perform her job at Delta, her claim for failure to interact is not properly pled.

Plaintiff's claims for intentional infliction of emotional distress and negligent hiring, supervision, and retention are time-barred to the extent Plaintiff predicates such claims upon the alleged misconduct by Defendants Rangel and Tumpap.  These claims are subject to a two-year statute of limitations.  Because the allegations of misconduct by Rangel and Tumpap occur no later than November 2018, Plaintiff must have brought these claims by November 2020.  Since the FAC

was filed on December 28, 2020, these claims are time-barred.  Further, Plaintiff has failed to make a prima facie case for negligent hiring, supervision, and retention because the FAC fails to plead what particular risk or hazard Delta purportedly knew or should have known of when it hired Rangel and Tumpap that would have put Delta on notice of potential misconduct by Rangel or Tumpap before or after Delta hired them.

Plaintiff's FMLA and CFRA interference claims are not viable because Plaintiff has not pled facts demonstrating her entitlement to FMLA and CFRA benefits.  Even if sufficiently pleaded, her FMLA interference claims related to her 2018 FMLA requests are time-barred by the applicable two-year statute of limitations.  Because Plaintiff brought her FMLA interference claim based on her September and October 2018 requests after two years had passed, it is untimely.

Plaintiff alleges no facts with respect to her claim for aiding and abetting. Plaintiff further fails to allege any facts supporting her claim under Civil Code section 52.1 that Delta threatened physical violence or committed violence against her to prevent her from, or in retaliation for, exercising any of her rights under federal or state law.  Lastly, Plaintiff fails to plead a violation under Labor Code section 1102.5 because the FAC does not identify any alleged illegal activity Plaintiff brought to Delta's attention, which is a required element of a whistleblower retaliation claim.

Leave to amend should not be granted because, in three-hundred-and-ten paragraphs of allegations, Plaintiff cannot have anything to add that was not already contemplated and included.  Under these circumstances, the Court should exercise its discretion and deny leave to amend.  If leave to amend is granted, it should be given only to the extent Plaintiff can replead her claims consistent with Rules 8 and 11.

This motion is made following Delta's attempt to meet and confer with Plaintiff in accordance with Local Rule 7-3.  Delta sent Plaintiff a meet and confer

letter on February 5, 2021, but Plaintiff refused to meet and confer telephonically regarding Delta's anticipated motion to dismiss. This motion is based on this Notice of Motion and Motion to Dismiss; the accompanying Memorandum of Points and Authorities; the Declaration of Maureen N. Beckley; Delta's Request for Judicial Notice; Delta's [Proposed] Order; the files and records in this case; and any argument of counsel at the hearing on this matter.

Dated: February 22, 2021               MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Andrew P. Frederick*
Robert Jon Hendricks
Andrew P. Frederick
Maureen N. Beckley
Attorneys for Defendant
DELTA AIR LINES, INC.