1  MORGAN, LEWIS & BOCKIUS LLP
   Robert Jon Hendricks, Bar No. 179751
2  Maureen N. Beckley, Bar No. 316754
   Spear Street Tower
3  One Market
   San Francisco, California  94105
4  Telephone:  +1.415.442.1000
   Facsimile:   +1.415.442.1001
5  rj.hendricks@morganlewis.com
   maureen.beckley@morganlewis.com
6
   MORGAN, LEWIS & BOCKIUS LLP
7  Andrew P. Frederick, Bar No. 284832
   1400 Page Mill Road
8  Palo Alto, California  94304
   Telephone:  +1.650.843.4000
9  Facsimile:   +1.650.843.4001
   andrew.frederick@morganlewis.com
10
   Attorneys for Defendant
11 DELTA AIR LINES, INC.

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 ERIKA L. LEE,                          Case No. 2:20-CV-08754-CBM-JEM

16              Plaintiff,                **MEMORANDUM OF POINTS
                                          AND AUTHORITIES IN SUPPORT
17        v.                              OF DEFENDANT DELTA AIR
                                          LINES, INC.'S MOTION TO
18 DELTA AIR LINES INC., ASHLEY           DISMISS PLAINTIFF ERIKA
   RANGEL, JOSEPH TUMPAP, and             LEE'S AMENDED COMPLAINT
19 DOES 1 through 10,                     UNDER RULE 8 AND FAILURE
                                          TO STATE A CLAIM UNDER
20              Defendants.               RULE 12(b)(6)**

21                                        Date:       March 23, 2021
                                          Time:       10:00 a.m.
22                                        Courtroom:  8B
                                          Judge:      Hon. Consuelo Marshall
23
                                          Complaint Filed: September 21, 2020
24                                        FAC Filed:       December 28, 2020
                                          Trial Date:      None Set
25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................... 1

II.     PROCEDURAL AND FACTUAL BACKGROUND ................................. 2

III.    ARGUMENT ..................................................................... 4

    A.  The FAC Warrants Dismissal Because It Fails to Contain a Short and Plain Statement of the Claims Against Delta in Violation of Rule 8 ........................................................ 4

        1.  Rule 8 Pleading Standard ........................................ 4

        2.  Plaintiff Fails to Clearly and Concisely Identify the Nature of Each of Her Legal Claims. ..................... 5

        3.  The FAC Is an Improper Shotgun Pleading. ............ 6

    B.  Plaintiff's FAC Fails to State a Claim Under Rule 12(b)(6). .............. 8

        1.  Legal Standard ...................................................... 8

        2.  Plaintiff's State Law Claims Predicated Upon Conduct Outside California Fail Because California Law Does Not Apply to Extraterritorial Conduct. ................... 8

        3.  Plaintiff's Title VII and ADA Claims Are Time-Barred. ........ 12

        4.  Plaintiff Failed to Exhaust Her Hostile Work Environment and Race-Based Claims Under FEHA and Title VII. ................. 13

        5.  Plaintiff Fails to Plead a Failure-to-Prevent Claim. ................. 15

        6.  Plaintiff Fails to Plead Her Disability-Related Claims Under FEHA and the ADA ................................................ 15

        7.  Plaintiff's Tort Claims Are Time-Barred. ............................ 18

        8.  Plaintiff Fails to Plead a Negligent-Hiring Claim. ................. 19

        9.  Plaintiff Fails to Plead an FMLA/CFRA Interference Claim. ...... 19

        10. Plaintiff Fails to Plead a Claim for Aiding and Abetting ......... 21

        11. Plaintiff Fails to Plead a Claim Under Civil Code § 52.1 ........ 21

        12. Plaintiff Fails to Plead a Claim Under Labor Code § 1102.5 ...... 22

    C.  The Court Should Deny Leave to Amend. ......................... 22

IV.     CONCLUSION ................................................................ 23

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Am. Airlines, Inc.*,
    252 F. App'x 166 (9th Cir. 2007) ..................................................................... 14

*Anderson v. CRST Int'l., Inc.*,
    No. 14-cv-00368 DSF, 2015 WL 1487074 (C.D. Cal. Apr. 1, 2015),
    *aff'd on these grounds*, 685 F. App'x 524 (9th Cir. Mar. 24, 2017) .............. 9, 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 8, 20

*B.K.B. v. Maui Police Dep't.*,
    276 F.3d 1091 (9th Cir. 2002) ....................................................................... 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 4, 8

*Brundage v. Hahn*,
    57 Cal. App. 4th 228 (1997) ........................................................................... 15

*Buchanan v. NetJets Services, Inc.*,
    No. 5:18-cv-00812-EJD, 2018 WL 1933189
    (N.D. Cal. Apr. 24, 2018) ............................................................................... 10

*Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047
    (9th Cir. 2011) ........................................................................................ 5, 6, 23

*Campbell v. Arco Marine, Inc.*,
    42 Cal. App. 4th 1850 (1996) .......................................................................... 9

*Clayburn v. Schirmer*,
    No. CIV S-06-2182 ALA P, 2008 WL 564958
    (E.D. Cal. Feb. 28, 2008) ................................................................................. 5

*Ctr. for Bio-Ethical Reform, Inc. v. Irvine Co., LLC*,
    37 Cal. App. 5th 97 (2019) ............................................................................. 22

*Curry v. Kaiser Found. Hosps.*, No. 2:10–cv–2592–JAM–EFB PS,
    2013 WL 708746 (E.D. Cal. Feb. 26, 2013) ................................................... 15

*Del Thibodeau v. ADT Sec. Servs.*,
    No. 3:16-cv-02680-GPC-AGS, 2018 WL 637947
    (S.D. Cal. Jan. 31, 2018) ................................................................................ 22

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Doe v. Capital Cities*,
  50 Cal. App. 4th 1038 (1996) ................................................................. 19

*Doe v. Virgin Am., Inc.*,
  Case No. 18-cv-02420-DMR, 2018 WL 5291987
  (N.D. Cal. Oct. 22, 2018) ............................................................... 12, 19

*E.E.O.C. v. Yellow Freight Sys. Inc.*,
  253 F.3d 943 (7th Cir. 2001) ................................................................ 18

*Featherstone v. S. Cal. Permanente Med. Grp.*,
  10 Cal. App. 5th 1150 (2017) ............................................................... 15

*Gamble v. Kaiser Found. Health Plan, Inc.*,
  348 F. Supp. 3d 1003 (N.D. Cal. 2018) ................................................ 12

*Gonsalves v. Infosys Tech., LTD.*,
  No. 09-cv-04112-MHP, 2010 WL 1854146
  (N.D. Cal. May 6, 2010) ............................................................... 10, 12

*Green v. L.A. Cty. Superintendent. of Schs.*,
  883 F.2d 1472 (9th Cir. 1989) .............................................................. 13

*Gulaid v. CH2M Hill, Inc.*,
  No. 15-cv-04824-JST, 2016 WL 926974 (N.D. Cal. Mar. 10, 2016) .......... 9, 10, 12

*Hatch v. Reliance Ins. Co.*,
  758 F.2d 409 (9th Cir. 1985) .................................................................. 5

