MORGAN, LEWIS & BOCKIUS LLP
Robert Jon Hendricks, Bar No. 179751
Maureen N. Beckley, Bar No. 316754
Spear Street Tower
One Market
San Francisco, CA 94105
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001
rj.hendricks@morganlewis.com
maureen.beckley@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, Bar No. 284832
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: +1.650.843.4000
Facsimile: +1.650.843.4001
andrew.frederick@morganlewis.com

Attorneys for Defendant
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA L. LEE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DELTA AIR LINES INC., ASHLEY RANGEL, JOSEPH TUMPAP, and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 2:20-CV-08754-CBM-JEM<br><br>**DECLARATION OF MAUREEN N. BECKLEY IN SUPPORT OF DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS PLAINTIFF ERIKA LEE'S AMENDED COMPLAINT UNDER RULE 8 AND FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**<br><br>Date:　　　March 23, 2021<br>Time:　　　10:00 a.m.<br>Courtroom:　8B<br>Judge:　　　Hon. Consuelo Marshall<br><br>Complaint Filed: September 21, 2020<br>FAC Filed:　　　December 28, 2020<br>Trial Date:　　　None Set |

# DECLARATION OF MAUREEN N. BECKLEY

I, Maureen N. Beckley, declare and state as follows:

1.  I am an attorney with the law firm Morgan, Lewis & Bockius LLP, and counsel for Defendant Delta Air Lines, Inc. in this action. I am licensed to practice in the State of California. The following facts are of my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.  In accordance with the meet-and-confer obligations under Local Rule 7-3, on February 5, 2021, I sent Plaintiff Erika Lee an email attaching a letter describing the deficiencies in Plaintiff's Amended Complaint ("FAC") and stating Delta's intention to file a Motion to Dismiss for those reasons. The letter asked if Plaintiff would willingly dismiss her FAC and, if not, to provide her availability to meet and confer via telephone. Attached hereto as **Exhibit A** is a true and correct copy of my February 5, 2021 email and letter correspondence.

3.  The same day, Plaintiff responded via email to my meet-and-confer letter stating that she intends to file a motion for sanctions if Delta files any motion on the mistaken belief that Delta's Motion to Dismiss was late, although the Court set the responsive pleading deadline of February 22, 2021 in its January 11, 2021 order. Plaintiff wrote:

> This is your formal notice of your 21 day safe harbor notice for my Motion for Sanctions. Any motion to dismiss you intend to file is absolutely frivolous because you had [21] days.
>
> …
>
> The records already reflects that it is behind your 21 days from service to file a motion to dismiss. Defendants already asked for and was granted an extension of time to answer complaint. And nothing [sic] all arguments in letter are ridiculous and frivolous and sanctionable.

Plaintiff also wrote that she refused to meet and confer, stating:

> Because your motion is frivolous and has no basis in law or fact, I don't have to meet and confer under Rule 7-3 about a motion you are precluded from filing by law and FRCP.

1 | Attached as **Exhibit B** is a true and correct copy of Plaintiff's February 5, 2021
2 | email response.
3 |     I declare under penalty of perjury under the laws of California and the
4 | United States of America that the foregoing is true and correct and was executed
5 | on February 22, 2021 in San Francisco, California.

*[signature]*
Maureen N. Beckley

# EXHIBIT A

| | |
|---|---|
| **From:** | Beckley, Nicole |
| **Sent:** | Friday, February 5, 2021 1:37 PM |
| **To:** | 'Erikallee@hotmail.com'; 'Erika Lee' |
| **Cc:** | Hendricks, Robert Jon; Frederick, Andrew P. |
| **Subject:** | Lee v. Delta Air Lines, Inc., et al., C.D. Cal., Case No. 2:20-cv-08754-CBM-JEM |
| **Attachments:** | Letter to Erika Lee 2.5.2021.pdf |

Ms. Lee:

Please see attached correspondence from Mr. Hendricks regarding the above-titled action.

Kind regards,

**Nicole Beckley**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1470 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
maureen.beckley@morganlewis.com | www.morganlewis.com
Assistant: Monet R.A. Torres | +1.650.843.7803 | monet.torres@morganlewis.com
Pronouns: She/Her/Hers



# Morgan Lewis

**Robert Jon Hendricks**
Partner
+1.415.442.1204
rj.hendricks@morganlewis.com

February 5, 2021

**BY ELECTRONIC MAIL**

Erika Lee
erikallee@hotmail.com; leeerikalatise@gmail.com
1 East 35 Street, Apt. 11A
New York City, NY 10016

Re:   Lee v. Delta Air Lines, Inc., et. al.
      Central District of California, Case No. 2:20-cv-08754-CBM-JEM
      <u>Defendant Delta Air Lines, Inc.'s Motion to Dismiss</u>

Dear Ms. Lee:

Pursuant to the meet and confer requirements under Local Rule 7-3, I write to advise you that Defendant Delta Air Lines, Inc. ("Defendant") intends to file a motion to dismiss the First Amended Complaint ("FAC") filed in the above-titled action (the "motion").

