MORGAN, LEWIS & BOCKIUS LLP
Robert Jon Hendricks, Bar No. 179751
Maureen N. Beckley, Bar No. 316754
Spear Street Tower
One Market
San Francisco, CA 94105
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001
rj.hendricks@morganlewis.com
maureen.beckley@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, Bar No. 284832
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: +1.650.843.4000
Facsimile: +1.650.843.4001
andrew.frederick@morganlewis.com

Attorneys for Defendant
DELTA AIR LINES, INC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA L. LEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DELTA AIR LINES INC., ASHLEY RANGEL, JOSEPH TUMPAP, and DOES 1 through 10,<br><br>　　　　　Defendant. | Case No. 2:20-CV-08754-CBM-JEM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS PLAINTIFF ERIKA LEE'S AMENDED COMPLAINT UNDER RULE 8 AND FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**<br><br>Date:　　March 23, 2021<br>Time:　　10:00 a.m.<br>Courtroom:　8B<br>Judge:　　Hon. Consuelo Marshall<br><br>Complaint Filed: September 21, 2020<br>FAC Filed:　December 28, 2020<br>Trial Date:　None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ERIKA LEE, PRO SE:**

**PLEASE TAKE NOTICE** that, in accordance with Federal Rule of Evidence 201, Defendant Delta Air Lines, Inc. will, and hereby does, request the Court to take judicial notice of the following documents in connection with Delta's Motion to Dismiss Plaintiff Erika Lee's Amended Complaint Under Rule 8 and Failure to State a Claim Under Rule 12(b)(6):

- **Exhibit 1** – a true and correct copy of Plaintiff's June 5, 2020 Department of Fair Employment and Housing ("DFEH") Closure Determination letter.
- **Exhibit 2** – a true and correct copy of Plaintiff's June 18, 2019 dual-filed Equal Employment Opportunity Commission and DFEH complaint.

Rule of Evidence 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  "[A] court may take judicial notice of 'records and reports of administrative bodies.'" *Mack v. South Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986) (taking judicial notice of records of administrative bodies), abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991).

Courts routinely take judicial notice of administrative complaints, such as a DFEH or EEOC complaint.  *See, e.g., Harris v. City of Fresno*, 625 F. Supp. 2d 983, 1010 n. 11 (E.D. Cal. 2009) (holding, where defendant had requested for "judicial notice of the DFEH complaint," that "[t]he existence of these items is a matter of public record and can be judicially noticed"); *Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) (taking judicial notice of

1  plaintiff's administrative complaint filed with the Equal Employment Opportunity
2  Commission in ruling on the defendant's motion to dismiss).
3       Under the aforementioned authority, Delta respectfully requests that the
4  Court take judicial notice of the above-referenced documents, as they are records of
5  administrative agencies.

6  Dated:  February 22, 2021          MORGAN, LEWIS & BOCKIUS LLP

8                                                      By  /s/ Andrew P. Frederick
                                                           Robert Jon Hendricks
9                                                          Andrew P. Frederick
                                                           Maureen N. Beckley
10                                                         Attorneys for Defendant
                                                           DELTA AIR LINES, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No.: 2:20-CV-08754-CBM-JEM        3        REQUEST FOR JUDICIAL NOTICE ISO
                                                DELTA'S MOTION TO DISMISS

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 5, 2020

Erika Lee
1 E. 35th St., Apt 11A
New York, NY 10016

RE: **Closure Determination and Request for Additional Information**
Case Number: 201810-03963321
EEOC Number: 37A-2019-02403-C
Lee / Delta Air Lines, Inc.

Dear Erika Lee:

Your allegations of discrimination against the above referenced Respondent and/or Co-Respondent(s) have been filed with our Department and with the U.S. Equal Employment Opportunity Commission (EEOC), if applicable.

Based on an analysis of the facts and circumstances which you alleged, your complaint will be closed for the following reason: Insufficient evidence. If you disagree with this determination, you must provide more information to substantiate your allegations **within ten (10) calendar days from the date of this letter**. Please provide any new detailed information or evidence (i.e., documents, records, witness information) that supports your complaint. Specifically, respond to the statements or questions below.

1. You allege around October 2018 you were denied a hardship transfer to New York to work in Customer Service. You believe this denial occurred because you used a disability accommodation and participated as a witness in a discrimination/harassment complaint.

   The Respondent agrees you took a medical leave of absence in October 2017 and returned to work one year later with no restrictions, which indicates you were no longer disabled. Also, the Respondent has no knowledge of your participation of a witness in a discrimination complaint. You requested the hardship transfer because you had been displaced from your apartment and forced to relocate back to New York to live with family. The Respondent asserts your request did not fit within the parameters of a Hardship Transfer and was denied.

2. You allege around December 2018 you were denied a reasonable accommodation of no lifting more than 15 lbs, no climbing steps, no standing more than one hour, no pushing more than 10 lbs and no carrying more than 15 lbs because of a disability.

