UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA L. LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>DELTA AIR LINES INC., ASHLEY RANGEL, JOSEPH TUMPAP, and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:20-CV-08754-CBM-JEM<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS PLAINTIFF ERIKA LEE'S AMENDED COMPLAINT UNDER RULE 8 AND FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**<br><br>Date:           March 23, 2021<br>Time:          10:00 a.m.<br>Courtroom:  8B<br>Judge:         Hon. Consuelo Marshall<br><br>Complaint Filed: September 21, 2020<br>FAC Filed:          December 28, 2020<br>Trial Date:          None Set |

**[PROPOSED] ORDER**

Defendant Delta Air Lines, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Erika Lee's Amended Complaint Under Rule 8 and Rule 12(b)(6) (the "Motion") came on regularly for hearing on March 23, 2021 at 10:00 in Courtroom 8B, the Honorable Consuelo B. Marshall presiding. After considering the moving, opposing and reply papers, the arguments of counsel, and all other matters presented, the Court hereby GRANTS Defendant's Motion.

First, Plaintiff's First Amended Complaint ("FAC") (ECF 11) is subject to dismissal in its entirety because it violates Federal Rule of Civil Procedure ("Rule") 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Over the course of 54 pages and 300 single-spaced paragraph, Plaintiff's factual allegations are "buried in a needlessly lengthy and rambling narrative that does not clearly and concisely identify the nature of each of Plaintiff's legal claims, the specific facts giving rise to each claim, and the specific conduct of each Defendant or Defendants against whom each claim is brought" in violation of Rule 8. *Jenkins v. Howard*, No. CV 18-7526 ODW (SS), 2019 WL 4391118, at *3 (C.D. Cal. Apr. 17, 2019) (dismissing a *pro se* plaintiff's complaint that included 70 pages of exhibits); *see also Smith v. Oreol*, No. EDCV171135JFWKK, 2017 WL 2662467, at *2-3 (C.D. Cal. June 20, 2017) (dismissing a *pro se* plaintiff's 250-page complaint); *Clayburn v. Schirmer*, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (dismissing *pro se* plaintiff's complaint under Rule 8 and explaining that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes"). Forcing Defendant and the Court to sift through Plaintiff's confusing and lengthy FAC is an "onerous task," unduly burdensome, and prejudicial. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (a several hundred-page pleading prejudices defendants, shows bad faith on the movant, and is grounds to deny leave to amend); *McHenry*

*v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff's FAC also violates Rule 8 because it is an improper "shotgun pleading." *See Wilburn v. Bratcher*, No. 2:15-cv-00699-TLN-GGH, 2015 WL 9490242, at *9 (E.D. Cal. Dec. 30, 2015), *R&R adopted*, 2016 WL 1268046 (E.D. Cal. Mar. 31, 2016). "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Id.* A common type of "shotgun pleading" is where "the plaintiff recites a collection of general allegations toward the beginning of the complaint, and then each count incorporates every antecedent allegation by reference. *Id.* (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)); *see also Hill Street Health Servs. LLC v. County of L.A.*, No. CV 16–02486–BRO (AFMx), 2016 WL 9453997, at *3 n. 4 (C.D. Cal. Aug. 11, 2016) ("Plaintiff's FAC may be considered an improper shotgun pleading . . . as it is unclear which facts from Plaintiff's FAC support which of Plaintiff's causes of action and both Defendant and the Court had to carefully parse Plaintiff's FAC to even determine what constitutional claims Plaintiff is alleging."). As a result, each count is "replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta*, 256 F.3d at 1284; *see also Sollberger v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (describing shotgun pleadings as "unacceptable" and explaining that "experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Because the FAC adopts this approach, Defendant and the Court cannot ascertain which particular allegation support each cause of action. Thus, the FAC is dismissed in its entirety.

