1                    UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3           HONORABLE CONSUELO B. MARSHALL, U.S. DISTRICT JUDGE

4

5     ERIKA L. LEE,                          )
                                             )
6                          Plaintiff,        )
                                             )
7          vs.                               )           Case No.
                                             )   CV 20-8754 CBM (JEMx)
8     DELTA AIRLINES, INC., et al.,          )
                                             )
9                          Defendants.       )
      _____)

10

11                REPORTER'S TRANSCRIPT OF PROCEEDINGS
                            MOTIONS HEARING
12                  WEDNESDAY, JULY 7, 2021
                            10:07 A.M.
13                  LOS ANGELES, CALIFORNIA

14

15

16

17

18

19

20

21

22     _____

23          MYRA L. PONCE, CSR NO. 11544, CRR, RPR, RMR, RDR
                    FEDERAL OFFICIAL COURT REPORTER
24                  350 WEST 1ST STREET, ROOM 4455
                    LOS ANGELES, CALIFORNIA  90012
25                          (213) 894-2305


                     UNITED STATES DISTRICT COURT

1                        **APPEARANCES OF COUNSEL:**

2


3    **FOR THE PLAINTIFF (VIA TELEPHONE):**

4        ERIKA L. LEE
         PRO SE
5        1054 East Turmont Street
         Carson, California  90746
6        (646) 552-8394

7


8    **FOR THE DEFENDANT DELTA AIRLINES, INC.:**

9        MORGAN, LEWIS & BOCKIUS, LLP
         BY:  ANDREW P. FREDERICK
10           Attorney at Law
         1400 Page Mill Road
11       Palo Alto, California  94304
         (650) 843-4000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

1          WEDNESDAY, JULY 7, 2021; 10:07 A.M.

2               LOS ANGELES, CALIFORNIA

3                      -oOo-

4          THE COURTROOM DEPUTY:  Calling Item No. 1, Civil

5    Case 20-8754, Erika L. Lee versus Delta Airlines, Inc.

6          Please state your appearance, plaintiff.

7          MS. LEE:  Erika Lee, pro se.

8          THE COURTROOM DEPUTY:  Thank you.

9          Counsel?

10         MR. FREDERICK:  Hi.  Andrew Frederick on behalf of

11   defendant Delta Airlines.

12         THE COURT:  Good morning.  We have the plaintiff

13   participating telephonically and the defendant here -- defense

14   counsel here in person.

15         So I'll just make this announcement for all of those

16   who are trying to figure it out.  Do I plan to come to court

17   these days or is it going to be telephonic?  Is it going to be

18   Zoom or some other method of communication?

19         So unless the Court says otherwise, it will be in

20   person.  So unless things change for us so that we have to make

21   changes, the appearances will be in person on the day that the

22   hearing has been scheduled.

23         And then I did want to indicate we, of course, do

24   have our court reporter here.  So the court reporter's

25   responsible, as we all know, for the official record.  If

1  anyone needs copies of the transcript, you make those

2  arrangements with the court reporter.

3         So for this case, we have plaintiff's motion for

4  reconsideration and a motion for extension of time to amend the

5  Complaint and a request for judicial notice.

6         So might say for the record that plaintiff has now

7  filed a Third Amended Complaint.  So the first question is

8  whether these additional motions are moot or need to be ruled

9  upon in light of the Third Amended Complaint.

10         So that's a question that I would ask plaintiffs --

11  plaintiff, who is self-represented in this case, to comment on.

12         Ms. Lee?

13         MS. LEE:  Good morning, Your Honor.

14         I would go -- in order to move forward, I would

15  like, um, the First Amended Complaint as well as the Second

16  Amended Complaint to be mooted and we move forward with the

17  Third Complaint -- Amended Complaint.

18         THE COURT:  Okay.  So the Third Amended Complaint is

19  the Complaint that's before the Court now.  We don't moot the

20  other complaints.  They are on file.  But once a new Complaint

21  is filed, then the new Complaint is the operative Complaint and

22  the one that the Court would be considering for purposes of

23  moving forward in the case.

24         So while the First Amended Complaint is on file, the

25  Second Amended Complaint, I believe, was stricken but still on

1    file.  So it's still there, it doesn't disappear.  The Third

2    Amended Complaint, of course, has been filed.

3           So the question that I ask, Ms. Lee, is:  Before you

4    filed the Third Amended Complaint, you filed a motion for

5    reconsideration, a motion for extension of time to amend the

6    Complaint, and a request for judicial notice.

7           My question of you is:  Since you now have a Third

8    Amended Complaint, are you withdrawing these three motions that

9    I just mentioned or do you still wish to have the Court rule on

10   those?  Motion for reconsideration, motion for extension of

11   time to amend the Complaint, and the request for judicial

12   notice.

13          MS. LEE:  Yes, Your Honor.  Um, I'm not withdrawing,

14   I would still like that motion.

15          THE COURT:  All right.  You'd like to have a ruling

16   from the Court.

17          And let's see.  The -- since we do have a Third

18   Amended Complaint, the Court assumes that defendants will

19   respond to that Complaint in the manner in which you think

20   appropriate.  So I understand that there could be a 12(b)(6) or

21   some motion of that type.

22          So there are a couple of things I wanted to mention.

23   So the plaintiff has added new claims in the Third Amended

24   Complaint which were not addressed or -- by the Court in the

25   order granting defendant's motion to dismiss.  The specific

1   claims are the defamation claim, and there were other claims

2   that were not included in the First Amended Complaint.  So I

3   just bring those to the parties' attention so that they will be

4   addressed in the way that you think most appropriate.

5          The Third Amended Complaint appears to include

6   claims that the Court dismissed without leave to amend.  So I

7   wanted to bring that to the parties' attention as well.

