UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Erika Lee<br><br>    Plaintiff,<br>v.<br>Delta Air Lines Inc.,<br>    Defendant. | Case No.: CV 20-8754-CBM-(JEMx)<br><br>**ORDER RE: PLAINTIFF'S "MOTION FOR RECONSIDERATION PURSUANT TO FRCP 59(E), 60(B) AND L.R. 7-18; MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT; REQUEST FOR JUDICIAL NOTICE" [57]** |

The matter before the Court is Plaintiff Erika Lee's "Motion for Reconsideration Pursuant to FRCP 59(e), 60(b) and L.R. 7-18; Motion for Extension of Time To Amend Complaint; Request for Judicial Notice," noticed for hearing on July 8, 2021. (Dkt. No. 57 (the "Motion").) The matter is fully briefed. (Dkt. Nos. 58, 63.)[1]

### I.     BACKGROUND

This is an employment discrimination action filed by Plaintiff Erika Lee on

---

[1] Plaintiff's reply exceeded the 25-page limit set forth in Local Rule 11-6, and the 10-page limit for reply briefs set forth in the Court's Standing Order (Dkt. No. 8 at p.4). Plaintiff is again advised that the Court may strike or decline to consider Plaintiff filings to the extent they violate applicable rules and/or the Court's orders.

1

September 21, 2020, arising from her termination from employment by Defendant Delta Air Lines Inc. ("Defendant" or "Delta"). The First Amended Complaint ("FAC"), filed as a matter of right on December 28, 2020, asserted fourteen causes of action:  (1) "discrimination (race, color, disability and sex in violation of Title VII, ADA, FEHA, 1981)"; (2) hostile work environment; (3) "retaliation (requesting reasonable accommodations, applying for FMLA, disability, testifying in another employee's sex discrimination case, engaging with attorney to file worker's compensation claim, opposing sex discrimination, opposing racial discrimination)"s; (4) failure to prevent discrimination, harassment, and retaliation; (5) intentional infliction of emotional distress; (6) negligent hiring, supervision, and retention; (7) "violations of Title VII (sex, race, disability, color, retaliation, hostile work environment)"; (8) "racial discrimination in violation of 42 U.S.C. § 1981 (retaliation, hostile work environment, discrimination, failure to promote, disparate treatment)"; (9) failure to interact (FEHA & ADA); (10) failure to accommodate (FEHA & ADA); (11) violations of FMLA/CFRA; (12) aiding & abetting; (13) violation of Civil Code Section 52.1; and (14) violation of Civil Code Section 1102.5.  (Dkt. No. 11.)

On June 2, 2021, the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's FAC as follows:

    1)    The Court denied Defendant's Motion to Dismiss pursuant to Rule 8 as an improper "shotgun pleading";

    2)    The Court granted Defendant's Motion to Dismiss Plaintiff's Title VII and ADA claims with prejudice as time-barred;

    3)    The Court granted Defendant's Motion to Dismiss Plaintiff's race discrimination and hostile work environment claims under FEHA without leave to amend for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust her administrative remedies;

    4)    The Court granted Defendant's Motion to Dismiss Plaintiff's failure to prevent race discrimination and a hostile work

environment claims without leave to amend for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust her administrative remedies, and denies Defendant's Motion to Dismiss Plaintiff's failure to prevent sex and disability discrimination claims;

5) The Court granted Defendant's Motion to Dismiss Plaintiff's disability discrimination claim under FEHA for failure to state a claim with leave to amend;

6) The Court granted Defendant's Motion to Dismiss Plaintiff's failure to accommodate claim for failure to state a claim with leave to amend;

7) The Court denied Defendant's Motion to Dismiss Plaintiff's failure to engage in interactive process claim under FEHA;

8) The Court granted Defendant's Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim with prejudice to the extent it is based on Rangel and Turnpap's alleged misconduct because it is time-barred, and denies Defendants' Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim based on alleged conduct that occurred in 2019;

9) The Court granted Defendant's Motion to Dismiss Plaintiff's negligent hiring, supervising and retaining claim with prejudice as time-barred to the extent it is based on Rangel and Turnpap's alleged misconduct; and dismisses Plaintiff's negligent hiring, supervising and retaining claim based on other misconduct for failure to state a claim with leave to amend;

10) The Court granted Defendant's Motion to Dismiss Plaintiff's "FMLA/CFRA Interference & Retaliation" claim for failure to state a claim with leave to amend;

11) The Court granted Defendant's Motion to Dismiss Plaintiff's "aiding & abetting" claim for failure to state a claim with leave to amend;

12) The Court granted Defendant's Motion to Dismiss Plaintiff's claim for violation of the Bane Act, Cal. Civ. Code § 52.1, for failure to state a claim with leave to amend;

13) The Court denied Defendant's Motion to Dismiss Plaintiff's

3

California Labor Code § 1102.5; and

14) The Court granted Defendant's Motion to Dismiss Plaintiff's California state law claims with prejudice to the extent they are predicated on alleged conduct that occurred outside of California.