*Hill Street Health Servs. LLC v. County of L.A.*,
  No. CV 16–02486–BRO, 2016 WL 9453997
  (C.D. Cal. Aug. 11, 2016) ..................................................................... 7

*Jacobsen v. Filler*,
  790 F.2d 1362 (9th Cir. 1986) ................................................................ 5

*Jenkins v. Howard*,
  No. CV 18-7526 ODW (SS), 2019 WL 4391118
  (C.D. Cal. Apr. 17, 2019) .................................................................. 4, 5

*Kaldis v. Wells Fargo Bank, N.A.*,
  263 F. Supp. 3d 856 (C.D. Cal. 2017) .................................................. 18

*Kannan v. Apple Inc.*,
  No. 5:17-cv-07305-EJD, 2018 WL 3820857
  (N.D. Cal. Aug. 10, 2018) .................................................................. 16

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Knapp v. Hogan,*
    738 F.3d 1106 (9th Cir. 2013) .................................................................. 4

*Lauter v. Anoufrieva,*
    642 F. Supp. 2d 1060 (C.D. Cal. 2009) .................................................. 18

*Leatherbury v. C&H Sugar Co., Inc.,*
    911 F. Supp. 2d 872 (N.D. Cal. 2012) .................................................... 16

*Love v. Motion Indus., Inc.,*
    309 F. Supp. 2d 1128 (N.D. Cal. 2004) ................................................. 22

*Magluta v. Samples,*
    256 F.3d 1282 (11th Cir. 2001) .............................................................. 7

*Makor v. BNSF Ry. Co.,*
    No. 14-00671-VAP, 2015 WL 13344903 (C.D. Cal. Mar. 20, 2015) ......... 17

*Martin v. Lockheed Missiles & Space Co.,*
    29 Cal. App. 4th 1718 (1994) ................................................................. 13

*McCann v. Foster Wheeler LLC,*
    48 Cal. 4th 68 (2010) .............................................................................. 9

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996) .............................................................. 4, 6

*Moss v. U.S. Secret Serv.,*
    572 F.3d 962 (9th Cir. 2009) ................................................................. 20

*N. Alaska Salmon Co. v. Pillsbury,*
    174 Cal. 1 (1916) ..................................................................................... 8

*Nace v. G4S Secure Sols. (USA) Inc.,*
    No. 18-cv-03132-YGR, 2018 WL 3777567
    (N.D. Cal. Aug. 9, 2018) ......................................................................... 5

*Okoli v. Lockheed Tech. Operations Co.,*
    36 Cal. App. 4th 1607 (1995) ........................................................... 13, 14

*Olson v. United States by and through Dep't of Energy,*
    980 F.3d 1334 (9th Cir. 2020) ................................................................ 21

*Palma v. County of Stanislaus,*
    No. 1:17–CV–0819 AWI EPG,
    2017 WL 6513282 (E.D. Cal. Dec. 20, 2017) ..................................... 16, 17

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Patten v. Grant Joint Union High Sch. Dist.*,
    134 Cal. App. 4th 1378 (2005)...................................................................22

*Payan v. Aramark Mgmt. Servs.*,
    495 F.3d 1119 (9th Cir. 2007)...................................................................13

*Phomethevy v. WinCo Holdings, Inc.*,
    No. 2:19-cv-00041-KJM-CKD, 2019 WL 3067105
    (N.D. Cal. July 12, 2019) .........................................................................16

*Rulenz v. Ford Motor Co.*,
    No. 10-cv-01791-GPC-MDD, 2013 WL 2181241
    (S.D. Cal. May 20, 2013) ...................................................9, 10, 11, 12

*Russo v. APL Marine Servs., Ltd.*,
    135 F. Supp. 3d 1089 (C.D. Cal. 2015)....................................................10

*Sanders v. City of Newport*,
    657 F.3d 772 (9th Cir. 2011) ....................................................................20

*Scotch v. Art Inst. of Cal.*,
    173 Cal. App. 4th 986 (2009)....................................................................17

*Scott v. Gino Morena Enters., LLC*,
    888 F.3d 1101 (9th Cir. 2018)...................................................................12

*Smith v. Constellation Brands, Inc.*,
    725 F. App'x 504 (9th Cir. 2018)........................................................16, 17

*Smith v. Oreol*,
    No. EDCV 17–1135–JFW (KK), 2017 WL 2662467
    (C.D. Cal. June 20, 2017) .......................................................................4, 5

*Snead v. Metro. Prop. & Cas. Ins. Co.*,
    237 F.3d 1080 (9th Cir. 2001) ..................................................................15

*Sollberger v. Wachovia Sec., LLC*,
    No. SACV 09–0766 AG (ANx), 2010 WL 2674456
    (C.D. Cal. June 30, 2010) ...........................................................................7

*Somers v. Dig. Realty Tr. Inc.*,
    No. 14-cv-05180-EMC 2018 WL 3730469
    (N.D. Cal. Aug. 6, 2018) ..........................................................................22

*Soria v. Univision Radio L.A., Inc.*,
    5 Cal. App. 5th 570 (2016).......................................................................20

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Sullivan v. Oracle Corp.*,
   51 Cal. 4th 1191 (2011) ........................................................................ 9

*Sun Printing & Publ'g Ass'n v. Edwards*,
   194 U.S. 377 (1904) ............................................................................. 9

*U.S. Equal Emp't Opportunity Comm'n v. PC Iron, Inc.*,
   316 F. Supp. 3d 1221 (S.D. Cal. 2018) ............................................... 15

*Wilburn v. Bratcher*,
   No. 2:15-cv-00699-TLN-GGH, 2015 WL 9490242 (E.D. Cal. Dec.
   30, 2015), *R&R adopted*, 2016 WL 1268046
   (E.D. Cal. Mar. 31, 2016) ..................................................................... 7

*Yeager v. Corr. Corp. of Am.*,
   944 F. Supp. 2d 913 (E.D. Cal. 2013) ................................................. 15

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ....................................................... 17, 18

**STATUTES**

29 U.S.C.
   § 2617(c)(1) ....................................................................................... 20
   § 2617(c)(2) ....................................................................................... 20

ADA (Americans with Disabilities Act) ............................................... *passim*

ADEA (Age Discrimination in Employment Act of 1967) ................... 12, 13

Cal. Civ. Code
   § 52.1 .................................................................................. 2, 3, 21, 22

Cal. Civ. Proc. Code
   § 335.1 ............................................................................................... 18

Cal. Lab. Code
   § 1102.5 ..................................................................................... 2, 3, 22

CFRA (California Family Rights Act) .............................................. 3, 19, 20

Civil Rights Act of 1964
   § 1981 .................................................................................................. 3
   tit. VII .............................................................................................. *passim*

FEHA (California Fair Employment and Housing Act) ........................ *passim*

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

FMLA (Family and Medical Leave Act).............................................................*passim*

**RULES**

Fed. R. Civ. P.
    8 ....................................................................................................................*passim*
    12(b)(6)........................................................................................................*passim*
    12(f) ......................................................................................................................... 3
    56 ............................................................................................................................. 3

United States District Court, Central District Local Rule
    7-3 ...................................................................................................................... 3, 4
    11-3 .................................................................................................................... 1, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pro Se Plaintiff Erika Lee's ("Lee" or "Plaintiff") sprawling fifty-four-page, 310-paragraph First Amended Complaint ("FAC") merits dismissal because Plaintiff fails to plead a "short and plain statement" of her legal claims showing she is entitled to relief against Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), as required by Federal Rule of Civil Procedure ("FRCP") Rule 8.[1] The FAC is meandering, repetitive, and unwieldly, and Plaintiff fails to link any of her purported factual allegations, many of which are legal conclusions, to her legal claims.  Rather, she pleads 200 paragraphs, spanning about twenty-five pages, in a section titled "Facts Common to All Causes of Action" and then for each claim incorporates all of these 200 paragraphs by reference.  This improper "shotgun pleading" approach makes it impossible for Delta to determine which allegations correspond to which claims for relief and, as such, the FAC fails to clearly and succinctly put Delta on notice of Plaintiff's claims against it.  The FAC therefore should be dismissed in its entirety for violating Rule 8's short and plain statement requirement.