There are several bases for this Motion.  First, the FAC fails to comply with Federal Rule of Civil Procedure Rule 8, which requires a "short and plain" statement of the claims.  The FAC fails to meet this standard because all of the factual allegations are lumped into a single lengthy section with no discernable organization.  The specific causes of action do not identify the alleged facts on which they are based, and, as a result, the FAC fails to provide notice of the claims being asserted and their supporting allegations, providing a basis for dismissal of the entire FAC.

Further, certain claims in the FAC are defective because you have not exhausted your administrative remedies and/or they are untimely.  For example, your administrative charge does not include any allegations of race discrimination, harassment, or any alleged conduct after December 2018.  As a result, these claims in the FAC are barred for failure to exhaust administrative remedies.  Further, you failed to file suit within 90 days of receiving your right-to-sue notice from the EEOC, which means that your Title VII and ADA claims are untimely.  Likewise, your tort claims are untimely.

The FAC is also defective because it fails to allege sufficient facts to support the claims.  For example, the FAC does not allege that you met the eligibility criteria for CFRA and/or FMLA leave. What's more, the FAC seeks relief under California law for alleged conduct that occurred in New York.

For the above reasons, Defendant plans to file a motion to dismiss your FAC.

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596      T +1.415.442.1000
United States                       F +1.415.442.1001

Erika Lee
February 5, 2021
Page 2

Please advise if you will voluntarily dismiss your FAC for the reasons set forth above.  If not, please provide your availability next week to meet and confer via telephone conference on these issues.

Sincerely,


/s/ Robert Jon Hendricks

RJH
c:  Andrew P. Frederick, Maureen N. Beckley

# EXHIBIT B

| | |
|---|---|
| **From:** | Erika Lee <leeerikalatise@gmail.com> |
| **Sent:** | Friday, February 5, 2021 3:27 PM |
| **To:** | Beckley, Nicole |
| **Cc:** | Erikallee@hotmail.com; Hendricks, Robert Jon; Frederick, Andrew P. |
| **Subject:** | 21 day safe harbor notice for Sanctions |

[EXTERNAL EMAIL]
Hello all,

21 day safe harbor notice if and when you file Motion to dismiss

This is your formal notice of your 21 day safe harbor notice for my Motion for Sanctions . Any motion to dismiss you intend to file is absolutely frivolous because you had 2- days . I am kit

Motion for sanctions I'm filing

See FED. R. CIV. P. 11(a) ("Every pleading . . . must be signed by atleast one attorney of record."); Rush v. Unifund CCR Partners, 604 F.3d 908, 911 (6th Cir. 2010) ("The requirement that parties have a good-faith basis for their pleadings applies to answers every bit as much as it does to counterclaims."). Rule 11(b) states that the required signature is a certification that, among other things, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." FED. R. CIV. P. 11(b)(2), (4).

Defendants precluded from filing a motion to dismiss

The records already reflects that it is behind your 21 days from service to file a motion to dismiss. Defendants already asked for and was granted an extension of time to answer complaint.  And nothing all arguments in letter are ridiculous and frivolous and sanctionable. FED. R. CIV. P. 15(a)(3) ("Unless the court orders otherwise, any required response to
an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, which is later."); see also Gen. Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368, 1376 (Fed. Cir. 2007) ("The filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstance here where the time for responding to the original complaint has already run."), clarified on denial of rehearing, 495 F.3d 1378, 1380–81 (Fed. Cir. 2007).

I'm not voluntarily dismissing my complaint .

Also , You failed to state what Rule 12 motion you would be dismissing it under ?


You have fair notice under rule 8 of my claims
U can't dismiss under rule 8
FED. R. CIV. P. 8(e); accord Maty v. Grasselli Chem. Co., 303 U.S. 197, 200 (1938) ("Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.");  Barnes v. AT&T

1

Pen. Benefit Plan, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) ("Federal Rule of Civil Procedure 8 governs pleadings whether by complaint or answer.").

Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010) ("One objective of Rule 8 is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claims of defenses.") (citing FED. R. CIV. P. 8(e)).

Failure to exhaust administrative remedies is an affirmative defense

I filed my complaint within 90 days of receiving my right to Sue letter so all of your reasons for moving to dismiss are frivolous and you are precluded from filing that motion and if you do I'll be entitled to monetary sanctions.   Because your motion is frivolous and has no basis in law or fact,  I don't have to meet and confer under Rule 7-3 about a motion you are precluded from filing by law and FRCP.

Thanks

Erika Lee

On Friday, February 5, 2021, Beckley, Nicole <maureen.beckley@morganlewis.com> wrote:

> Ms. Lee:
>
> Please see attached correspondence from Mr. Hendricks regarding the above-titled action.
>
> Kind regards,
>
> **Nicole Beckley**
>
> **Morgan, Lewis & Bockius LLP**
>
> One Market, Spear Street Tower | San Francisco, CA 94105
>
> Direct: +1.415.442.1470 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
>
> maureen.beckley@morganlewis.com | www.morganlewis.com
>
> Assistant: Monet R.A. Torres | +1.650.843.7803 | monet.torres@morganlewis.com
>
> Pronouns: She/Her/Hers

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.