   The Respondent asserts you contacted their Accommodations Department at the end of November 2018 but your doctor's restrictions were not provided to Delta

Closure Determination and Request for Additional Information
June 05, 2020
Page **2** of **2**

    until after you transferred to LGA in New York. You were employed by Delta in New York effective December 1, 2018 and you went through the accommodations process with Delta in New York. You ultimately were released to return to work without any lifting restrictions.

    There is insufficient evidence to indicate you were denied an accommodation because you had taken a one year medical leave of absence.

3. You allege around October 2018 you were told you were no longer allowed to swap shifts, call out sick or bid for a shift. You allege male coworkers who returned from disability leave were allowed to swap shifts, call out sick, and bid for a shift. You believe you were denied this because of your sex/gender.

    The Operation Service Manager, Westley Porter explained to you that because you had been on an extended leave, you were offered the last line available which was consistent with LAX's practices. You also identified a male <u>and</u> female whom you claim were treated more favorable upon their return from leave. The male you identified is not similarly situated to you because he did not take an extended leave of absence. Also, when you returned from a shorter leave in 2016 you were able to return to the same line you held prior to your leave as was done for the male employee in question.

The new information that you provide will be carefully considered. If you do not provide more information which substantiates your allegations within ten (10) calendar days, June 15, 2020, your complaint will be closed and you will be issued a "Right to Sue" notice, which allows you to file a private lawsuit.

You can provide the information by telephone, mail or e-mail. If you choose to mail your response, please include your case number **201810-03963321** and mail it to the Department of Fair Employment and Housing, 2218 Kausen Drive, Suite 100, Elk Grove, CA 95758. Thank you for your cooperation.

Sincerely,

*Karri Brennan*
Karri Brennan
Consultant III
559-244-4767
karri.brennan@dfeh.ca.gov

# EXHIBIT 2

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                                 Employment

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

| CASE NUMBER | EEOC NUMBER |
|---|---|
| 201810-03963321 | 37A-2019-02403-C |

**COMPLAINANT**
Erika Lee

**ADDRESS**
1 E. 35th St., Apt. 11A
New York, NY 10016

**PHONE**
(646) 552-8394

**TYPE OF DISCRIMINATION AND LAW**
Government Code 12940

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

**RESPONDENT(S)**
Delta Air Lines, Inc.

**ADDRESS**
200 World Way
Los Angeles, CA 90045

**PHONE**
(404) 209-3434

**AGENT FOR SERVICE**
CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE, Agent for Service for Delta Air Lines, Inc.

**ADDRESS**
2710 Gateway Oaks Drive, 150N
Sacramento, CA 95833

**PHONE**

**NO. OF EMPLOYEES**

- Allegation 1 -

**I ALLEGE THAT I EXPERIENCED**
Retaliation
**ON OR BEFORE**
October 20, 2018
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Requested or used a disability-related accommodation;
Participated as a witness in a discrimination or harassment
**AS A RESULT, I WAS SUBJECTED TO**
Denied or forced transfer
**PARTICULARS**
In or around October 2018, I requested a hardship transfer to New York to work in Customer Service Department which was denied stating that I did not qualify for hardship transfer because I was not in active status. Prior to denial of transfer, I requested and used disability related accommodation and participated as a witness in a

FORM REV Pending
Page 1 of 3

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    Employment

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**CASE NUMBER**
201810-03963321

**EEOC NUMBER**
37A-2019-02403-C

discrimination/harassment complaint. Therefore, I believe, I was denied transfer in retaliation for requesting and using disability related accommodation and due to be a witness in a discrimination or harassment complaint.

- Allegation 2 -

**I ALLEGE THAT I EXPERIENCED**
Discrimination
**ON OR BEFORE**
December 24, 2018
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Disability (physical or mental)
**AS A RESULT, I WAS SUBJECTED TO**
Denied reasonable accommodation for a disability
**PARTICULARS**
In or around December 2018, I requested from my employer a reasonable accommodation of no lifting more than 15 pounds, no climbing steps, no standing more than one hour, no pushing more than 10 pounds and no carrying more than 15 pounds. My employer did not engage in good faith interactive process and did not accommodate my restrictions. To my knowledge, my restrictions could have been accommodated because work was available which I could have performed with my restrictions. I was required to complete tasks which violated my restrictions therefore I believe I was denied a reasonable accommodation due to my disability.

- Allegation 3 -

**I ALLEGE THAT I EXPERIENCED**
Discrimination
**ON OR BEFORE**
October 20, 2018
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Sex/Gender
**AS A RESULT, I WAS SUBJECTED TO**
Denied work opportunities or assignments: Was no longer allowed to swap shifts, call out sick or bid for a shift.
**PARTICULARS**
In or around October 2018, I was told in writing I am no longer allowed to swap shifts, call out sick or bid for a shift. I had to take whatever is given to me. To my knowledge, my male coworkers who returned from disability leave was allowed to swap shifts, call out sick, and bid for a shift. Therefore, I believe I was not allowed to swap shifts, call out sick or bid for a shift due to my sex/gender.