Even if Plaintiff's FAC complied with Rule 8, her claims are still subject to dismissal under Rule 12(b)(6) because the FAC fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "[L]egal conclusion[s] couched as . . . factual allegation[s]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" need not be presumed true for purposes of a motion to dismiss.  *Id.* (internal quotations omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal brackets omitted).

Plaintiff's California Fair Employment and Housing Act ("FEHA") claims based on alleged conduct since December 2018 are subject to dismissal because Plaintiff failed to plead sufficient facts plausibly showing that conduct occurred in California and was subject to the FEHA.  The FEHA cannot be "applied to conduct that occurred outside of California, to a plaintiff who was a non-resident of California, and which involved no participation by any corporate officer in the Defendant company's California headquarters." *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858 (1996).  Federal courts in California have applied this extraterritoriality rule even if the plaintiff is a California resident.  *See, e.g., Rulenz v. Ford Motor Co.*, No. 10-cv-01791-GPC-MDD, 2013 WL 2181241, at *3 (S.D. Cal. May 20, 2013) (finding that, even though the plaintiff alleged that she was a California resident, she worked in Nevada and her employment was terminated in Nevada, so her alleged "California residency [was] insufficient to defeat the presumption against extraterritorial application of FEHA"); *Anderson v. CRST Intern., Inc.*, No. 14-cv-00368 DSF (MANx), 2015 WL 1487074, at *5 (C.D. Cal.

Apr. 1, 2015) (holding that the concept of extraterritoriality applies "regardless of the plaintiff's residency"), *aff'd on these grounds*, 685 Fed. App'x 524 (9th Cir. Mar. 24, 2017); *Gulaid v. CH2M Hill, Inc.*, No. 15-cv-04824-JST, 2016 WL 926974, at *1, *4 (N.D. Cal. Mar. 10, 2016) (explaining that "[c]ourts in this circuit have applied this extraterritoriality rule even if the plaintiff is a California resident" and finding that the plaintiff, an alleged California resident, did not plead any plausible claims under the FEHA); *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1094 (C.D. Cal. 2015) (finding that the FEHA did not cover the plaintiff even though she was a California resident).

According to the FAC, Plaintiff received a transfer to another airport in December 2018. FAC, ¶¶ 137–39. While Plaintiff failed to plead to which airport she was transferred, Exhibit 2 to the FAC and the June 5, 2020 DFEH Closure Determination (Request for Judicial Notice ("RJN") Ex. 1) show that Plaintiff transferred to a New York airport in December 2018. Plaintiff's alleged New York domicile (FAC, ¶ 1) further indicates that Plaintiff moved to New York in December 2018.

Plaintiff carried the burden of plausibly alleging that the allegedly wrongful conduct occurring after December 1, 2018 occurred in California and was subject to the FEHA. *See Buchanan v. NetJets Services, Inc.*, No. 5:18-cv-00812-EJD, 2018 WL 1933189, at *2-3 (N.D. Cal. Apr. 24, 2018) ("There are insufficient facts alleged to establish that a California-based employee participated in or ratified the alleged wrongful conduct; as a result, there are insufficient facts to support an extraterritorial application of FEHA."); *see also Gonsalves v. Infosys Tech., LTD.*, No. 09-cv-04112-MHP, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010) (dismissing the plaintiff's FEHA and wrongful termination claims on the basis that he failed to plead "a factual nexus between [Defendant's] California-based activities and the alleged discriminatory conduct"). Plaintiff failed to include any information regarding the location for the allegedly unlawful conduct after

December 1, 2018. Thus, she has failed to plausibly allege that any such conduct was subject to and violated the FEHA and her FEHA claims are dismissed accordingly.

Plaintiff's claims under Title VII and the Americans with Disabilities Act ("ADA") are subject to dismissal because they are untimely. A plaintiff must bring her Title VII and ADA claims within 90 days of receiving a right-to-sue letter. *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1108 (9th Cir. 2018); *Gamble v. Kaiser Foundation Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1022 (N.D. Cal. 2018). Here, Plaintiff alleges that she received a right-to-sue letter from the EEOC on June 19, 2020. FAC, p. 2. However, she did not file her complaint until September 21, 2020, four days past the 90-day deadline.[1] Accordingly, Plaintiff's Title VII and ADA claims are untimely and are hereby dismissed with prejudice.