8          Plaintiff filed a 21-page supplement to the motion

9   for reconsideration without leave of Court.  So, in other

10  words, plaintiff did not ask the Court permission to file that

11  supplement but filed the supplement.

12         Defendant did not have an opportunity to respond to

13  this supplement in its opposition to the motion for

14  reconsideration, but the defendant has filed an objection to

15  the supplement.  And so that will be addressed by the Court.

16         Plaintiff's reply brief re: The motion for

17  reconsideration was also titled a motion for sanctions.

18  Motions for sanctions must be separately addressed as required

19  by Rule 11 and the Court will be addressing that in its order

20  as well.

21         The plaintiff, Ms. Lee, is self-represented.  But

22  the local rules and the federal rules all apply, Ms. Lee, to

23  you equally as they apply to counsel in the case.  So just

24  because you're representing yourself doesn't mean that you get

25  to disregard the rules.  You still have to comply with those

1    rules.

2              So one of the rules that there seems to be some

3    difficulty, either misunderstanding or just difficult to

4    comply, is the meet and confer.  And I know, Ms. Lee, you're

5    familiar with that rule.  I think you've read all of these

6    rules because you rely on them, of course, to support your

7    position when you believe that counsel has not complied.

8              So the rules apply equally to you, and you must

9    comply with the rules as well.

10             At this time, since Ms. Lee does wish the Court to

11   rule on the motion for reconsideration, motion for extension of

12   time to amend the Complaint, even though there's already a

13   Complaint, so, Ms. Lee, you might address the motion for

14   extension of time to amend the Complaint.

15             Since you have a Third Amended Complaint, are you

16   asking for more time to file a Fourth Amended Complaint when

17   the Third Amended Complaint hasn't been addressed yet?  I just

18   don't understand that motion.  It seems to me that that motion

19   would be moot.

20             MS. LEE:  Um, yes, Your Honor.  Um, the only thing I

21   would like to withdraw is the extension of time.

22             THE COURT:  All right.  So the motion for extension

23   of time to amend the Complaint has been withdrawn.

24             And then you also request the Court to take judicial

25   notice.  So could you explain orally what is it that you're

requesting the Court to take judicial notice and how does it

relate to the Third Amended Complaint, if it relates to the

Third Amended?  Because maybe it doesn't relate to the Third

Amended Complaint, but you may so indicate if that's the case.

So this is your request for the Court to take

judicial notice.

MS. LEE:  Okay, Your Honor.  Yes, it was the

retaliation claim and the EEOC letter, right to sue letter in

regards to my retaliation claim, which is in my Third

Amendment -- Amended Complaint, sorry.

THE COURT:  And so this right to sue letter in the

original Complaint, which defendant -- to which defendant filed

a motion to dismiss, you alleged in the Complaint a date by

which you -- on which you receive the right to sue letter.  But

now you have evidence that you wish to present to the Court to

support your claim that you did receive a right to sue letter,

that you timely filed your Complaint after receipt, as the

statute provides.  Am I correct, that that is the manner of

which you wish the Court to take judicial notice?

MS. LEE:  Yes, Your Honor.

THE COURT:  And does that right to sue letter relate

to the allegations that are in now the Third Amended Complaint?

MS. LEE:  Yes, Your Honor.

THE COURT:  And did you also provide the Court with

some evidence in the form of a declaration to which this right

1    to sue letter was attached?

2              MS. LEE:  Uh, Your Honor, I believe it's in my

3    verified Complaint.

4              THE COURT:  The Third Amended?

5              MS. LEE:  Yes, Your Honor, Third -- the Third

6    Amended one.

7              THE COURT:  And so as I recall, you mentioned that

8    your -- the roommate, your roommate called to your attention

9    the right to sue letter and that was the first time that you

10   became aware that you had received it.  Am I correct?

11             MS. LEE:  Uh, I didn't have it physically until

12   April 2021, but I knew about it in -- in September.  I had --

13   it was misplaced, she had found it.

14             THE COURT:  So you knew that you had received the

15   right to sue letter in September?

16             MS. LEE:  Yes, Your Honor, by the end of September,

17   I had received it.

18             THE COURT:  And what year are we talking about?

19             MS. LEE:  In 2020, the end of September 2020.

20             THE COURT:  And are you saying that the letter

21   arrived but it got misplaced and then at some later time your

22   roommate brought it to your attention?

23             MS. LEE:  Yes, Your Honor, and that's when I filed

24   the Amended Complaint.

25             THE COURT:  And do you include a declaration

1  addressing that, just explaining that the letter arrived and

2  you were aware of it in September of 2020, latter part of

3  September, it was misplaced, your roommate discovered it later,

4  and then you filed your Amended Complaint subsequently?

5         MS. LEE:  Your Honor, in the Amended -- in the

6  motion to reconsider, I had put the, um -- I explained to you

7  exactly what happened with my roommate.  So it's in there, it

8  would be the declaration.

9         THE COURT:  Right.  So it's your declaration;

10  correct?

11         MS. LEE:  Yes, Your Honor, my declaration.

12         THE COURT:  And it's a part of your motion for

13  reconsideration; correct?

14         MS. LEE:  Yes, Your Honor.

15         THE COURT:  And attached to the declaration is a

16  copy of the right to sue letter; is that correct?

17         MS. LEE:  I believe so, Your Honor.

18         THE COURT:  Okay.  So I want to ask plaintiff's

19  counsel, then -- I mean, plaintiff another question about the

20  meet and confer and the issues that are raised in the motion

21  for reconsideration.

22         So, Ms. Lee, is it your position that you did have a

23  meet and confer with counsel before you filed the motion for

24  reconsideration?

25         MS. LEE:  Yes, Your Honor, I did.  That's not

1   disputed.

2          THE COURT:  And during that meet and confer, did you

3   discuss the motion for reconsideration?