(Dkt. No. 56 (the "Order").) On June 4, 2021, Plaintiff filed the instant Motion seeking reconsideration of the Court's Order re: Defendant's Motion to Dismiss Plaintiff's FAC and requesting an extension of time to file an amended complaint. (Dkt. No. 22.) At the July 7, 2021 hearing, Plaintiff requested that the Court rule on the instant Motion notwithstanding the fact that she had filed a Third Amended Complaint on June 16, 2021 (*see* Dkt. No. 62).

## II.  STATEMENT OF THE LAW

Reconsideration of the district court's decision is "appropriate" if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Moreover, Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

## III.  DISCUSSION

**A.  Meet and Confer**

It is unclear whether Plaintiff met and conferred regarding all of the issues raised in the instant Motion for Reconsideration as required by Local Rule 7-3. Plaintiff is reminded that Local Rule 7-3 requires Plaintiff to "discuss thoroughly, . . . the substance of the contemplated motion and any potential resolution." The Court orders Plaintiff to comply with all applicable rules, including but not limited

to this district's local rules.

**B.     Plaintiff's "Supplement" to the Motion for Reconsideration**

Plaintiff filed the instant 27-page Motion for Reconsideration on June 4, 2021.  On June 7, 2021, Plaintiff filed a 21-page "Supplement" to the Motion without leave of Court (Dkt. No. 59), in violation of the Court's Standing Order.[2] (*See* Dkt. No. 8 ("No supplemental brief shall be filed without prior leave of Court.").)  Because Plaintiff's Motion for Reconsideration exceeded 25 pages, Plaintiff's "Supplement" also violates Local Rule 11-6 which limits briefs to 25 pages "unless permitted by order of the judge."  Plaintiff's "Supplement" also violates Local Rule 7-5, which provides that a moving party must file and serve "with the notice of motion . . . [a] brief *but complete* memorandum in support thereof and the points and authorities upon which the moving party will rely" (emphasis added).  Accordingly, the Court **STRIKES** Plaintiff's "Supplement" as improper because it violates Local Rules 7-5 and 11-6, and the Court's Standing Order.

**C.     Plaintiff's Request for Judicial Notice**

Plaintiff requests that the Court take judicial notice of 1) a right to sue letter dated April 3, 2021 from the Department of Fair Employment & Housing ("DFEH") and administrative complaint filed by Plaintiff with DFEH dated April 3, 2021 (Plaintiff's Ex. A); 2) a 2020 Calendar showing September 19 and 20, 2020 was a Saturday and Sunday, and December 24 and 25, 2020 were Court holidays and December 26 and 27, 2020 was a Saturday and Sunday, respectively; and 3) the EEOC Website https://www.eeoc.gov/time-limits-filing-charge, which states "Holidays and weekends are included in the calculation, although if the

---

[2] Although Plaintiff's "Supplement" was stamped as filed on June 7, 2021, it was not entered on the case docket until June 21, 2021.  Defendant's opposition was due on June 17, 2021 based on the noticed hearing date (*see* L.R. 7-9), and therefore Defendant did not have an opportunity to respond to Plaintiff's "Supplement" in its Opposition to Plaintiff's Motion for Reconsideration.

deadline falls on a weekend or holiday, you will have until the next business day." (Dkt. No. 45.)