Furthermore, Plaintiff fails to state any plausible claim for relief in the FAC, which makes the FAC subject to dismissal under Rule 12(b)(6).  Plaintiff seeks relief under California law for alleged conduct that occurred since December 2018, but she has not pled any facts establishing a nexus between California and the alleged conduct.  Plaintiff omits from the FAC that she transferred to an airport outside California in December 2018, and that all allegations thereafter took place outside California.  Because California law cannot be applied extraterritorially, Plaintiff's state law claims predicated upon alleged conduct occurring since December 2018 fail as a matter of law.

---

[1] Had Plaintiff conformed the FAC to this district's formatting requirements under Local Rule 11-3, the FAC would have exceeded 100 pages.

Plaintiff's federal and California law claims are subject to dismissal for additional, independent reasons. Plaintiff's Title VII of the Civil Rights Act of 1964 ("Title VII") and Americans with Disabilities Act ("ADA") claims are time-barred because she failed to initiate this action within the ninety-day deadline to file a civil lawsuit after receiving her right-to-sue notice. She also failed to exhaust her administrative requirements under Title VII and California Fair Employment and Housing Act ("FEHA") for her harassment/hostile work environment and race-related mistreatment claims. Nor does Plaintiff allege sufficient facts to support her disability-related claims under the ADA and FEHA. In addition, Plaintiff's claims for intentional infliction of emotional distress and negligent hiring fail because they are time-barred. Lastly, Plaintiff has failed to plead sufficient facts to support many of her claims in the FAC, including her claims for negligent hiring, Family and Medical Leave Act ("FMLA")/California Family Rights Act ("CFRA") interference, and aiding and abetting, and her claims under Civil Code section 52.1 and Labor Code section 1102.5.

Accordingly, for these reasons, more fully described below, Delta requests that the Court grant its motion to dismiss under Rules 8 and 12(b)(6) and dismiss Plaintiff's FAC in its entirety and with prejudice.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff initiated this action on September 21, 2020 by filing a complaint against Defendants Delta, Ashley Rangel, and Joseph Tumpap alleging violations under Title VII of the Civil Rights Act of 1963 ("Title VII"), 42 U.S.C. § 1981 ("section 1981"), Fair Employment and Housing Act ("FEHA"), and Americans with Disabilities Act ("ADA") arising out of her employment with Delta. ECF No. 1. On December 8, 2020, the Court ordered Plaintiff to show cause no later than February 5, 2021 why the action should not be dismissed for lack of prosecution due to Plaintiff's failure to serve the initial complaint on Defendants. ECF No. 9. On December 28, 2020, Plaintiff filed her FAC alleging against Defendants

violations under Title VII, FEHA, ADA, and section 1981 on the bases of Plaintiff's race, color, disability, and sex.  ECF No. 11.  In the FAC, Plaintiff attempts to plead the following claims for (1) Discrimination; (2) Hostile Work Environment; (3) Retaliation; (4) Failure to Prevent Discrimination, Harassment, and Retaliation; (5) Intentional Infliction of Emotional Distress ("IIED"); (6) Negligent Hiring, Supervision, and Retention; (7) Violations of Title VII; (8) Race Discrimination under section 1981; (9) Failure to Interact; (10) Failure to Accommodate; (11) Interference with CFRA and FMLA Rights; (12) Aiding and Abetting; (13) Violation of Civil Code section 52.1; and (14) Violation of Civil Code section 1102.5.  ECF No. 11.

On January 6, 2021, Delta filed an ex parte application for an order setting a pleading schedule with accepted service as of January 6, 2021, and precluding discovery and Rule 56 motions until the case management conference.  ECF No. 16.  On January 11, 2021, the Court granted Delta's ex parte application, finding Plaintiff's service on Delta was improper because no summons had been issued in the action and that Plaintiff's motion for summary judgment and/or adjudication was premature.  ECF No. 19.  The Court ordered Delta to respond to Plaintiff's FAC no later than February 22, 2021 and dismissed her motion for summary judgment and/or adjudication without prejudice.[2]  *Id.*

On January 29, 2021, Plaintiff unsuccessfully moved to strike Delta's ex parte application after it had already been granted (ECF No. 20), which the court denied on the grounds that a Rule 12(f) motion is not a basis for striking an ex parte application.  ECF No. 21.

On February 5, 2021, pursuant to the meet-and-confer obligations under Local Rule 7-3, Delta emailed Plaintiff a letter describing the deficiencies of her FAC and that Delta intended to file this Motion, and requested Plaintiff provide her

---

[2] This Motion to Dismiss is brought solely on behalf of Delta.  Individual defendants Rangel and Tumpap have not yet been served with the summons and complaint.

availability to meet and confer via telephone.  *See* Declaration of Maureen N. Beckley ("Beckley Decl."), ¶ 2, Ex. A.  In response, Plaintiff threatened Delta and Defense Counsel with a motion for sanctions on the grounds that the motion to dismiss was untimely, ignoring the Court's January 11, 2021 order setting the February 22, 2021 response deadline.  *Id.*, ¶ 3, Ex. B; ECF No. 19.  Plaintiff further stated—incorrectly—that because she believed Delta's motion to be frivolous, she had no obligation to meet and confer under Local Rule 7-3.

Delta now brings this Motion in accordance with Rules 8 and 12(b)(6) and Local Rule 7-3.

## III. <u>ARGUMENT</u>

### A. <u>The FAC Warrants Dismissal Because It Fails to Contain a Short and Plain Statement of the Claims Against Delta in Violation of Rule 8</u>

#### 1. <u>Rule 8 Pleading Standard</u>

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  *Id.* at (d)(1).  A complaint is sufficient if it gives the defendant "fair notice of what the claim is . . . and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Rule 8 may be violated not only when a pleading 'says *too little*,' but also 'when a pleading says *too much*.'"  *Jenkins v. Howard*, No. CV 18-7526 ODW (SS), 2019 WL 4391118, at *3 (C.D. Cal. Apr. 17, 2019) (quoting *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013)).  "Violations of this Rule warrant dismissal."  *Knapp*, 738 F.3d at 1109.  "A complaint may be dismissed for violating Rule 8 even if 'a few possible claims' can be identified and the complaint is not 'wholly without merit.'"  *Smith v. Oreol*, No. EDCV 17–1135–JFW (KK), 2017 WL 2662467, at *2-3 (C.D. Cal. June 20, 2017) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)).