- Allegation 4 -

**I ALLEGE THAT I EXPERIENCED**
Retaliation
**ON OR BEFORE**
October 20, 2018
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Requested or used a disability-related accommodation;
Participated as a witness in a discrimination or harassment
**AS A RESULT, I WAS SUBJECTED TO**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                                                      Employment

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

| | |
|---|---|
| **CASE NUMBER** | **EEOC NUMBER** |
| 201810-03963321 | 37A-2019-02403-C |

Denied work opportunities or assignments: Was no longer allowed to swap shifts, call out sick or bid for a shift.

**PARTICULARS**

In or around October 2018, Amanda Rangel, HR Manager told me that I am no longer allowed to swap shifts, call out sick or bid for a shift. Prior to denial of these opportunities, I requested and used disability related accommodation and participated as a witness in a discrimination or harassment complaint. Therefore, I believe, I was not allowed to swap shifts, call out sick or bid for a shift in retaliation for requesting and using disability related accommodation and due to be a witness in a discrimination or harassment complaint.

**SIGNED UNDER PENALTY OF PERJURY**

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated on my information and belief, and as to those matters I believe them to be true.

| SIGNATURE OF COMPLAINANT OR COMPLAINANT'S LEGAL REPRESENTATIVE: | DATE: |
|---|---|
| *Erika L Lee* (Jun 18, 2019) | Jun 18, 2019 |

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE<br>Erika Lee: |
|---|---|
| Erika Lee;<br><br>vs.<br><br>Delta Air Lines, Inc. | THIS PERSON (CHECK ONE)<br>_X_ Claims to be aggrieved<br>___ Is filing on behalf of other person(s) |
| | DATE OF ALLEGED VIOLATION<br>Earliest: October 12, 2018     Most Recent: October 20, 2018 |
| | PLACE OF ALLEGED VIOLATION<br>California, County of Los Angeles |
| | EEOC CHARGE NUMBER<br>37A-2019-02403-C |
| | FEPA CHARGE NUMBER (if known)<br>201810-03963321 |

### NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE AN FEP AGENCY WILL INITIALLY PROCESS
(See EEOC "Rules and Regulations" for additional information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

- ☒ Title VII of the Civil Rights Act of 1964
- ☐ The Age Discrimination in Employment Act of 1967 (ADEA)
- ☒ The Americans with Disabilities Act of 1990 (ADA)

HAS BEEN RECEIVED BY

- ☐ The EEOC and sent for initial processing to _____ (FEP Agency)
- ☒ The CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and sent to the EEOC for dual filing purposes.

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

- ☒ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provision of Title VII and the ADEA as explained on the reverse side of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

- ☐ An Equal Pay Act investigation (29 U.S.C. 209(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
- ☒ Enclosure: Copy of the Charge

BASIS OF DISCRIMINATION:

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN    ☐ AGE    ☐ OTHER
☒ DISABILITY    ☒ RETALIATION

CIRCUMSTANCES OF ALLEGED VIOLATION:
See attached complaint.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| July 2, 2019 | William R. Tamayo | *[signed]* |

EEOC FORM 131-A

# INFORMATION SHEET ON CHARGES OF DISCRIMINATION

# EEOC RULES AND REGULATIONS

Section 1601.15 EEOC's Procedural Regulations provides that persons charged with employment discrimination, such as yourself, may submit a statement of position or evidence with respect to the allegations contained in this charge.

The Commission's Recordkeeping and Reporting Requirements are set forth in Title 29, Code of Federal Regulations (CFR), Part 1602 (see particularly Section 1602.14 below) for the Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge (for ADEA charges, this notice constitutes the written request set out in Part 1627 for respondents to preserve records relevant to the charge -- the records to be retained are as described in Section 1602.14, as cited below, and should be kept for the periods described in that section). Parts 1602, 1620 and 1627 also prescribe record retention periods -- generally, three years for basic payroll records and one year for personnel records. Questions regarding retention periods and the types of records to be retained should be resolved by reference to the regulations.

Section 1602.14 Preservation of records made or kept . . . Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the employer shall preserve all personnel records relevant to the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. The date of "final disposition of the charge or the action" means the date of expiration of the statutory period within which the aggrieved person may bring an action in a U.S. District Court, or where an action is brought against an employer either by the aggrieved person, the Commission, or by the Attorney General, the date on which such litigation was terminated.

## NOTICE OF NON-RETALIATION REQUIREMENT

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it shall be an unlawful employment practice for an employer to discriminate against any of his/her employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because s/he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title. The Equal Pay Act of 1963 contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with any person because s/he has exercised or enjoyed, or aided or encouraged others in their exercise of employment, or rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING PRESENTATION BY ATTORNEYS

Although it is not necessary that you be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you are represented by an attorney we request that you provide the Commission with your attorney's name, address, and telephone number, and that you ask your attorney to write to the Commission confirming such representation.

Reverse side of EEOC Form 131/131-A (Test 10/94)