Plaintiff's FEHA and Title VII claims for harassment and race discrimination are subject to dismissal because Plaintiff failed to exhaust her administrative remedies regarding such claims. To exhaust administrative remedies as to a particular act made unlawful under the FEHA, "the claimant must specify *that* act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts." *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (citing *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994)) (emphasis original). While a court may consider a claim that is based on events that were not included in the administrative charge but are "like or reasonably related" to the events and allegations in the administrative charge, "the expansion of the complaint" is not supported "when the difference between the

---

[1] Even if Plaintiff had not pled a date certain in her Complaint for receipt of the DFEH/EEOC right-to-sue notice, the Ninth Circuit presumes that a notice is received within three days of the notice's issuance. *Payan v. Aramark Mgmt. Servs.*, 495 F.3d 1119, 1122-23 (9th Cir. 2007). Here, that would mean receipt by June 20, 2020, given that the notice was issued on June 17, 2020, *see* ECF No. 1, p. 12 of 16. Plaintiff thus would have had to file her complaint by September 18, 2020, which she did not do.

charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination." *Id.* at 1615.  For example, an allegation of race discrimination "is neither like or related to nor likely to be discovered in a reasonable investigation of a charge of sex discrimination.  *Id.; see also Anderson v. American Airlines, Inc.*, 252 Fed. App'x 166, 168 (9th Cir. 2007) (finding that the plaintiff's "national origin discrimination, retaliation, and harassment charges" were not "reasonably" related to her "claim of retaliation for taking medical leave").

Here, Plaintiff's administrative complaint only alleged disability and gender/sex discrimination and retaliation.  RJN, Ex. 2.  It did not include any allegations related to race discrimination or harassment in violation of the FEHA and/or Title VII.  Accordingly, Plaintiff failed to exhaust her administrative remedies, and her claims for race discrimination and harassment under FEHA and/or Title VII are dismissed.

Because Plaintiff's harassment and discrimination claims fail, her derivative failure-to-prevent claim under the FEHA also necessarily fails.  *See Featherstone v. S. California Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1166 (2017) (derivative failure-to-prevent claim cannot survive if the underlying discrimination claim fails).

Plaintiff's disability-related claims under FEHA and the ADA are subject to dismissal because Plaintiff failed to allege sufficient facts to plausibly show that she is entitled to relief.  First, Plaintiff failed to plead sufficient facts plausibly showing that she had a qualifying disability.  Instead, Plaintiff merely asserts that she had a "mobility impairment" and "depression" without including any supporting facts.  FAC, ¶¶ 8, 13, 30, 32, 176, 177, 184.  Second, Plaintiff failed to allege what "essential functions" her job entailed or her "ability to perform them." *See Palma v. County of Stanislaus*, No. 1:17–CV–0819 AWI EPG, 2017 WL 6513282, at *5 (E.D. Cal. Dec. 20, 2017).  Thus, Plaintiff has failed to state her disability-related claims under FEHA and the ADA and her first, ninth, and tenth claims are hereby

dismissed.

Plaintiff's ninth claim for failure to engage in the interactive process also is subject to dismissal because she failed to plead any facts plausibly showing how her requested accommodations would have addressed her alleged disabilities and permitted her to perform her job duties.