4          MS. LEE:  Yes, Your Honor.

5          THE COURT:  And did you identify for counsel the

6   issues that you plan to address in your motion for

7   reconsideration?

8          MS. LEE:  Yes, Your Honor.  Every issue was

9   addressed.

10         THE COURT:  I'm sorry.  Repeat again.

11         MS. LEE:  Yes, Your Honor.  Every issue was

12   addressed.

13         THE COURT:  So you believe that the issues raised in

14   your motion for reconsideration were -- you made counsel aware

15   that those were issues that you were going to raise in the

16   motion; correct?

17         MS. LEE:  Yes, Your Honor.

18         THE COURT:  So sometimes it's hard to hear you.  So

19   I don't know if you're using a landline phone or a cell phone

20   and if you're moving the phone about.  But you start out clear,

21   and then it becomes a little unclear.  So if you can do

22   anything to make it clear, I'd ask you to do that.

23         As I indicated, we do have a court reporter.  She's

24   making the record here.  So if anyone ever ordered the

25   transcript, you want it to reflect everything that was said and

UNITED STATES DISTRICT COURT

```
1    that can only occur if we can hear you clearly.

2               MS. LEE:  I apologize, Your Honor.  I'll speak a

3    little louder and more clearer.

4               THE COURT:  All right.  Thank you.

5               There's another issue.  So the plaintiff states in

6    the motion for reconsideration that she filed a workmen's

7    compensation claim.  Is that correct, Ms. Lee?

8               MS. LEE:  Yes, Your Honor.

9               THE COURT:  And do you discuss in the motion when

10   the workmen's comp claim was filed?

11              MS. LEE:  July 2019, Your Honor.

12              THE COURT:  What year?

13              MS. LEE:  2019.

14              THE COURT:  Oh.  July 2019.  I see.

15              And that is included in your motion for

16   reconsideration?

17              MS. LEE:  Yes, Your Honor.

18              THE COURT:  And what is your theory or purpose for

19   advising the Court and counsel that you filed a workmen's

20   compensation claim?

21              MS. LEE:  Your Honor, it's for tolling of my IIED

22   claim, intentional infliction of emotional distress.

23              THE COURT:  So it's your belief that when you filed

24   the workmen's comp claim, that tolled the date by which you had

25   to file a cause of action for intentional infliction of
```

```
 1   emotional distress; correct?

 2              MS. LEE:  Yes, Your Honor.

 3              THE COURT:  What is the status of the workmen's comp

 4   claim now?

 5              MS. LEE:  Delta does not want to settle it.

 6              THE COURT:  So what is the status?  Is it on for a

 7   hearing, or what's happened to it?

 8              MS. LEE:  I -- honestly, I have to meet -- we have a

 9   court date on the 22nd of July.

10              THE COURT:  Okay.  So a hearing set for July the

11   22nd; correct?

12              MS. LEE:  Correct.

13              THE COURT:  Okay.  So these are things that I -- the

14   defendant will probably address when you file your next motion,

15   but the Court just wanted to have a better understanding of

16   what plaintiff's theory is and purpose.

17              So at this point, I don't have any additional

18   questions for the plaintiff.  But, Ms. Lee, is there anything

19   else that you wish to place on the record concerning the

20   motions that are before the Court?  And so those motions are

21   motion for reconsideration and the request for judicial notice.

22   Anything else that you wish to place on the record concerning

23   those two motions, the motion for reconsideration and the

24   request for judicial notice?

25              MS. LEE:  Yes.  Also, the Title VII and my FMLA
```

1  claim of 2018 which were timely filed.

2      THE COURT:  And that's based on the right to sue

3  letter that you've addressed that came to your home but was

4  misplaced and then brought to your attention later?

5      MS. LEE:  Yes, Your Honor.

6      THE COURT:  Okay.  Thank you.

7      All right.  Defendants, if you wish to be heard.  So

8  the motion before the Court today is the motion for

9  reconsideration and the request for judicial notice.

10     MR. FREDERICK:  Yes, Your Honor.  I'd like to

11  address some of the points that Your Honor has raised as well

12  as plaintiff has raised.

13     But just as a starting point, um, you know, motions

14  for reconsideration are disfavored.  They're rarely granted.

15  Um, they're limited, narrow grounds upon which the Court can

16  issue or grant a motion for reconsideration.  And plaintiff has

17  not presented or provided any grounds here.  Rather, plaintiff

18  re-argues the same positions that she took when opposing

19  Delta's motion to dismiss or she advances positions that she

20  could have and should have raised at the time that the parties

21  were briefing the motion, such as the threshold issue.  I

22  wanted to note that for the Court.

23     With respect to the request for judicial notice, I'm

24  a bit confused on that.  But Docket 57 is plaintiff's motion --

25  notice of motion and motion for reconsideration.  It looks like

1    there's three exhibits attached to that.  Exhibit A is a

2    document dated April 3rd, 2021.  It says a Notice of Filing of

3    Discrimination Complaint.  And I believe that this is the

4    retaliation complaint that Ms. Lee was referencing earlier.

5            Um, again, this is something -- a document that was

6    filed after the parties had briefed Delta's motion to dismiss.

7    I believe we completed briefing at the end of March; although,

8    oral argument wasn't heard until April 20th.  So this is a

9    document that was filed with an agency, it appears, after the

10   date that the parties had briefed the motion to dismiss.

11           Um, Exhibit B is -- looks like a suspension letter

12   that's addressed, um, to Ms. Lee from Delta.  I believe that

13   plaintiff submitted that earlier in the case.  I'm not exactly

14   sure when.

15           And then Exhibit C is, I think, the other document

16   that Your Honor and Ms. Lee were discussing, having to do with

17   the EEOC right to sue notice and the one that plaintiff has

18   submitted a declaration with respect to.