Plaintiff provides no basis on which the Court may take judicial notice of the April 3, 2021 right to sue letter for purposes of reconsidering its Order re: Defendant's Motion to Dismiss. The Court previously denied Plaintiff's request for judicial notice of the April 3, 2021 right to sue letter because it is based on purported incidents or conduct that occurred after the FAC was filed on December 28, 2020, which are not alleged in the FAC. (Order at 4-5.) Moreover, the April 3, 2021 right to sue letter does not constitute newly discovered evidence or an intervening change in law which can be the basis of a motion for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263. The Court may take judicial notice of the 2020 calendar because its accuracy is not subject to reasonable dispute. *See Markowitz v. United Parcel Serv., Inc.*, 2016 WL 3598728, at *4 (C.D. Cal. July 1, 2016), *aff'd,* 711 F. App'x 430 (9th Cir. 2018). Taking judicial notice of the EEOC's website which discusses discounting weekends and holidays is unnecessary because the Federal Rules govern calculating deadlines and address exclusion of weekends and holidays. *See* Fed. R. Civ. Proc. 6(a) ("if the last day is Saturday, Sunday, or legal holiday, then the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Accordingly, the Court denies Plaintiff's request of judicial notice of the April 3, 2021 right to sue letter and EEOC website, and grants Plaintiff's request for judicial notice of the 2020 calendar.

**D.     Title VII and ADA Claims**

Plaintiff seeks reconsideration of the Court's Order dismissing her Title VII and ADA claims without leave to amend as time barred.

A plaintiff must bring her Title VII and ADA claims within ninety days of receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). The 90-day limitations period is measured "from the date on which a

6

right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). "Where that date is known," the claimant is "deemed . . . to have received notice on that date, regardless of whether the claimant personally saw the right-to-sue letter." *Id*. Where the actual date of receipt is unknown, the Ninth Circuit applies a rebuttable presumption that the plaintiff received the right-to-sue letter within three days of the date of the issuance of the letter. *Id*. at 1126.

The Court held Plaintiff's Title VII and ADA claims were time-barred because the FAC alleged Plaintiff "received DFEH/EEOC right to sue letter on or around 06/19/2020" (FAC at p.2) and therefore Plaintiff was required to file a complaint asserting claims under Title VII and the ADA no later than September 17, 2020, but Plaintiff's complaint was not filed until September 21, 2020. (Order at 6-7.) Plaintiff argues her Title VII and ADA claims are timely and now submits a copy of the EEOC's right to sue letter which shows it was issued on September 22, 2020 (not on July 19, 2020 as alleged in the FAC). Based on new evidence of the EEOC's September 22, 2020 right to sue letter, Plaintiff is presumed to have received the EEOC's right to sue letter by September 25, 2020. *Payan*, 495 F.3d at 1126. Therefore, the last date for Plaintiff to file her Title VII and ADA claims was December 28, 2020.[3] Accordingly, the new facts and evidence submitted by Plaintiff demonstrate her Title VII and ADA claims are timely because Plaintiff filed the complaint which asserted violations of Title VII and ADA on September 21, 2020.

Defendant argues these facts and evidence were known to Plaintiff when she filed her opposition to Defendant's motion to dismiss, and therefore Plaintiff cannot rely on them in seeking reconsideration of the Court's Order. However,

---

[3] 90 days from September 25, 2020 would have been December 24, 2020, which was a holiday, and therefore the last day for Plaintiff to file her Title VII and ADA claims would have been the next business day, which was December 28, 2020.

Plaintiff declares she did not receive the September 22, 2020 EEOC right to sue letter until April 2021 when her roommate gave her a copy of the letter. (Plaintiff Decl. ¶¶ 4-5.) Plaintiff's opposition to Defendants' motion to dismiss was filed on March 17, 2021, and therefore Plaintiff had not received a copy of the EEOC's right to sue letter at the time her opposition was filed. Accordingly, the Court finds the EEOC's September 22, 2020 right to sue letter constitutes newly discovered evidence warranting reconsideration of the Court's Order. Moreover, the Court finds dismissal of Plaintiff's Title VII and ADA claims as time-barred would be manifestly unjust in light of the EEOC's September 22, 2020 right to sue letter which demonstrates Plaintiff's timely filed her Title VII and ADA claims. *See Sch. Dist. No. 1J, Multnomah Cty.*, 5 F.3d at 1263.