2.  **Plaintiff Fails to Clearly and Concisely Identify the Nature of Each of Her Legal Claims.**

Plaintiff's FAC violates Rule 8's short and plain statement requirement.[3] The FAC is an unwieldy fifty-four pages consisting of over 300 single-spaced paragraphs of scattershot allegations.  Complaints, such as the FAC, that contain factual allegations that are "buried in a needlessly lengthy and rambling narrative that does not clearly and concisely identify the nature of each of Plaintiff's legal claims, the specific facts giving rise to each claim, and the specific conduct of each Defendant or Defendants against whom each claim is brought" violate Rule 8's short and plain statement requirement. *Jenkins*, 2019 WL 439118, at *3; *see also id.* (dismissing a pro se plaintiff's complaint that included seventy pages of exhibits); *Smith*, 2017 WL 2662467, at *2-3 (dismissing a pro se plaintiff's 250-page complaint); *Clayburn v. Schirmer*, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (dismissing pro se plaintiff's complaint under Rule 8 and explaining that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").  Although "verbosity or length is not by itself a basis for dismissing a complaint," no court has held "that a pleading may be of unlimited length and opacity." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1058 (9th Cir. 2011) (recognizing "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern plaintiff's claims and allegations"); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (finding that the district court did not abuse its discretion when it dismissed plaintiff's seventy-page complaint).

---

[3] The fact that Plaintiff is proceeding pro se does not alter the pleading standard required for the FAC.  "[*P*]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *see also Nace v. G4S Secure Sols. (USA) Inc.*, No. 18-cv-03132-YGR, 2018 WL 3777567, at *2 (N.D. Cal. Aug. 9, 2018) ("*Pro se* pleadings must satisfy the same standard.").

In *McHenry*, the Ninth Circuit affirmed the trial court's dismissal of a fifty-three-page complaint, recognizing the complaint was insufficient to provide the defendants with notice of the claims against them.  84 F.3d at 1180.  There, the original thirty-five-page complaint was amended twice, resulting in a fifty-three-page third amended complaint that the district court ultimately dismissed with prejudice because it "presented long-winded tales of [misconduct], but failed to properly notify the individual defendants of the legal claims they faced."  *Id.* at 1176-179.  The Ninth Circuit agreed with the trial court, recognizing that:

> prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.  As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what.

*Id.* at 1179-80.

Here, Plaintiff's FAC likewise presents a "long-winded tale" that is conclusory, meandering, verbose, and repetitive, and that fails to clearly and concisely identify the nature of each of Plaintiff's legal claims against Delta, as required by Rule 8.  Plaintiff's fifty-four-page FAC fails to conform to this district's formatting requirements under Local Rule 11-3, and consists of single-spaced allegations at less than fourteen-point font, far exceeding the twenty-eight lines per page limit.  As a result, Plaintiff's fifty-four-page FAC is equal to a 100-plus page complaint of appropriately sized and spaced text.  Forcing Delta to sift through Plaintiff's 300-plus paragraphs of haphazardly pled allegations to distill the most salient and pertinent allegations is an "onerous task," unduly burdensome, and prejudicial.  *Cafasso*, 637 F.3d at 1059 (a several-hundred-page pleading prejudices defendants, shows bad faith on the movant, and is grounds to deny leave to amend); *McHenry*, 84 F.3d at 1179-80.  In short, the FAC fails to comply with Rule 8's short and plain statement requirement.

### 3.   The FAC Is an Improper Shotgun Pleading.

Furthermore, Plaintiff lumps all of her purported factual allegations, many of

which are legal conclusions, into "Facts Common to All Causes of Action."  This section of the FAC consists of about 200 paragraphs and spans about twenty-five pages.  For each cause of action, Plaintiff then incorporates by reference all of these purported facts.  The FAC therefore constitutes an improper "shotgun pleading," a further violation of Rule 8's short and plain statement requirement. *Wilburn v. Bratcher*, No. 2:15-cv-00699-TLN-GGH, 2015 WL 9490242, at *9 (E.D. Cal. Dec. 30, 2015), *R&R adopted*, 2016 WL 1268046 (E.D. Cal. Mar. 31, 2016).  "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Id.*  "One common type of shotgun pleading is where the plaintiff recites a collection of general allegations toward the beginning of the complaint, and then each count incorporates every antecedent allegation by reference." *Id.* (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)); *see also Hill Street Health Servs. LLC v. County of L.A.*, No. CV 16–02486–BRO (AFMx), 2016 WL 9453997, at *3 n.4 (C.D. Cal. Aug. 11, 2016) ("Plaintiff's FAC may be considered an improper shotgun pleading . . . as it is unclear which facts from Plaintiff's FAC support which of Plaintiff's causes of action and both Defendant and the Court had to carefully parse Plaintiff's FAC to even determine what constitutional claims Plaintiff is alleging.").  "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta*, 256 F.3d at 1284; *see also Sollberger v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (describing shotgun pleadings as "unacceptable" and explaining that "experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice").

1  The practical and prejudicial effect of Plaintiff's shotgun pleading tactic is
2  that Delta cannot ascertain which allegations support which causes of action.  The
3  burden under Rule 8 is on the plaintiff to make clear the nature of the allegations
4  against the defendant, not the other way around.  Delta should not be required to
5  guess as to the factual basis for each separately pled cause of action in the FAC.
6  That is the very reason for Rule 8's short and plain statement requirement.  Rather,
7  Plaintiff must make the factual premise for each legal claim clear from the face of
8  the FAC, which she has failed to do.

9  For all of these reasons, the FAC fails to provide a short and plain statement
10 of the legal claims against Delta and therefore violates Rule 8.  The FAC therefore
11 should be dismissed in its entirety.

12  **B.**   **Plaintiff's FAC Fails to State a Claim Under Rule 12(b)(6).**

13       **1.**   **Legal Standard**

14  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain
15 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
16 on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550
17 U.S. at 570).  "[L]egal conclusion[s] couched as . . . factual allegation[s]" and
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere
19 conclusory statements" need not be presumed true for purposes of a motion to
20 dismiss.  *Id.*  "A pleading that offers 'labels and conclusions' or 'a formulaic
21 recitation of the elements of a cause of action will not do.'  Nor does a complaint
22 suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id.*
23 (quoting *Twombly*, 550 U.S. at 555, 557) (internal brackets omitted).

24       **2.**   **Plaintiff's State Law Claims Predicated Upon Conduct
25            Outside California Fail Because California Law Does Not
                 Apply to Extraterritorial Conduct.**

26  Plaintiff's California claims predicated upon activity occurring outside
27 California must be dismissed under the basic presumption against the
28 extraterritorial application of California law.  *N. Alaska Salmon Co. v. Pillsbury*,

174 Cal. 1, 4 (1916) ("Ordinarily the statutes of a state have no force beyond its boundaries."); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) ("[W]e presume the Legislature did not intend a statute to be 'operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.").  California law cannot be applied to any alleged misconduct that occurred outside of California.  *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 76 (2010) (affording limited weight to California's interest where the alleged misconduct occurred in another state, while plaintiff was in another state, even if plaintiff is a current California resident).