Plaintiff's tort claims are subject to dismissal because they are time-barred. Plaintiff's fifth claim for intentional infliction of emotional distress and sixth claim for negligent hiring, supervision, and retention are both subject to a two-year statute of limitations under California Code of Civil Procedure section 335.1. *See Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1106 (C.D. Cal. 2009) (noting the two-year statute of limitations on IIED claims); *Kaldis v. Wells Fargo Bank, N.A.*, 263 F. Supp. 3d 856, 867 (C.D. Cal. 2017) (claims for negligent hiring are "subject to the same two-year statute of limitations for personal injuries"). Plaintiff's tort claims are based on the alleged conduct of Tumpap and Rangel, which, according to the FAC, ceased in November 2018. However, Plaintiff didn't bring her tort claims until more than two years later when she filed the FAC on December 28, 2020. Her claims are therefore time-barred and dismissed with prejudice.[2]

Plaintiff's sixth claim for negligent hiring, supervision, or retention is also subject to dismissal because Plaintiff failed to plead sufficient facts plausibly showing that Delta knew or should have known that Defendants Rangel and Tumpap were allegedly engaging in wrongful behavior.

Plaintiff's Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") claims are subject to dismissal because Plaintiff failed to plead sufficient facts in support of those claims. First, Plaintiff failed to allege facts plausibly showing that she qualified for and was entitled to FMLA or CFRA leave.

---

[2] To the extent Plaintiff's tort claims are premised on conduct occurring outside of California, her claims are subject to dismissal for the additional reason that California tort law does not apply to extraterritorial conduct.

Further, her claims related to her alleged 2018 FMLA requests are barred by the FMLA's two-year statute of limitations. *See* 28 U.S.C. § 2617(c)(1). While this limitation can be extended to three years for a "willful violation," Plaintiff failed to plead any facts plausibly showing that any violation was "willful." *See* 29 U.S.C § 2617(c)(2).

Plaintiff's twelfth claim for "aiding and abetting" is subject to dismissal because Plaintiff failed to plead any supporting facts.

Plaintiff's thirteenth claim for violation of California Civil Code section 52.1 is subject to dismissal because Plaintiff failed to allege sufficient facts plausibly showing that such a violation occurred. Plaintiff makes no allegation that Delta threatened physical violence against her to prevent her from, or in retaliation for, exercising any of her rights under federal or state law. *Center for Bio-Ethical Reform, Inc. v. Irvine Co., LLC*, 37 Cal. App. 5th 97, 115 (2019) (finding the "egregious interference" required by the statute is not met when there is no accompanying threat of violence). Therefore, Plaintiff's thirteenth claim is hereby dismissed.

Plaintiff's fourteenth claim for violation of California Labor Code section 1102.5 fails because she failed to plausibly allege that she brought to Delta's attention "a violation of a state or federal regulation or local, state, or federal rule or regulation." *Del Thibodeau v. ADT Sec. Servs.*, No. 3:16-cv-02680-GPC-AGS, 2018 WL 637947, at *5 (S.D. Cal. Jan. 31, 2018); *Patten v. Grant Joint Union High School Dist.*, 134 Cal. App. 4th 1378, 1384-85 (2005). Plaintiff also failed to plausibly allege that she had a "reasonably based suspicion of illegal activity." *See Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1135 (N.D. Cal. 2004) (concluding that plaintiff lacked foundation for the reasonableness of his belief by failing to cite to "any statute, rule, or regulation that may have been violated by the disclosed conduct"); *Somers v. Digital Realty Trust Inc.*, No. 14-cv-05180-EMC 2018 WL 3730469, at *14-15 (N.D. Cal. Aug. 6, 2018) ("Mr. Somers' inability to

| | |
|---|---|
| 1 | identify a reasonable belief that a violation of law was transpiring is fatal to his |
| 2 | claim."). |
| 3 |     In light of the foregoing defects, Plaintiff's FAC is dismissed without leave |
| 4 | to amend. *See Cafasso*, 637 F.3d at 1058 (finding amendment is futile "considering |
| 5 | the proposed pleading's extraordinary prolixity"). |
| 6 |     The Court hereby dismisses this action in its entirety with prejudice. |
| 7 | **IT IS SO ORDERED.** |

Dated: _____        By: _____
                                  HON. CONSUELO B. MARSHALL