19           And with respect to that one, plaintiff originally

20   submitted that in May, um, I believe, Your Honor, with a

21   request for judicial notice, which was after the parties had

22   fully briefed Delta's motion to dismiss and after April 20th

23   when the Court heard oral argument on Delta's motion to

24   dismiss.  And so at that time, the briefing had been completed,

25   argument had been made, and the matter was submitted.

1            If plaintiff was aware -- this is the first time I'm

2    hearing this.  But if plaintiff was aware as early as September

3    of 2020 of this additional right to sue notice, it's not clear

4    from defendant's perspective why plaintiff didn't include that

5    with her First Amended Complaint or, if she didn't have a copy,

6    why she didn't make counsel and the Court aware of that or with

7    her Second Amended Complaint that was filed in December or with

8    her opposition to Delta's motion or at the hearing on

9    April 20th.

10            It would seem that plaintiff had sufficient time to

11    raise that with the Court.  There doesn't appear to be any good

12    cause at this point to consider it because plaintiff could have

13    raised it in connection with Delta's motion to dismiss.

14            And the other point I would make with respect to

15    that, Your Honor, is that in the First Amended Complaint, I

16    believe on the first page, plaintiff states, you know, that she

17    received the DFEH and the EEOC right to sue notice on June 17th

18    of 2021 -- sorry -- June 17th of 2020.

19            And so it's stated as a matter of fact, you know, at

20    least in the First Amended Complaint, when she received that

21    notice or allegedly received that notice.  And that was a piece

22    of information as well as the right to sue notice that the

23    defendant relied upon when making its motion to dismiss.

24            The other piece that I would point out with respect

25    to that is in plaintiff's declaration, that she submitted with

1    her reply brief, not as part of the motion for reconsideration,

2    but the reply brief that was filed on June 22nd of 2021.  It's

3    Document 70.  It's page 27 of 31.

4           Um, Ms. Lee in the first paragraph states "Opposing

5    counsel, R.J. Hendricks, in our February 2021 meet and confer

6    advised Plaintiff that Defendant Delta received the

7    September 22nd, 2020, EEOC right to sue letter in late

8    September."

9           A couple of points with respect to this, Your Honor.

10   First --

11          THE COURT:  I'll ask you to slow down just a little

12   bit.

13          MR. FREDERICK:  Will do, Your Honor.

14          A couple of points with respect to plaintiff's

15   declaration, specifically paragraph 1.  As we had pointed out

16   to the Court previously, Mr. Hendricks submitted a

17   declaration -- that's Docket No. 42-2, I believe it was in

18   connection with plaintiff's motion to compel initial

19   disclosures -- that he had never met and conferred with

20   plaintiff.  There was never a call ever in February of 2021.

21          And so there's just -- this is a declaration that

22   plaintiff has submitted under penalty of perjury stating that a

23   call occurred when no call, in fact, actually occurred, um,

24   which is troubling to counsel.

25          In addition, though, plaintiff affirmatively states,

1   assuming this call did happen, that apparently Mr. Hendricks

2   made plaintiff aware in February of 2021 of this year of this

3   allegedly additional right to sue letter.

4        So again, taking -- taking this at face value,

5   plaintiff would have known in February of 2021 about this

6   additional right to sue letter.  But yet plaintiff in the

7   Second Amended Complaint, in the briefing on Delta's motion to

8   dismiss, never raises this fact.  So even if she didn't have a

9   copy of the letter, it seems like she should have at least

10  raised it for counsel and the Court's consideration.

11       On the meet and confer piece, Your Honor, um, I mean

12  the parties are in agreement that there was a meet and confer

13  call that occurred.  Um, and it occurred within 24 hours of the

14  Court issuing its order -- or at least the parties receiving

15  ECF notice of the Court's order on Delta's motion to dismiss.

16  And plaintiff e-mailed me that day explaining that she wanted

17  to meet and confer about a motion for reconsideration and that

18  if we were unable to meet and confer on that day, she was going

19  to proceed with filing an ex parte application.

20       So we set up a phone call.  We met and conferred.

21  Plaintiff raised two issues on that call.  The first issue was

22  substantive, having to do with her Title VII and ADA claims and

23  her -- her position that those -- the Court had incorrectly

24  dismissed those claims as time barred.  So that was an issue

25  that was raised, and plaintiff made clear her position on that

1   issue.

2          And plaintiff also asked for additional time to file

3   her further Amended Complaint to which we discussed some.  And

4   I expressed my position that oftentimes parties are able to

5   agree on that and provide a stipulation but that I needed more

6   time to consult with my client, Delta, and get back to her.

7          And so plaintiff proceeded with filing the motion

8   that same day, within hours and -- you know, before I had an

9   opportunity to even consult with my client.  And -- but there

10  were no other issues discussed, you know, with respect to the

11  bases for plaintiff's motion for reconsideration with which

12  there appear to be many based on the motion and the supplement

13  and the reply.

14          So we just disagree with what was covered at that

15  meet and confer conference.

16          THE COURT:  All right.

17          MR. FREDERICK:  With respect to the workers'

18  compensation claim, again that's something that could have been

19  raised with respect to Delta's motion to dismiss.  Plaintiff

20  had an opportunity to file an opposition and did so after the

21  Court gave her additional time.  So that's not a basis for

22  granting the motion for reconsideration.

23          Um, and then the FMLA claim -- again, I think that

24  might be an issue that's even mooted because plaintiff was

25  granted leave to amend, um, and has already filed her further

1    Amended Complaint.  But plaintiff doesn't put forth any facts

2    that would substantiate that claim or that would make it viable

3    going back three years.

4             And even if she had, again that's something she

5    should have raised at the time she opposed Delta's motion to

6    dismiss.