Accordingly, the Court grants Plaintiff's Motion for Reconsideration of the Court's Order dismissing Plaintiff's Title VII and ADA claims without leave to amend as time barred. The Court shall issue an amended order denying Defendant's Motion to Dismiss Plaintiff's Title VII and ADA claims on the basis they are time barred.[4]

**E.  Second Amended Complaint**

Plaintiff also argues the Court erred in granting Defendant's Motion to Dismiss Plaintiff's FAC because she had already filed and served a second amended complaint which she contends mooted the FAC and is the "operative complaint" in this action. However, Plaintiff's second amended complaint was stricken on March 11, 2021, because Plaintiff had previously filed the FAC as a matter of right and Plaintiff failed to obtain Defendants' written consent or leave

---

[4] The "mailbox rule" identified by Plaintiff is irrelevant because it applies to incarcerated inmates, and Plaintiff does not argue nor demonstrate she was incarcerated at the time she mailed her complaint. The Court need not reach Plaintiff's arguments regarding circumstances involving the pandemic and Rule 15 with respect to her Title VII and ADA claims since the Court finds in this Order that Plaintiff timely filed those claims based on new evidence regarding the EEOC's September 22, 2020 right to sue letter.

8

1  of court Plaintiff prior to filing the second amended complaint as required by
2  Federal Rule of Civil Procedure 15. (Dkt. No. 29.)⁵  Therefore, the Court denies
3  Plaintiff's Motion for Reconsideration based on Plaintiff's contention that the
4  second amended complaint is the "operative complaint."

**F.     Affirmative Defense of Exhaustion of Administrative Remedies**

Plaintiff also contends the Court erred in dismissing some of her claims based on "Defendants [sic] affirmative defense of exhaustion" because it is only proper to raise that defense on a Rule 56 summary judgment motion, and the Court did not give Plaintiff notice that it was converting Defendant's Rule 12 motion to a Rule 56 summary judgment motion. However, an affirmative defense "may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). Here, the Court granted Defendant's Motion to Dismiss Plaintiff's race discrimination and hostile work environment claims under FEHA and failure to prevent race discrimination and a hostile work environment claims without leave to amend based on Plaintiff's failure to exhaust her administrative remedies, which was readily determined based on the allegations in the FAC and matters incorporated by reference. (*See* Order at 7-10.) The Court did not consider evidence in finding Plaintiff failed to exhaust her administrative remedies as to these claims, and did not convert Defendant's Rule 12(b) motion to dismiss to a summary judgment motion. Accordingly, the Court denies Plaintiff's Motion for Reconsideration of the Order based on Plaintiff's contention that the defense of

---

⁵ Plaintiff filed a motion for reconsideration of the Court's March 11, 2021 order, arguing that the Court must deny Defendant's motion to dismiss because Plaintiff filed a second amended complaint and "the motion to dismiss targets the original complaint which is no longer in effect." (Dkt. No. 31.) On March 17, 2021, the Court denied Plaintiff's motion for reconsideration, explaining again that "Plaintiff may only amend the complaint once as a matter of right pursuant to Federal Rule of Civil Procedure 15(a), and she already did so when filing the First Amended Complaint. (Dkt. No. 29.) Therefore, Plaintiff cannot amend the complaint a second time without leave of court or Defendant's written consent pursuant to Federal Rule of Civil Procedure 15(a)." (Dkt. No. 33.)

exhaustion of administrative remedies could not be raised on a Rule 12 motion to dismiss.

**G.     Intentional Infliction of Emotional Distress Claim**

The Court granted Defendant's Motion to Dismiss Plaintiff's intentional infliction of emotional distress ("IIED") claim with prejudice "to the extent it is based on Rangel and Turnpap's alleged misconduct because it is time-barred." (Order at 29.)  The Court reasoned "[t]he dates of Rangel and Turnpap's alleged misconduct pled in the FAC occurred in October-November of 2018," and "[t]herefore, Plaintiff was required to bring her intentional infliction of emotional distress claim against Rangel and Turnpap, and her intentional infliction of emotional distress claim against Delta (Rangel and Turnpap's employer) based on Rangel and/or Turnpap's alleged misconduct, no later than November 2020" pursuant to the two-year statute of limitations for IIED claims.  (*Id*. at 16.) Accordingly, the Court found Plaintiff's IIED claim based on Rangel and Turnpap's alleged misconduct in October-November of 2018 was time-barred because Plaintiff did not file her IIED claim until December 28, 2020.  (*Id*.)

Plaintiff argues her IIED claim was "equitably tolled due to continual violation doctrine" because Defendants' conduct "has continued until 2021," and attaches a suspension letter dated March 26, 2021 from Delta to Plaintiff in support of this contention.  Plaintiff previously requested that the Court take judicial notice of the suspension letter which Plaintiff had argued showed the continuing violation doctrine applied in connection with Defendant's Motion to Dismiss.  The Court, however, found 1) Plaintiff did not timely file her request for judicial notice of the suspension letter; and 2) judicial notice of the suspension letter was not proper because the suspension letter was based on purported incidents and conduct that were not alleged in the FAC and which occurred after the FAC was filed.  (Order at 4-5.)  Moreover, the suspension letter does not constitute newly discovered evidence which may be the basis of a motion for

reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263. Therefore, the Court cannot consider the suspension letter for purposes of reconsidering its Order dismissing Plaintiff's IIED claim.