California courts have repeatedly held that FEHA cannot be "applied to conduct that occurred outside of California, to a plaintiff who was a non-resident of California, and which involved no participation by any corporate officer in the Defendant company's California headquarters."  *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858 (1996).  Federal courts in California have applied this extraterritoriality rule even if the plaintiff is a California resident.[4]  *See, e.g.*, *Rulenz v. Ford Motor Co.*, No. 10-cv-01791-GPC-MDD, 2013 WL 2181241, at *3 (S.D. Cal. May 20, 2013) (finding that, even though the plaintiff alleged that she was a California resident, she worked in Nevada and her employment was terminated in Nevada, so her alleged "California residency [was] insufficient to defeat the presumption against extraterritorial application of FEHA"); *Anderson v. CRST Int'l., Inc.*, No. 14-cv-00368 DSF (MANx), 2015 WL 1487074, at *5 (C.D. Cal. Apr. 1, 2015) (holding that the concept of extraterritoriality applies "regardless of the plaintiff's residency"), *aff'd on these grounds*, 685 F. App'x 524 (9th Cir. Mar. 24, 2017); *Gulaid v. CH2M Hill, Inc.*, No. 15-cv-04824-JST, 2016 WL 926974, at

---

[4] Plaintiff improperly alleges she is simultaneously domiciled in both New York and California.  FAC, ¶ 1.  *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904) (finding it is impossible for a plaintiff to have been a citizen of more than one state for purposes of diversity jurisdiction).

1  *1, *4 (N.D. Cal. Mar. 10, 2016) (explaining that "[c]ourts in this circuit have

2  applied this extraterritoriality rule even if the plaintiff is a California resident" and

3  finding that the plaintiff, an alleged California resident, did not plead any plausible

4  claims under FEHA); *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089,

5  1094 (C.D. Cal. 2015) (finding that FEHA did not cover the plaintiff even though

6  she was a California resident).

7       To state plausible claims under California law, California courts have

8  required plaintiffs to "identify the *specific* California-based conduct that was

9  connected to the alleged discriminatory conduct." *Gulaid*, 2016 WL 926974 at *4

10  (emphasis added).  For example, in *Gulaid*, the court dismissed FEHA claims

11  where the plaintiff did not "allege that any of this conduct was connected to

12  Defendant's California-based activities or that any California employee participated

13  in or authorized the conduct." *Id.*  Similarly, in *Buchanan v. NetJets Services, Inc.*,

14  the court held that the plaintiff's disability-related FEHA claims were barred even

15  though he was hired in California and was injured in California, because the

16  plaintiff did not allege that any of the tortious conduct occurred in California or that

17  any California-based employee of the defendant participated in or ratified the

18  alleged wrongful conduct.  No. 5:18-cv-00812-EJD, 2018 WL 1933189, at *2-3

19  (N.D. Cal. Apr. 24, 2018) ("There are insufficient facts alleged to establish that a

20  California-based employee participated in or ratified the alleged wrongful conduct;

21  as a result, there are insufficient facts to support an extraterritorial application of

22  FEHA."); *see also Gonsalves v. Infosys Tech., LTD.*, No. 09-cv-04112-MHP, 2010

23  WL 1854146, at *6 (N.D. Cal. May 6, 2010) (dismissing the plaintiff's FEHA and

24  wrongful termination claims on the basis that he failed to plead "a factual nexus

25  between [Defendant's] California-based activities and the alleged discriminatory

26  conduct").  In *Rulenz*, the court dismissed FEHA claims where the plaintiff was a

27  California resident at all times but worked in Nevada and had her employment

28  terminated in Nevada.  2013 WL 2181241 at *3-5.  Specifically, the court held that,

1  "to properly plead a FEHA claim, a plaintiff must sufficiently allege the tortious

2  conduct occurred in the state of California." *Id.* at *3.

3      Per the foregoing authority, Plaintiff has the burden to plead facts showing

4  that California law applies to her claims.  Yet, Plaintiff has failed to meet this

5  burden.  Indeed, she omits facts that would otherwise indicate that all the alleged

6  misconduct occurring since December 2018 took place entirely outside California.

7  For example, Plaintiff alleges that she was granted a transfer to another airport in

8  December 2018, yet omits where her new assignment was located.  FAC, ¶¶ 137-

9  39.  However, in Plaintiff's Exhibit 2 to the FAC, in an October 31, 2018 email

10  from Defendant Rangel to Plaintiff, Rangel mentions that she will look into the

11  status of Plaintiff's application with JFK (a New York airport).  *See* FAC, Ex. 2, p.

12  2.  In addition, the June 5, 2020 Department of Fair Employment and Housing

13  ("DFEH") Closure Determination identifies that Plaintiff transferred to LaGuardia

14  Airport in New York effective December 1, 2018.  Request for Judicial Notice

15  ("RJN"), Ex. 1.  Together with Plaintiff's New York domicile (FAC, ¶ 1), and the

16  multiple allegations emphasizing her interest in transferring to a New York airport

17  (FAC, ¶¶ 55, 56), Plaintiff's ties to California after she received her transfer in

18  December 2018 appear tenuous, if not non-existent.  As another example, Plaintiff

19  makes numerous allegations of misconduct by Bernadette Kamasi, her post-transfer

20  Supervisor/Manager.  FAC, ¶¶ 139-52, 168-71.  Curiously, Plaintiff named Rangel

21  and Tumpap as defendants in this action, and clearly identified their California

22  connections throughout the FAC, but omitted naming Kamasi as a defendant or

23  identifying where she lived or at which airport she worked.

24      Plaintiff has no trouble connecting her October and November 2018–related

25  allegations to California.  *See, e.g.*, FAC, ¶¶ 61-64, 70-71, 79, 81 (describing events

26  at LAX airport).  In contrast, Plaintiff neglects to demonstrate the same level of

27  specificity as to the alleged misconduct occurring since December 2018 and does

28  not connect these allegations to any specific location.  *See, e.g.*, FAC, ¶¶ 11, 72, 75,

76, 115, 137, 140-52.  When the California connection to her 2018-based claims is so specifically alleged, the only conclusion as for why such specificity is lacking as to her allegations since December 2018 is that such activity must have taken place outside of California.

For these reasons, Plaintiff has failed to plead a plausible violation of California law for alleged conduct occurring since December 1, 2018.  *See, e.g.*, *Rulenz*, 2013 WL 2181241, at *5 (finding that the plaintiff had "not sufficiently stated a claim under the FEHA" even though she resided in California because she "failed to state the injurious conduct took place in California"); *Anderson*, 2015 WL 1487074, at *5 (finding that because the "alleged misconduct occurred outside of California" the FEHA claim was not viable).  *Rulenz*, *Gulaid*, *Buchanan*, *Gonsalves*, and the weight of California authority require that the Court dismiss Plaintiff's California claims predicated on alleged conduct occurring after December 1, 2018 because she has failed to plead any California-connection to these allegations.  *Doe v. Virgin Am., Inc.*, Case No. 18-cv-02420-DMR, 2018 WL 5291987, at *6 (N.D. Cal. Oct. 22, 2018) (dismissing California claims where complaint fails to allege any specific California-based conduct).  These claims should be dismissed, and Plaintiff should only be given leave to amend to replead such claims to the extent that they can be properly plead consistent with Rule 11.

### 3.   Plaintiff's Title VII and ADA Claims Are Time-Barred.

A plaintiff must bring her Title VII and ADA claims within ninety days of receipt of a right-to-sue letter.  *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1108 (9th Cir. 2018); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1022 (N.D. Cal. 2018).  In *Gamble*, the plaintiff received a right-to-sue letter from the DFEH on August 10, 2015 and filed her original complaint alleging claims under FEHA 364 days later.  *Id.*  Thereafter, she amended her complaint to include claims under Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA").  *Id.*  The court held that such claims were time-barred because she did

1   not bring them within ninety days after receiving her right-to-sue notice.  *Id.*

2   Here, Plaintiff alleges that she received her "DFEH/EEOC right to sue notice

3   on or around June 19, 2020."  FAC, p. 2 of 54.  Thus, Plaintiff had until September

4   17, 2020 to bring her claims, yet she did not file her initiating complaint alleging

5   Title VII and ADA violations until September 21, 2020.[5]  Accordingly, Plaintiff's

6   Title VII and ADA claims are untimely and should be dismissed with prejudice.

7   **4.**   **Plaintiff Failed to Exhaust Her Hostile Work Environment and Race-Based Claims Under FEHA and Title VII.**

8

9   Not only did Plaintiff fail to timely bring her claims under Title VII, she also

10   failed to exhaust her purported Title VII and FEHA claims predicated on alleged

11   harassment/hostile work environment or race-based mistreatment.  *See, e.g.*, *B.K.B.*

12   *v. Maui Police Dep't.*, 276 F.3d 1091, 1100 (9th Cir. 2002) ("Allegations of

13   discrimination not included in the plaintiff's administrative charge may not be

14   considered by a federal court unless the new claims are like or reasonably related to

15   the allegations contained in the EEOC charge.") (quoting *Green v. L.A. Cty.*

16   *Superintendent. of Schs.*, 883 F.2d 1472, 1475 (9th Cir. 1989)); *Okoli v. Lockheed*

17   *Tech. Operations Co.*, 36 Cal. App. 4th 1607 (1995) (adopting similar standard for

18   DFEH charges).  As the California Court of Appeals noted in *Okoli*:

19   > [T]o exhaust his or her administrative remedies as to a particular act made unlawful the Fair Employment and Housing Act, the claimant must specify *that* act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts.

20

21

22   *Okoli*, 36 Cal. App. 4th at 1613 (citing *Martin v. Lockheed Missiles & Space Co.*,

23   29 Cal. App. 4th 1718, 1724 (1994)).  For a court to consider any claim for relief

24

25   _____

    [5] Even if Plaintiff had not pled a date certain in her Complaint for receipt of the
26   DFEH/EEOC right-to-sue notice, the Ninth Circuit presumes that a notice is received within three days of the notice's issuance.  *Payan v. Aramark Mgmt.*
27   *Servs.*, 495 F.3d 1119, 1122-23 (9th Cir. 2007).  Here, that would mean receipt by June 20, 2020, given that the notice was issued on June 17, 2020, *see* ECF No. 1, p.
28   12 of 16.  Plaintiff thus would have had to file her complaint by September 18, 2020, which she did not do.

based on events brought in the complaint that were not listed in the charge, the allegations in the complaint must be "like or reasonably related" to the allegations of the charge. *Id.* at 1614. However, "the expansion of the complaint" is not supported "when the difference between the charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination." *Id.* at 1615. "[A] complaint alleging race discrimination is neither like or related to nor likely to be discovered in a reasonable investigation of a charge of sex discrimination." *Id.*; *see also Anderson v. Am. Airlines, Inc.*, 252 F. App'x 166, 168 (9th Cir. 2007) (finding that the plaintiff's "national origin discrimination, retaliation, and harassment charges" were not "reasonably" related to her "claim of retaliation for taking medical leave").

Here, the administrative complaint filed by Plaintiff only alleges disability and gender/sex discrimination and retaliation. RJN, Ex. 2. Specifically, Plaintiff alleged that she (1) was denied a hardship transfer to New York because she had requested a disability-related accommodation and participated as a witness in a discrimination case, (2) was denied a reasonable disability-related accommodation, and (3) was not allowed to swap shifts, call out sick, or bid for shifts because of her request for a disability-related accommodation and participation as a witness in a discrimination case, and because of her sex/gender. *Id.* The complaint, however, says *nothing* about alleged race discrimination or harassment/hostile work environment. Nor are these allegations like or reasonably related to the allegations actually contained in the EEOC/DFEH charge.

Accordingly, the scope of Plaintiff's EEOC/DFEH charge is limited to disability and gender/sex-based allegations of discrimination and retaliation. All other claims for alleged FEHA and Title VII violations, specifically Plaintiff's harassment/hostile work environment and race-related FEHA and Title VII claims pled in the first, second, third, fourth, and seventh causes of action, should be dismissed for failure to exhaust administrative remedies.

5. **Plaintiff Fails to Plead a Failure-to-Prevent Claim.**

Because Plaintiff's Title VII, Harassment/Hostile Work Environment, and race-based FEHA claims fail as a matter of law, Plaintiff's derivative fourth claim for failure to prevent discrimination, harassment, and retaliation based on these underlying claims likewise fails.  *See, e.g.*, *U.S. Equal Emp't Opportunity Comm'n v. PC Iron, Inc.*, 316 F. Supp. 3d 1221, 1228 (S.D. Cal. 2018) (finding that where an underlying statutory claim is time-barred, so too is the derivative failure-to-prevent claim); *Curry v. Kaiser Found. Hosps.*, No. 2:10–cv–2592–JAM–EFB PS, 2013 WL 708746, at *8 (E.D. Cal. Feb. 26, 2013) (where Title VII claim fails, so do its derivative claims); *Featherstone v. S. Cal. Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1166 (2017) (derivative failure-to-prevent claim cannot survive if the underlying discrimination claim fails).

6. **Plaintiff Fails to Plead Her Disability-Related Claims Under FEHA and the ADA.**

In her first, ninth, and tenth claims for disability discrimination, failure to interact, and failure to accommodate under FEHA and the ADA, Plaintiff does not plead plausible claims because she has failed to sufficiently describe her alleged disabilities or how those disabilities interfered with her ability to do her job, and because the accommodations proposed would not have accommodated her alleged disabilities.

To adequately plead a cause of action for disability discrimination under FEHA, Plaintiff must allege facts sufficient to prove (1) that she suffers from a disability covered by FEHA; (2) that she could perform the essential duties of the job with or without reasonable accommodations; and (3) that Delta subjected her to an adverse employment decision because of her disability.  *Yeager v. Corr. Corp. of Am.*, 944 F. Supp. 2d 913, 925 (E.D. Cal. 2013); *Brundage v. Hahn*, 57 Cal. App. 4th 228, 236 (1997).  Plaintiff must prove the same elements to plead a prima facie case of disability discrimination under the ADA.  *Snead v. Metro. Prop. & Cas. Ins.*

*Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) ("to establish a prima facie case of discrimination under the ADA [Plaintiff] must show that she: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of her disability").

Here, Plaintiff describes her alleged disabilities as a "mobility impairment" and "depression." *See, e.g.*, FAC. ¶¶ 8, 13, 30, 32, 176, 177, 184. Yet, throughout her FAC, Plaintiff fails to allege facts that she could perform her job duties with or without reasonable accommodation considering these alleged disabilities, as required to assert a prima facie case of disability discrimination. *Smith v. Constellation Brands, Inc.*, 725 F. App'x 504, 506 (9th Cir. 2018) ("Because an assessment must be made to determine how, if at all, the [injury] affects the specific employee, a plaintiff must sufficiently plead how her disability limits her ability to work." (affirming dismissal of plaintiff's FEHA claims because she made no allegations how her alleged disability affected her ability to work)); *Leatherbury v. C&H Sugar Co., Inc.*, 911 F. Supp. 2d 872, 880-881 (N.D. Cal. 2012) (plaintiff did not make a prima facie showing of disability under FEHA because he failed to show how his medical condition interfered with his ability to perform his job duties); *Phomethevy v. WinCo Holdings, Inc.*, No. 2:19-cv-00041-KJM-CKD, 2019 WL 3067105, *3 (N.D. Cal. July 12, 2019) (granting motion to dismiss on the basis that simply alleging a back injury without demonstrating how it affects a major life activity is insufficient to show disability under FEHA); *Palma v. County of Stanislaus*, No. 1:17–CV–0819 AWI EPG, 2017 WL 6513282, at *5 (E.D. Cal. Dec. 20, 2017) (dismissing plaintiff's FEHA claim for failing to allege "what the essential functions of the job would have been, as distinguished from the job's marginal functions, and whether Plaintiff" could perform those tasks); *Kannan v. Apple Inc.*, No. 5:17-cv-07305-EJD, 2018 WL 3820857, at *5 (N.D. Cal. Aug. 10, 2018) (finding plaintiff failed to allege a disability by not making specific allegations regarding the essential functions of his job and whether he could

perform those functions).  In *Palma*, the court held that a plaintiff must provide facts that "meaningfully describe the position's essential functions" or plaintiff's "ability to perform them."  2017 WL 6513282 at *5.  Plaintiff's FAC fails to plead these requirements beyond a conclusory statement that "Plaintiff was able to perform all of the essential functions of her position with or without a reasonable accommodation." FAC ¶ 181.  Indeed, Plaintiff does not describe the job duties she performs at all.

Because Plaintiff has failed to establish she was a qualified individual and able to perform the essential duties of her job with or without accommodation, Plaintiff's failure to accommodate claim should also be dismissed.  *Smith*, 725 F. App'x at 506 (affirming dismissal of plaintiff's claims for failure to accommodate on the basis that she failed to demonstrate how her alleged medical condition impacted her ability to work); *Makor v. BNSF Ry. Co.*, No. 14-00671-VAP (SPx), 2015 WL 13344903, *12 (C.D. Cal. Mar. 20, 2015) (a failure-to-accommodate claim cannot prevail as a matter of law if plaintiff cannot prove she is a qualified individual) (citing *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1009 (2009) (a plaintiff must show that she is a qualified individual to assert a claim for failure to accommodate)).

Finally, Plaintiff has failed to assert a claim for failure to interact.  "The interactive process requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). Here, Plaintiff failed to offer a reasonable accommodation during the interactive process.  Plaintiff's requested accommodations include (1) job transfer to another airport; (2) reassignment to a vacant position; and (3) part-time or modified work schedules.  FAC ¶¶ 54-57, 175.  An "employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only

provide some reasonable accommodation." *Id.*, quoting *E.E.O.C. v. Yellow Freight Sys. Inc.*, 253 F.3d 943, 951 (7th Cir. 2001).  Plaintiff has not provided any explanation for how her requested accommodations would address her alleged disabilities and permit her to perform her job duties.  Moreover, Plaintiff's transfer request as an accommodation for her alleged disabilities is belied by her admission that she requested the transfer because she no longer had a place to live in Los Angeles.  FAC ¶¶ 80-82.  Plaintiff made the transfer request not to accommodate her alleged disabilities but so that Plaintiff could return to her home in New York. *Id.* ¶¶ 1, 55, 56.  Thus, Plaintiff fails to identify a reasonable accommodation for her alleged disabilities.

Accordingly, Plaintiff's first, ninth, and tenth disability-related claims should be dismissed for failure to state a claim.

### 7.   Plaintiff's Tort Claims Are Time-Barred.

Plaintiff's fifth and sixth claims against Delta for IIED and negligent hiring, supervision, and retention are time-barred.  Each claim is subject to a two-year statute of limitations under California Code of Civil Procedure section 335.1.  *See Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1106 (C.D. Cal. 2009) (noting the two-year statute of limitations on IIED claims); *Kaldis v. Wells Fargo Bank, N.A.*, 263 F. Supp. 3d 856, 867 (C.D. Cal. 2017) (claims for negligent hiring are "subject to the same two-year statute of limitations for personal injuries").  To the extent that Plaintiff predicates these claims upon the alleged misconduct by Defendants Rangel and Tumpap, *see* FAC, ¶¶ 11, 99, 134, 135, the latest date on which Tumpap or Rangel allegedly engaged in such misconduct is November 2018, as Plaintiff transferred to a new airport in December 2018.  FAC, ¶¶ 138, 139.  Accordingly, Plaintiff had to bring her claims on or before November 2020.  Because Plaintiff brought these claims only in her amended complaint, filed on December 28, 2020, her fifth and sixth claims for IIED and negligent hiring, supervision, and retention

are time-barred and should be dismissed with prejudice.[6]

### 8.    Plaintiff Fails to Plead a Negligent-Hiring Claim.

While California recognizes that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee, liability only exists if the employer knew or should have known that hiring the employee created a *particular* risk or hazard and that particular harm materializes. *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996). In *Doe*, the plaintiff alleged that the hiring party should have known that the employee in question would sexually assault a co-worker because he "engaged in the purchase and use of serious, mind-altering illegal drugs." The court held that this was insufficient to plead a cause of action for negligent hiring, stating that "the cornerstone of a negligent hiring theory is the risk that the employee will act in a certain way and the employee does act in that way." *Id.*

Here, Plaintiff merely pleads conclusory allegations that Delta should have known that Defendants Rangel and Tumpap would "engage in retaliatory, harassing, or discriminatory conduct" at the time of their hire. FAC, ¶¶ 246-49. Plaintiff fails to plead what particular risk or hazard Delta purportedly knew or should have known, or how it could have known, such that Delta would be on notice of potential discriminatory or harassing conduct by Rangel or Tumpap before or after it hired them. As such, Plaintiff has failed to plead a plausible claim for negligent hiring.

### 9.    Plaintiff Fails to Plead an FMLA/CFRA Interference Claim.

Plaintiff fails to plead a plausible claim for interference with FMLA and CFRA rights. First, Plaintiff has failed to plead facts that demonstrate her eligibility under either FMLA or CFRA. Second, Plaintiff's FMLA claims based on alleged interference with her 2018 FMLA requests are time-barred under the

---

[6] As stated in Section 2, to the extent Plaintiff premises her claims for IIED or negligent hiring on conduct occurring outside California, such claims are barred because California law does not apply to extraterritorial conduct.

1  applicable two-year statute of limitations.

2    A CFRA interference claim requires Plaintiff to show that she (1) was

3  entitled to CFRA leave rights and (2) that Delta interfered with those rights.  *Soria*

4  *v. Univision Radio L.A., Inc.*, 5 Cal. App. 5th 570, 601 (2016).  Similarly, an FMLA

5  interference claim requires Plaintiff to establish that (1) she was eligible for the

6  FMLA's protections, (2) Delta was covered by the FMLA, (3) she was entitled to

7  leave under the FMLA, (4) she provided sufficient notice of her intent to take leave,

8  and (5) Delta denied her FMLA benefits to which she was entitled.  *Sanders v. City*

9  *of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).  In each standard, Plaintiff must

10  show she is eligible and/or entitled to leave protections.

11    Plaintiff fails to plead facts demonstrating her entitlement to FMLA and

12  CFRA leave.  Rather, she merely asserts conclusory statements that she "was

13  eligible for CFRA/FMLA's protections" and that she was "entitled to intermittent

14  leave under the CFRA/FMLA."  FAC, ¶¶ 43, 45.  However, such conclusory

15  statements are not enough to demonstrate she was entitled to protections under

16  CFRA or FMLA.  *See, e.g.*, *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the

17  elements of a cause of action, supported by mere conclusory statements, do not

18  suffice" to state a claim for relief); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

19  (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-

20  conclusory 'factual content,' and reasonable inferences from that content, must be

21  plausibly suggestive of a claim entitling the plaintiff to relief.").

22    Even if Plaintiff's FMLA interference claim is sufficiently pleaded, her

23  interference claims related to her 2018 FMLA requests are time-barred.  Claims for

24  interference under FMLA are subject to a two-year statute of limitations.  29 U.S.C.

25  § 2617(c)(1).  This limitation is extended to three years only for a "willful

26  violation."  29 U.S.C. § 2617(c)(2).  Plaintiff did not bring her interference claims

27  until she filed her FAC on December 28, 2020, which was more than two years

28  after her September and October 2018 allegations of interference.  *See, e.g.,* FAC,

¶¶ 10, 14, 64, 65, 126.  Nor has Plaintiff demonstrated that Delta acted willfully, which requires her to show that Delta either knew or showed reckless disregard for whether its conduct violated the FMLA.  *Olson v. United States by and through Dep't of Energy*, 980 F.3d 1334, 1339 (9th Cir. 2020).  Plaintiff has alleged no facts supporting a finding of willfulness.  Thus, all of Plaintiff's allegations supporting her FMLA interference claim that take place before December 28, 2018 are time-barred.

### 10.   Plaintiff Fails to Plead a Claim for Aiding and Abetting.

Plaintiff fails to allege a claim for aiding and abetting, beyond including the claim header in her list of alleged claims.  *See* FAC, Caption and p. 36.  Because Plaintiff fails to allege any supporting facts to support this claim, she has not plausibly pled an aiding and abetting claim.

### 11.   Plaintiff Fails to Plead a Claim Under Civil Code § 52.1.

Plaintiff fails to satisfy the elements of a claim under Civil Code section 52.1, which requires a plaintiff to show that "by threats, intimidation or coercion, [Delta] caused [Plaintiff] to reasonably believe that if she exercised her [protected rights], [Delta] would commit violence against her. . ." or that "[Delta] acted violently against [Plaintiff] to prevent her from . . . or to retaliate against her for having exercised her [protected rights]."  Judicial Council of California, Civil Jury Instruction ("CACI") No. 3066 – Bane Act – Essential Factual Elements (Civ. Code, § 52.1) (2020 ed.).  Mere words without demonstrating a threat of violence are not enough to sustain an action under section 52.1.  Civ. Code. 52.1(k) ("Speech alone is not sufficient to support an action [under section 52.1] except upon a showing that the speech itself threatens violence against a specific person . . . [such that the person] reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat.").  Here, Plaintiff fails to allege that Delta threatened physical violence or committed violence against her to prevent her

from, or in retaliation for, exercising any of her rights under federal or state law. *Ctr. for Bio-Ethical Reform, Inc. v. Irvine Co., LLC*, 37 Cal. App. 5th 97, 115 (2019) (finding the "egregious interference" required by the statute is not met when there is no accompanying threat of violence).  For these reasons, Plaintiff has failed to plead facts supporting the elements of a claim under section 52.1 and this claim therefore should be dismissed.

## 12.   Plaintiff Fails to Plead a Claim Under Labor Code § 1102.5.

Plaintiff fails to plead a plausible claim for violation of Labor Code section 1102.5.  To establish a violation of this whistleblower protection statute, Plaintiff must have brought to Delta's attention "a violation of a state or federal regulation or local, state, or federal rule or regulation."  *Del Thibodeau v. ADT Sec. Servs.*, No. 3:16-cv-02680-GPC-AGS, 2018 WL 637947, at *5 (S.D. Cal. Jan. 31, 2018); *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384-85 (2005).  Plaintiff must also plead a "reasonably based suspicion of illegal activity." *See Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1135 (N.D. Cal. 2004) (concluding that plaintiff lacked foundation for the reasonableness of his belief by failing to cite to "any statute, rule, or regulation that may have been violated by the disclosed conduct"); *Somers v. Dig. Realty Tr. Inc.*, No. 14-cv-05180-EMC 2018 WL 3730469, at *14-15 (N.D. Cal. Aug. 6, 2018) ("Mr. Somers' inability to identify a reasonable belief that a violation of law was transpiring is fatal to his claim.").

In the FAC, Plaintiff fails to identify any alleged illegal activity that she brought to Delta's attention that forms the basis for her section 1102.5 whistleblower claim.  As such, Plaintiff's fourteenth claim for relief is not adequately pled and should be dismissed.

## C.   The Court Should Deny Leave to Amend.

Leave to amend should not be granted here since, in 310 paragraphs of allegations, Plaintiff cannot have anything to add that was not already contemplated

and included.  *Cafasso*, 637 F.3d at 1058 (finding amendment is futile "considering the proposed pleading's extraordinary prolixity").  Under these circumstances, the Court should exercise its "ample discretion" and deny leave to amend.  *Id.* at 1059.  To the extent leave to amend is granted, Plaintiff should only be given leave to amend to replead such claims to the extent that they can be properly pled consistent with the Federal Rules of Civil Procedure, including Rules 8 and 11.

**IV.   CONCLUSION**

Based on the foregoing, the Court should dismiss Plaintiff's claims against Defendant under Federal Rule of Civil Procedure Rule 8, and/or Rule 12(b)(6), with prejudice.


Dated: February 22, 2021                          MORGAN, LEWIS & BOCKIUS LLP


                                                            By:  */s/ Andrew P. Frederick*
                                                                   Robert Jon Hendricks
                                                                   Andrew P. Frederick
                                                                   Maureen N. Beckley
                                                                   Attorneys for Defendant
                                                                   DELTA AIR LINES, INC.