7             I think the last piece I would like to touch on --

8    we touched on it some already -- is, you know, the Court has

9    advised plaintiff repeatedly already, you know, with respect to

10   the local rules and following those.  Um, and it really is

11   important for this case to proceed fairly and efficiently for

12   plaintiff to comply with those.  It's not just a simple matter

13   of complying with them to comply with them, but substantively

14   they matter.  And not following them prejudices my client, um,

15   and the defense of this case.

16            So, for example, you know, plaintiff filed an

17   original motion that was over 25 pages, you know, then a

18   supplement three days later that was over 25 pages and then a

19   reply brief that was 25 pages, which exceeds the Court's

20   ten-page limit, so a total of 75 pages of briefing for this

21   motion for reconsideration.

22            I also do want to make note for the record that this

23   is plaintiff's motion.  She chose July 8th as the date to

24   notice the motion.  The Court reached out to the parties to

25   request that the hearing be advanced to today or to -- moved to

1  July 12th.  But plaintiff noticed it for a hearing.

2  And plaintiff's position that she was going to be

3  out of town during this particular hearing just, for us,

4  doesn't seem credible, um, because she is the one who noticed

5  the motion.

6  Um, and so I at least would ask that for the record

7  she state where she is taking this hearing, you know, what city

8  and state.

9  THE COURT:  All right.  Why don't I start with the

10  last point first.  Plaintiff did indicate, I believe, to the

11  clerk that she could not appear in person today because she

12  would be out of state.

13  So, Ms. Lee, is that correct, are you out of state?

14  And if so, where are you?

15  MS. LEE:  Yes, Your Honor, I am out of state.  I'm

16  in New Jersey right now.

17  THE COURT:  And I think at some point when the Court

18  inquired at an earlier hearing, at least my understanding is

19  you are sometimes residing in Compton and at other times

20  residing in New Jersey; correct?

21  MS. LEE:  It's Carson, Your Honor, not Compton.

22  THE COURT:  Oh, Carson.  So within this district.

23  But you sometimes reside within the district and sometimes

24  reside outside the district; correct?

25  MS. LEE:  Uh, no.  Only Carson, Your Honor.

1          THE COURT:  Okay.  But I guess business or other

2    matters, then, at times take you outside the district, as you

3    are today; correct?

4          MS. LEE:  Yes, Your Honor.

5          THE COURT:  So defense counsel makes a point, the

6    plaintiff gets to pick the date of hearing when the plaintiff

7    files a motion.  So if you select a date of hearing, then you

8    should make sure that you're going to be available to appear in

9    person unless the Court gives you permission to appear

10   otherwise telephonically, as today.

11         So you need to be careful as to the date that you

12   select.  If you have business matters or personal matters

13   outside of the district and you know that when you file your

14   motion, then don't select a date that you're not available.

15         Also, the hearings are generally held on Tuesdays.

16   So at least when you notice your motion initially, select a

17   Tuesday as the hearing date.

18         Now, it's also true that counsel and parties in your

19   case, self-represented persons, may meet and confer to discuss

20   the date that's been chosen.  And initially, you've chosen the

21   date, so the assumption is that's a date that you can be

22   present in court.

23         But if something comes up and you know that you

24   cannot be present on that day, that would be a matter that you

25   would discuss with counsel and, often, parties will agree to a

1    different date.  There are also times when the Court will

2    change the date of a hearing.

3          But my point is that when you're filing the motion,

4    you're making the choice.  So you should select a date that you

5    would be available to actually appear in court unless the Court

6    gave you an opportunity to appear in some other manner, such as

7    telephonic, again complying with rules.

8          So it is true in this case that the Court has

9    imposed limits on how many pages pleadings can be.  And in this

10   case, of course, you've exceeded that.  So that's another rule

11   violation.

12         Parties can ask permission of the Court to exceed

13   the page limit.  And if the Court feels it appropriate, then

14   the Court can give them that permission.  But otherwise, you're

15   required to stay within the page limit.

16         So what happens when you file additional pages, not

17   only may the opposing party object but also the Court may

18   strike the pleading because you have not complied with the

19   rules.  Or the Court may choose to read the first ten pages, if

20   it's a ten-page limit and not read the rest.  Well, of course,

21   that doesn't help the plaintiff because you have more to say,

22   but it's not going to be considered by the Court because you

23   have violated the rule and you have not made a request to be

24   able to file additional pages.

25         So it's important that you comply with the rules

1  because the Court may rule adversely to you simply because you

2  have not complied with the rule.  These things are within your

3  control.

4          The other thing that you do, you keep filing

5  documents after the motion is fully briefed.  So the rules

6  permit the moving party to file a brief and that's generally

7  the motion.  Opposing party gets to file an opposition, and the

8  moving party gets to file a reply.

9          Once that reply is filed, the motion is fully

10  briefed, as far as the Court is concerned, and what documents

11  are to be considered.

12          So if you file additional documents, the question

13  for the Court is:  Should those not be considered?

14          It also does disadvantage the other party because

15  the rules don't permit them to respond to these additional

16  filings.  And this rule is important because there comes a

17  point in time that the parties have to stop filing things so

18  that the Court can review the motion that's before the Court.

19  If you continue to file things up until the last minute, then

20  those may be things that the Court either doesn't consider or

21  the Court then continues the motion to a new date and gives the

22  opposing party an opportunity to respond.

23          Again, a conversation with counsel could avoid some

24  of these things.  If there's something that you intended to

25  file with your motion, you forgot it or thought you had filed

**UNITED STATES DISTRICT COURT**

1    it, whatever the reasons may be, a conversation with the

2    opposing counsel would be appropriate to see if counsel would

3    agree.  Yes, you can file this, I would agree.  The motion's

4    been fully briefed, but I agree you can file something else.

5    But I also want you to agree that I get to respond to it.

6             So all of the rules are in place to help the Court

7    with the case management, to help the parties know what you can

8    do and what would not be appropriate.  And you are aware of the

9    rules, as I said, you've done a good job of finding them,

10   quoting them to the Court when you think that they have been

11   violated.

12            So I know that you're aware.  Sometimes

13   self-represented litigants just simply don't know how to find

14   the rules and they are not aware of a particular rule.  And

15   that's not true in your case.

16            So the expectation of the Court is that you comply

17   with the rules.

18            Now, the Court can impose sanctions for failure to

19   comply with the rules.  And so a part of the request that you

20   make today is you file a motion for sanctions.  But that

21   motion -- and the Court will address it in its written order --

22   is filed pursuant to Rule 11 and must be noticed separately.

23   So it cannot be just a part of some other motion.  It actually

24   would be a motion for sanctions, indicate to the Court what

25   rule you are filing it under, noticing it.

1          Now, you may notice it for the same day if you have

2    several motions that you want to be heard.  But it does have to

3    be separately noticed.

4          But in addition to Rule 11, the Court could also

5    impose sanctions where parties continually fail to comply with

6    the rules.  Those can be monetary sanctions, ordering that you

7    reimburse counsel for the time spent having to address

8    something that didn't comply with the rules.  It could be a

9    monetary sanction because the Court feels that you've been told

10   many times and just aren't adhering to the information that the

11   Court's provided.  And the Court could file other -- or could

12   order other types of sanctions, such as not considering

13   something that's been filed that has not been filed in

14   accordance with the rules.

15         So it's important for you to keep in mind.  You know

16   the rules, you too must comply with the rules.  When you feel

17   that the other side hasn't complied, clearly you're going to

18   bring that to the Court's attention.

19         Defense counsel now has addressed the matters before

20   the Court.  And since they are the motions that you have filed,

21   is there anything else that you wish to place on the record in

22   response to defense counsel's comments?

23         MS. LEE:  Um, hello, Your Honor.  Um, let me

24   apologize.  Um, I wasn't aware, but thank you for me letting

25   me -- making me more aware.  I will follow suit.

1          And as an initial matter, I do object to all of the

2     opposing counsel's frivolous argument that he has addressed.

3          Um, now, the tolling of the IIED claim, workers'

4     compensation issue, my -- my First Amendment Complaint *[sic]*

5     raises the tolling argument in the Complaint.  So plaintiff

6     didn't have to make -- so the plaintiff didn't have to make

7     additional argument, as opposing counsel frivolously argued.

8          What else did I write?

9          And, um, Your Honor, as the Court stated, um, the

10    Second Amendment Complaint *[sic]* mooted the First Amendment --

11    First Amended Complaint.  So the Court erred by ruling on the

12    defense's motions to dismiss.

13         The First Amended -- the First Amended Complaint,

14    which is the major basis of the motion for reconsideration,

15    therefore the Court must vacate its ruling on this -- in this

16    motion to dismiss the First Amended Complaint.

17         And -- okay.  Opposing counsel's argument has no

18    merit because the Court can only base its ruling on the

19    Complaint.  Plaintiff does not even have to make an argument

20    opposing defendant's motion to dismiss.  Opposing counsel's

21    statements and arguments are not evidence.  Opposing counsel

22    failed to meet the burden of the Complaint and sufficiency.  A

23    Rule 12(b)(6) ruling can only be based on the complaint of

24    plaintiff's verified Complaint.  Plaintiff testifies her

25    Complaint, me, was timely filed.

1          That's it, Your Honor.

2          THE COURT:  Thank you.

3          So just a couple of comments.  The Court knows that

4   defense will be responding to the Third Amended Complaint and

5   that is the operative complaint at this point.  The Court would

6   expect that defendant would address, when you file your motion,

7   the issue of whether the Court should consider the dismissal of

8   plaintiff's IIED claim and any other claims based on this

9   workmen's compensation claim.

10          So that's an issue that's not been addressed by the

11   parties because it's only recently that plaintiff brings to our

12   attention that there is a workmen's compensation claim.

13          So now that we know there is such a claim, plaintiff

14   believes it tolls certain causes of action.  And I don't know

15   what defendant's position will be, and I'm not asking you to

16   tell the Court now.  But it is something that would be helpful

17   if that's addressed, whether the filing of the workmen's comp

18   claim tolls any of the plaintiff's claims that are asserted now

19   in the Third Amended Complaint.

20          MR. FREDERICK:  Understood, Your Honor.

21          THE COURT:  The other question that I'm sure

22   defendant will address is the matter that we discussed this

23   morning, the right to sue letter, when plaintiff became aware

24   of the letter.

25          In the original Complaint -- and the Court's ruling

1    was based upon that -- the plaintiff had alleged that the right

2    to sue letter was issued in June of 2020.  Because that was an

3    allegation in the Complaint itself, the Court accepted that to

4    be true, as the rules require.  And then based on that, the

5    Court issued its order.

6           Plaintiff brings to the Court's attention now that

7    the right to sue letter was issued on September 22nd of 2020.

8    So I'm sure that defense, again, will address whether or not

9    that has any effect, the new date.  I assume it's alleged in

10   the Complaint.  But if it's not, plaintiff has raised it in

11   this motion.

12          One of the other issues with the length of the

13   Complaint -- so plaintiff's Complaints tend to be 2-, 300

14   pages.  So it would be helpful to all of us -- it doesn't help

15   the plaintiff's cause to have a long Complaint, as long as you

16   allege facts that support the claims that you have.  So it

17   could be a much shorter Complaint, but you've alleged facts to

18   support your causes of action.  That's what the Complaint

19   should be.

20          So it's not necessary to make the Complaint longer

21   than it need be in order to support your causes of action.  So

22   I'm sure that what plaintiff has done is you've done your

23   research, you know what elements are needed to support a cause

24   of action, and so your Complaint should allege facts to support

25   those elements.

1          There are times when things are attached to

2    Complaints.  There's a principle of incorporation by reference.

3    I think plaintiff is familiar with that.  And there are times

4    that the parties will ask the Court to take judicial notice of

5    things.  And so if the Court grants that request or if the

6    plaintiff references something -- for instance, like a right to

7    sue letter -- but doesn't attach it, the defendant often will

8    provide that document to the Court.

9          So it isn't exactly true, plaintiff has said, well,

10   the Court can only rely upon the Complaint and that you don't

11   need to respond if you choose not to to a motion to dismiss,

12   for example.  And it's true, you don't have to respond.  The

13   Court is still going to review the Complaint to see if it is

14   adequate to support a claim of sufficient allegations.

15         But the Court will also consider things of which the

16   Court has taken judicial notice, if the Court can take judicial

17   notice of those things.  And the Court would also consider

18   documents that are attached to a response filed by the

19   defendant that have been referred to in plaintiff's Complaint

20   based upon the incorporation by reference document -- doctrine

21   or judicial notice.

22         So just further information for the plaintiff to

23   consider when filing.

24         Unless there's something else for the record, the

25   Court will deem the matter submitted and will issue an order.

UNITED STATES DISTRICT COURT

1          So I know that defendants will be responding to the

2    Third Amended Complaint.  But I think it would be helpful if

3    you had the benefit of the Court's order, that the Court will

4    issue based upon the pending motions; that is, the motion for

5    reconsideration and the request for judicial notice.

6          So I would expect to try to get that order out

7    immediately.  So if you have not received the Court's order and

8    you are concerned that you have a date by which you must

9    respond, you may ask the Court for additional time based on the

10   fact that you don't have the benefit of the Court's order yet.

11   Or, of course, the parties could agree that you should have

12   additional time.

13          MR. FREDERICK:  Thank you, Your Honor.

14          THE COURT:  Anything further for the defendant?

15          MR. FREDERICK:  I guess two points.  First of all,

16   the current deadline to respond, I believe, is July 30th,

17   Your Honor.  So if the order were to come out this week or

18   shortly thereafter, I believe that would be sufficient time for

19   us to review and take that into consideration.

20          THE COURT:  All right.  Thank you.

21          MR. FREDERICK:  I would note that plaintiff spends

22   much of all the briefing on the same issue that plaintiff has

23   moved for reconsideration for previously regarding the Second

24   Amended Complaint.  And this will be noted most likely in our

25   motion to dismiss.

1          But I mean, essentially, plaintiff took a Second

2    Amended Complaint, as you can see from the header, and just

3    filed it as the Third Amended Complaint and added additional

4    paragraphs.  So plaintiff, in essence, has just filed the

5    Second Amended Complaint in any event, just to note that for

6    the Court's attention.

7          THE COURT:  Well, for the record, I believe that we

8    have a First Amended Complaint that was filed.  I believe there

9    was a filing of a Second Amended Complaint as well.  And now we

10   have a Third Amended Complaint.

11         So your motion should be directed -- and I'm sure it

12   will be -- to the Third Amended Complaint.

13         Now, there may be some arguments that you may make

14   about the Third Amended Complaint and what it includes and

15   doesn't include or inconsistencies between previous Complaints

16   and this Complaint.  And, of course, that would all be proper.

17   But the Third Amended Complaint is the operative Complaint at

18   this point.

19         MR. FREDERICK:  Understood, Your Honor.

20         And then the last point is just, I guess, a

21   logistical note that oftentimes it seems that plaintiff files

22   something with the Court and we often don't get notice of it,

23   in some instances for days or, in the case of the supplement

24   that was filed with this motion for reconsideration, weeks.

25   And to be fair, plaintiff oftentimes will e-mail copies of

1    those to us but not always sincerely what appears in the docket

2    later.

3                So it puts us in a difficult position sometimes to

4    know what we're responding to or not responding to.  And my

5    understanding was that plaintiff had signed up for ECF so the

6    Court had granted permission for plaintiff to file via ECF,

7    which I would think would mean at the time something is filed,

8    that we would get automatic notice of it.

9                So I just raise that for the Court's attention that

10   it does make it challenging for us sometimes.  It's almost like

11   a fire drill because we don't know when it actually got filed

12   with the court, what got filed with the court.  And I don't

13   know if there's a way to rectify that or not.

14              THE COURT:  Well, since plaintiff was given

15   permission to file and use the procedure for electronic filing,

16   you should be receiving notice at the same time that the Court

17   receives.  But I would just say to the plaintiff, plaintiff

18   wants to be careful that you don't abuse this permission that

19   the Court has given because it could be taken away.

20              Apparently it's convenient for you to be able to

21   file electronically, and that should mean it's convenient for

22   other parties in the case because they should be receiving at

23   the same time that you're filing.  And it's convenient for the

24   Court.

25              But if it appears that you are filing with the Court

1  and somehow the other side isn't getting notice of the filing

2  and then you send something else later, some days later to the

3  other side and say, oh, by the way, this is what I filed, if

4  it's not the exact same thing, then, of course, it does put

5  counsel in a position, not only when they have to respond but

6  also what it is that they're responding to.

7        And you can always consult with our courtroom deputy

8  if you need to, if it appears that you're not receiving

9  filings, either by the plaintiff or by the defendant, that are

10 consistent with those things that are being filed with the

11 court.

12       And so this is why cooperation between the parties

13 is important, the courtesy.  It doesn't affect the merits

14 generally, but certainly you need to work together to make it

15 easier for you when you're addressing issues before the Court

16 and also to make it easier for the Court.

17       Is there anything that plaintiff's counsel -- I

18 mean, plaintiff wanted to put on the record before the Court

19 closes this hearing?

20       MS. LEE:  Yes.  Hello, Your Honor, again.

21       Um, just to clarify, um, there were two right to sue

22 letters, one from the DFEH, which was June 2020, and then the

23 second one from the EEOC, which was September 2020.  But the

24 Ninth Circuit states as long as the plaintiff has a belief that

25 the EEOC -- a right to sue is about to be issued, plaintiff can

1  file a lawsuit.

2          So plaintiff filed it on the DFEH right to sue,

3  knowing that the EEOC right to sue was on its way.

4          And also, Your Honor, um, I currently don't have the

5  electronic filing privilege.  Um, I would like to make a

6  request for you to remove my electronic filing privileges so we

7  won't have this problem that the plaintiff -- I mean, the

8  defense is bringing up.

9          THE COURT:  So let me just follow up.  So if you

10  don't file electronically, the other way of filing is to file

11  it in the courthouse in the clerk's office.  Correct?  Or -- or

12  mail it in.  I think that option is available to you as well.

13          So if it's being mailed in, then there could be some

14  discrepancy between the date of filing that plaintiff has

15  indicated and when the item actually gets docketed in the

16  clerk's office.  So some of the confusion may just simply be

17  that.

18          But, Ms. Lee, tell me, how have you been filing

19  things?

20          MS. LEE:  Yes, Your Honor.  I've been using EDSS,

21  and it's on the court's website.  But once it's uploaded, it

22  goes through different channels for it to actually be filed,

23  which takes time.

24          THE COURT:  Okay.  So anyway, the record will

25  reflect, this is the way that it's been done.  The clerk could

1    probably tell us, then, if you use that system of filing, if

2    it's on the Court's website and the Court has authorized it,

3    whether or not there would be some delay between the filing

4    date and the date when the defense would receive notice.

5           So, Ms. Lee, if you use that system of filing with

6    the Court, what do you do to give notice to the defense that

7    you have filed something, if anything?

8           MS. LEE:  Yes, Your Honor.  I send them a USPS mail,

9    which is a copy, and I e-mail them as well.

10          THE COURT:  And so in your e-mail, do you indicate

11   to them that you have filed a certain document and you would

12   describe what it is, such as the motion for reconsideration?

13   And do you in that e-mail indicate the date of the filing?

14          MS. LEE:  Yes, Your Honor.

15          THE COURT:  Okay.  And then in addition to that,

16   then you send them an actual copy of the document that you have

17   filed; correct?

18          MS. LEE:  Yes, Your Honor.

19          THE COURT:  Okay.  So that may be some of the

20   confusion of a delay between the actual filing date and the --

21   counsel actually receiving a copy of the document.

22          So again, this would be something that a meet and

23   confer after filing could take place between the parties, just

24   a conversation.  So, in other words, defense will say, "I am

25   aware that this motion has been filed, but I didn't receive it

1    until this date."  So if the defense feels that you then need

2    more time to be able to respond to it, the parties could simply

3    agree that the defense would have additional time in the form

4    of a stipulation.

5            If you don't have a discussion about it or you

6    cannot agree, then the party may ask the Court for additional

7    time just based upon when the document was actually received

8    and when the response would be due.

9            All right.  Unless there's something further, the

10   Court will close the hearing.

11           The matter is deemed submitted.  The Court will

12   issue a written order on the motion for reconsideration and the

13   request for judicial notice.  The Court understands that

14   plaintiff has withdrawn the motion for extension of time to

15   amend the Complaint since we already have a Third Amended

16   Complaint on file.

17           And the Court indicated that now that the Court

18   knows the date when your response is due, that we'll make every

19   effort to get the order, the written order filed so that the

20   parties have the benefit of that order when you file your

21   response.

22           And then to Ms. Lee, I would just say you -- as I

23   said previously, you obviously are familiar with the rules and

24   that's good.  We want to encourage those who are representing

25   themselves to be familiar with the rules, try to understand the

1    rules to the best that you can, and to follow those rules.

2         But it is not necessary to always respond with

3    lengthy Complaints, to wit -- or even responses.  The rules

4    will control the page limit that's been imposed on some things

5    that are filed with the Court.  The rule does not place limits

6    on Complaints or Answers or some other pleadings.

7         But I ask you to just keep in mind that we all have

8    to read these things.  And so I'd like for you to address what

9    needs to be addressed and not provide a lot of other

10   information that may not go to the merits of the complaint or

11   whatever you're filing.

12        And then keep in mind, once you have filed your

13   response and the opposing side has already filed their

14   response, regardless of which side of the motion you're on, do

15   not continue to file things without permission of the Court.

16        So I indicated before, if you fail to file something

17   that you think needs to be filed, if it's your motion, you get

18   to file a reply.  So you're going to be able to respond to

19   defendant's opposition.  But if you need more time, the parties

20   can meet and confer, stipulate to more time, or ask the Court

21   to give you additional time.

22        Thank you.

23        And further hearings will be in-person hearings,

24   unless the Court gives permission to appear otherwise.

25        Thank you.

1          MR. FREDERICK:  Thank you, Your Honor.  Have a great

2    day.

3          MS. LEE:  Thank you, Your Honor.

4          THE COURT:  Thank you.

5          (Proceedings concluded at 11:09 a.m.)

1                    **CERTIFICATE OF OFFICIAL REPORTER**

2

3    COUNTY OF LOS ANGELES    )
                              )
4    STATE OF CALIFORNIA      )

5

6              I, MYRA L. PONCE, FEDERAL OFFICIAL REALTIME COURT

7    REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE

8    CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT

9    TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING

10   IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY

11   REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT

12   THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE

13   REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

14

15

16

17                    DATED THIS 23RD DAY OF JULY, 2021.

18

19

20                         /S/ MYRA L. PONCE

                    _____
21                    MYRA L. PONCE, CSR NO. 11544, CRR, RDR
                           FEDERAL OFFICIAL COURT REPORTER
22

23

24

25

**UNITED STATES DISTRICT COURT**