Plaintiff, however, also argues her IIED claim was tolled based on a workers' compensation claim she filed. Plaintiff declares "[a]round July 2019, Plaintiff's lawyer filed a Workers Compensation Claim for emotional distress where she's been seeing a psychotherapist for the emotional distress and sex, race and disability harassment/hostile work environment that she was subjected to from 2012 through July 2019." (Plaintiff's Decl. ¶ 6.)

Under California law, the pursuit of a claim through administrative proceedings tolls the statute of limitations where the administrative proceeding may be dispositive of an essential element of the legal cause of action. *See Elkins v. Derby*, 12 Cal. 3d 410 (1974); *Olson v. Cty. of Sacramento*, 38 Cal. App. 3d 958, 965 (1974). However, for equitable tolling to apply, a plaintiff must allege (1) "timely notice" of the claim to the defendant; (2) "lack of prejudice[] to the defendant"; and (3) "reasonable and good faith conduct on the part of the plaintiff." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008); *see also Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999). "[W]here, like here, the time-bar appears 'on the face of the complaint,' the party seeking equitable tolling 'has an obligation to anticipate the defense and plead facts to negative the bar.'" *Mimms v. Lewis*, 2016 WL 5329625, at *6 (C.D. Cal. May 3, 2016), *report and recommendation adopted*, 2016 WL 5329552 (C.D. Cal. Sept. 20, 2016), *aff'd,* 698 F. App'x 522 (9th Cir. 2017) (quoting *Union Carbide Corp. v. Super. Ct.*, 36 Cal. 3d 15, 25 (1984)). Here, although the FAC alleges Plaintiff "engaged with a lawyer to file [sic] Workers Compensation claim" (FAC ¶ 9), Plaintiff does not plead facts demonstrating the three requirements for equitable tolling apply. However, Plaintiff demonstrates amendment as to her IIED claim may not be futile. Accordingly, the Court grants Plaintiff's Motion for

11

Reconsideration as to Order dismissing Plaintiff's IIED claim with prejudice. The Court shall issue an amended order granting Plaintiff leave to amend to allege facts demonstrating equitable tolling based on Plaintiff's workers' compensation claim applies to her intentional infliction of emotional distress claim arising from Rangel and Turnpap's alleged misconduct.

**H.**     **Error in Denying Plaintiff's Attempt to "Supplement Pleadings"**

Plaintiff argues the Court erred and violated Rule 15 which requires "liberally construing Plaintiffs [sic] attempt to supplement her complaint when she filed a Request for Judicial notice in early May 2021" regarding a 9/22/2020 EEOC Right to Sue Letter. However, Plaintiff cannot amend a complaint by filing a request for judicial notice. Moreover, Plaintiff previously filed the First Amended Complaint as a matter or right and therefore any subsequent amended complaint could not be filed absent Defendants' written consent or leave of Court.

**I.**     **Plaintiff's Request for Sanctions**

Plaintiff requests Rule 11 and "1927 sanctions" in her reply brief. It is unclear what "1927 sanctions" refers to. To the extent Plaintiff requests sanctions pursuant to 28 U.S.C. § 1927, Plaintiff's request is denied because Section 1927 there is no evidence Defendants have acted unreasonably and vexatiously, and Plaintiff is not an attorney. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Plaintiff's request for Rule 11 sanctions raised in her reply brief is denied without prejudice because it was not filed as a separately noticed motion. *See* Fed. R. Civ. Proc. 11(c) ("A motion for sanctions must be made separately from any other motion" and requires notice be given.).

## IV. CONCLUSION

Based on the forgoing, the Court **GRANTS** Plaintiff's Motion for Reconsideration as to the Court's June 2, 2021 Order re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with respect to Plaintiff's Title VII, ADA, and IIED claims. Plaintiff's Motion for Reconsideration is otherwise **DENIED**. The Court issues an amended order re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint consistent herewith.

Because Plaintiff has filed a Third Amended Complaint (*see* Dkt. No. 62), Plaintiff's Request for Extension of Time to File Amended Complaint is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: August 23, 2021.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE