1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17

Erika Lee

     Plaintiff,

v.

Delta Air Lines Inc.,

     Defendant.

Case No.:  CV 20-8754-CBM-(JEMx)

**AMENDED ORDER RE: DEFENDANT DELTA AIR LINES INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 8 AND FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**

18
19
20

The matter before the Court is Defendant Delta Air Lines Inc.'s "Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 8 and Failure to State a Claim Under Rule 12(b)(6)."  (Dkt. No. 22.)  The matter is fully briefed.

21

## I.    BACKGROUND

22
23
24
25
26
27
28

This is an employment discrimination action filed by pro se Plaintiff Erika Lee on September 21, 2020, arising from her termination from employment by Delta Air Lines Inc.  Plaintiff's First Amended Complaint ("FAC"), filed as a matter of right on December 28, 2020, asserts the following causes of action:  (1) "discrimination (race, color, disability and sex in violation of Title VII, ADA, FEHA, 1981)"; (2) hostile work environment; (3) "retaliation (requesting reasonable accommodations, applying for FMLA, disability, testifying in another

employee's sex discrimination case, engaging with attorney to file worker's compensation claim, opposing sex discrimination, opposing racial discrimination)"s; (4) failure to prevent discrimination, harassment, and retaliation; (5) intentional infliction of emotional distress; (6) negligent hiring, supervision, and retention; (7) "violations of Title VII (sex, race, disability, color, retaliation, hostile work environment)"; (8) "racial discrimination in violation of 42 U.S.C. § 1981 (retaliation, hostile work environment, discrimination, failure to promote, disparate treatment)"; (9) failure to interact (FEHA & ADA); (10) failure to accommodate (FEHA & ADA); (11) violations of FMLA/CFRA; (12) aiding & abetting; (13) violation of Civil Code Section 52.1; and (14) violation of Civil Code Section 1102.5.  (Dkt. No. 11.)

## II.    STATEMENT OF THE LAW

Federal Rule of Civil Procedure 8 requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  "Each allegation must be simple, concise, and direct."  *Id.* at (d)(1).  Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. Proc. 12(b)(6).  Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A formulaic recitation of the elements of a cause of action will not suffice.  *Twombly*, 550 U.S. at 555.  Labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  On a motion to dismiss for failure to state

a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). The court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III.   DISCUSSION

**A.   Meet and Confer**

Plaintiff filed an ex parte application to strike Defendant's Motion for failure to meet and confer pursuant to Local Rule 7-3. (Dkt. No. 44.) Plaintiff states Defendant sent her an email asking her to meet and confer about voluntarily dismissing her complaint on February 5, 2021, but contends she "had no obligation to meet and confer with Defendant" because she "never intended to voluntarily dismiss her complaint." The lack of a meet and confer based upon Plaintiff's refusal cannot be a basis for striking Defendant's Motion to dismiss. Accordingly, the Court denies Plaintiff's ex parte application to strike Defendant's Motion.

**B.   Defendant's Request for Judicial Notice**

Defendant requests that the Court take judicial notice of 1) Plaintiff's June 18, 2019 Equal Employment Opportunity Commission ("EEOC") and Department of Fair Employment and Housing ("DFEH") complaint; and 2) Plaintiff's June 5, 2020 DFEH Closure Determination letter. (Dkt. No. 22-3.)

Taking judicial notice of Plaintiff's administrative complaint filed with the EEOC/DFEH is unnecessary because it is incorporated by reference to the FAC. (*See* FAC at p.2 (alleging Plaintiff filed an administrative complaint with the DFEH/EEOC.) Accordingly, the Court denies Defendant's request for judicial notice as to Plaintiff's EEOC/DFEH Complaint as moot because it is incorporated by reference in the FAC. As to the June 5, 2020 DFEH Determination letter, the

1  Court may take judicial notice of the letter because it a record of an administrative

2  governmental body, and the accuracy of the source of the document cannot be

3  reasonably questioned.  Therefore, the Court grants Defendant's request for

4  judicial notice as to the June 5, 2020 DFEH Determination letter but the Court

5  cannot take judicial notice of the truth of the contents therein.[1]

6  **C.      Plaintiff's Request for Judicial Notice**

7          Plaintiff filed a "request for judicial notice ISO of Plaintiff's Timely filed

8  Claims &: In Opposition of Dkt.#35 [Defendant's reply in support of its Motion to

9  Dismiss]," wherein she requests that the Court take judicial notice of 1) a

10  suspension letter from Defendant dated March 26, 2021 (Plaintiff's Ex. A); and 2)

11  A right to sue letter dated April 3, 2021 from the Department of Fair Employment

12  & Housing ("DFEH") and administrative complaint filed by Plaintiff with DFEH

13  dated April 3, 2021 (Plaintiff's Ex. B).  (Dkt. No. 45.)

14          Plaintiff argues in her request for judicial notice:  "[M]y claims are not time

15  barred because they are continual violations as I keep being retaliated against and

16  discriminated against."  Therefore, Plaintiff's request for judicial notice is in

17  response to Defendant's contention raised in its Motion to dismiss that some of

18  Plaintiff's claims are time-barred (*see* infra).  Therefore, Plaintiff's request for

19  judicial notice is improper and untimely because it was filed after briefing was

20  completed for the instant Motion, and constitutes a surreply which was filed

21  without leave of Court.  Moreover, the Court cannot take judicial notice of the

22  March 26, 2021 suspension letter, the April 3, 2021 Right to Sue Letter from

23  DFEH, or the April 3, 2021 administrative complaint filed by Plaintiff with DFEH

24  because they are based on purported incidents/conduct that occurred after the FAC

25  _____

26  [1] *See* Fed. R. Evid. 201(b); *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("A court may take judicial notice of 'records and reports of

27  administrative bodies'"), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  However, the Court cannot take judicial

28  notice of the truth of the contents of the DFEH Determination Letter.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

was filed on December 28, 2020 which are not alleged in the FAC.[2]  Accordingly, the Court denies Plaintiff's request for judicial notice.

**D.     Fed. R. Civ. Proc. 8**

Defendant argues the FAC fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and the allegations are not "simple, concise, and direct," as required by Rule 8 because the FAC is 54 pages long and contains over 300 single-spaced paragraphs of "scattershot allegations" such that Defendant cannot determine the specific facts giving rise to each claim or the specific alleged conduct of each defendant against whom each claim is brought.[3]  Defendant also argues the FAC is an "improper shotgun pleading" which violates of Rule 8's short and plain statement requirement because the FAC lumps legal conclusion into the section "facts common to all causes of action" and incorporates by reference 200 paragraphs for each cause of action, which prejudiced Defendant because it cannot ascertain which allegations support which causes of action.

"Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010).  Here, the majority

_____

[2] *See Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009) (denying request for judicial notice of grievance submitted by Meador in which he challenged two additional instances of purported misconduct by prison officials and rejecting Meador's contention that the grievances were relevant because they demonstrated that the misconduct alleged in his complaint was not an isolated occurrence, finding the facts to be noticed were irrelevant because, *inter alia*, "both of the additional alleged instances occurred nearly a year *after* he filed his complaint"); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (denying requests for judicial notice of documents not referenced in the complaint and on which the allegations on the complaint did not necessarily rely, and noting "[t]he Court is aware of no authority that allows a plaintiff to request judicial notice of a document filed after the filing of the complaint to which the document allegedly pertains, at least where no set of allegations in the complaint either refers to such a document or necessarily relies on it").

[3] The FAC fails to comply with Local Rule 11-3, which requires pleading use 14-point font and double-spaced lines.

of Plaintiff's factual allegations are pled in paragraphs 16 through 210 of the FAC spanning over 25 pages of single-spaced text in small font, and do not refer to a particular cause of action.  Therefore, as pled, it is difficult to determine which allegations support which of the fourteen causes of action asserted by Plaintiff.[4] However, given Plaintiff's pro se status, the Court declines to dismiss the complaint as a "shotgun pleading" and instead rules on whether Plaintiff pleads sufficient facts to state a claim under Rule 12(b)(6) as to each of her causes of action.[5]

**E.     Fed. R. Civ. Proc. 12(b)6)**

Defendant also moves to dismiss the FAC for failure to state a claim under Rule 12(b)(6).

**(1)     Title VII and ADA Claims**

Plaintiff's first, second, third, seventh, tenth causes of action allege violation of Title VII and the ADA.  Defendant moves to dismiss Plaintiff's Title VII and ADA claims on the ground they are time-barred.  A plaintiff must bring her Title VII and ADA claims within ninety days of receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1) (requiring a civil action be commenced by the person claiming to be aggrieved under Title VII within ninety days after notice from the Commission); 42 U.S.C. § 12117(a) (adopting Title VII's 90-day limitations period after notice from the administrative agency to file a civil action under the ADA).  The 90-day limitations period is measured "from the date on which a

---

[4] *See, e.g., Byrd v. Cal. Super. Ct., Cty. of Marin*, 2009 WL 2031761, at *11 (N.D. Cal. July 8, 2009) ("[P]laintiff lumps together all of her constitutional claims without the necessary facts to support each of them, leaving it to the court to sort through paragraphs 1 to 100 of the complaint to match facts to claims. This the court will not do.").

[5] *See Philbert v. Shulkin*, 2017 WL 5185310, at *4 (C.D. Cal. Nov. 6, 2017) (noting "[s]hotgun pleadings, meaning pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses are generally unacceptable under Rule 8," and noting the complaint "is not a model of clarity," but concluding that the court "declines to dismiss the complaint as a 'shotgun pleading' in light of plaintiff's pro se status").

right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). "Where that date is known," the claimant is "deemed . . . to have received notice on that date, regardless of whether the claimant personally saw the right-to-sue letter." *Id*. Where the actual date of receipt is unknown, the Ninth Circuit applies a rebuttable presumption that the plaintiff received the right-to-sue letter within three days of the date of the issuance of the letter. *Id*. at 1126. Here, the EEOC's right to sue was issued on September 22, 2020, and Plaintiff is presumed to have received the EEOC's right to sue letter by September 25, 2020. *Id.* Therefore, the last date for Plaintiff to file her Title VII and ADA claims was December 28, 2020.[6] Accordingly, Plaintiff's Title VII and ADA claims are timely because Plaintiff filed the complaint which asserted violations of Title VII and ADA on September 21, 2020. Therefore, the Court denies Defendant's Motion to Dismiss Plaintiff's Title VII and ADA claims as time barred.

### (2)     Failure to Exhaust FEHA and Title VII Race Discrimination and Hostile Work Environment Claims

Defendant also moves to dismiss Plaintiff's hostile work environment and race-based claims under FEHA and Title VII for failure to exhaust her administrative remedies because the scope of Plaintiff's EEOC/DFEH claim was limited to disability and gender/sex-based allegations of discrimination and retaliation, and did not reference a hostile work environment or race-related discrimination/retaliation.

Before suing for violation of the FEHA, a plaintiff must file a timely and sufficient administrative complaint with DFEH and receive a "right-to-sue notice." Cal. Govt. Code §§ 12960, 12965(b). Moreover, a plaintiff must exhaust

---

[6] 90 days from September 25, 2020 would have been December 24, 2020, which was a holiday, and therefore the last day for Plaintiff to file her Title VII and ADA claims would have been the next business day, which was December 28, 2020.

administrative remedies before seeking adjudication of a Title VII claim by filing
a timely charge with the EEOC.  42 U.S.C. § 2000e–5(f)(1); *Lyons v. England,*
307 F.3d 1092, 1103–04 (9th Cir. 2002).  While specific claims made in district
court "ordinarily must be presented to the EEOC[,] . . . the district court has
jurisdiction over any charges of discrimination that are 'like or reasonably related
to' the allegations made before the EEOC, as well as charges that are within the
scope of an EEOC investigation that reasonably could be expected to grow out of
the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citations
omitted); *see also Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271 (9th
Cir. 1981) ("[A] federal court has jurisdiction over claims 'reasonably related to
the allegations of the EEOC charge.'").  Discrimination claims are not "like or
reasonably related" if they arise under different statutes or theories.[7]

Here, Plaintiff's DFEH/EEOC administrative complaint included a charge
of discrimination under Title VII and the ADA on the basis of her sex and
disability, and asserted retaliation for requesting a disability-related
accommodation and "due to be[ing] a witness in a discrimination or harassment
complaint."  (Defendant's RJN Ex. 2.)  Because Plaintiff's administrative
complaint did not assert nor reference discrimination/retaliation on the basis of her
race or a hostile work environment, Plaintiff failed to exhaust her administrative
remedies as to those claims.  *See Leong*, 347 F.3d at 1120-21; *Shah*, 642 F.2d at
271-72.  Accordingly, the Court dismisses Plaintiff's Title VII and FEHA race
discrimination and hostile work environment claims for lack of subject matter

---

[7] *See Leong*, 347 F.3d at 1120-21 (the district court properly dismiss the plaintiff's
disability discrimination claim under the Rehabilitation Act for lack of subject
matter jurisdiction for failure to exhaust administrative remedies as to that claim
where the plaintiff only asserted discrimination claims on the basis of his race,
color, religion, sex, national origin, and/or age before the EEOC and did not
mention disability discrimination); *Shah*, 642 F.2d at 271-72 (the district court
properly dismiss the plaintiff's claims for race, color and religious discrimination
for lack of subject matter jurisdiction where the plaintiff only asserted a claim for
race discrimination with the EEOC).

1    jurisdiction based on Plaintiff's failure to exhaust her administrative remedies.

2              **(3)    Failure to Prevent Claim**

3              Plaintiff's fourth cause of action is a claim for failure to prevent

4    discrimination, harassment and retaliation under FEHA, Cal. Gov't Code § 12900

5    *et seq*.  California Government Code § 12940(k) provides it is unlawful for "an

6    employer . . . to fail to take all reasonable steps necessary to prevent

7    discrimination and harassment from occurring."  Defendant moves to dismiss

8    Plaintiff's failure to prevent claim under FEHA on the ground it fails as a matter

9    of law to the extent it is derivative of Plaintiff's Title VII, harassment/hostile work

10   environment, and race-based FEHA claims because those underlying claims fail as

11   a matter of law because they are time-barred or because Plaintiff failure to exhaust

12   her administrative remedies as discussed above.

13             However, California Cal. Gov't Code § 12965 provides that claims for

14   violation of Section 12940 must be brought "within one year from the date of" the

15   right-to-sue notice from the agency.  Therefore, the Court cannot dismiss

16   Plaintiff's failure to prevent discrimination/harassment/retaliation claims under

17   Cal. Gov't Code § 12940(k) based on the fact Plaintiff's Title VII and ADA

18   claims were not timely.  That said, failure to prevent discrimination, harassment,

19   and retaliation claims under Cal. Gov't Code § 12940(k) are subject to the

20   administrative remedies exhaustion requirement.  *See* Cal. Gov't Code § 12960

21   (administrative remedies exhaustion requirement for claims under Cal. Gov't

22   Code § 12940).  Accordingly, because Plaintiff failed to exhaust her

23   administrative remedies as to the underlying Title VII and FEHA race

24   discrimination and hostile work environment claims, Plaintiff also failed to

25   exhaust her administrative remedies as to her claim for failure to prevent race

26   discrimination and a hostile work environment.  Accordingly, the Court dismisses

27   Plaintiff's failure to prevent race discrimination and a hostile work environment

28   claims without leave to amend.

1                    **(4)    Disability Discrimination under FEHA and ADA**

2            Plaintiff's first cause of action includes a claim for disability discrimination

3    under FEHA and the ADA.[8]  "To state a claim for disability discrimination under

4    the ADA, a plaintiff must plausibly allege that she: (1) is a disabled person within

5    the meaning of the ADA; (2) is qualified, with or without reasonable

6    accommodation, to perform the essential functions of the job; and (3) suffered an

7    adverse employment action because of her disability." *Ting v. Adams & Assocs.,*

8    *Inc.*, 823 F. App'x 519, 522 (9th Cir. 2020) (citing *Bradley v. Harcourt, Brace &*

9    *Co.*, 104 F.3d 267, 271 (9th Cir. 1996); 42 U.S.C. § 12112)).  Similarly, to state a

10   claim for disability discrimination under FEHA, a plaintiff must allege "(1) [s]he

11   suffers from a disability; (2) [s]he is otherwise qualified to do [her] job; and, (3)

12   [s]he was subjected to adverse employment action because of [her] disability."

13   *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

14           Defendant argues Plaintiff fails to plead sufficient facts plausibly showing

15   that she had a qualifying disability.  While the FAC alleges Plaintiff has a

16   "mobility impairment" disability, "was unable to walk up stairs," and suffers from

17   "depression/anxiety/PTSD" (*see* FAC ¶¶ 8, 13, 30, 32, 74, 75, 184), and alleges in

18   a conclusory fashion that Plaintiff's "mobility impairment and/or depression . . .

19   was affecting a major life activity of working" (*id*. ¶ 284), the FAC does not allege

20   how Plaintiff's alleged mobility impairment, depression, anxiety or PTSD limited

21   her ability to work.[9]

22   _____

23   [8] The First Cause of Action also asserts discrimination on the basis of race, color
     and sex in violation of Title VII and FEHA.

24   [9] *Cf. Robinson v. HD Supply, Inc.,* 2012 WL 5386293, at *4 (E.D. Cal. Nov. 1,
     2012) (finding plaintiff sufficiently alleged the first element for his disability

25   discrimination claim regarding a qualified disability where the plaintiff alleged
     "he suffered from PTSD, and that his PTSD 'interfered with [his] ability to

26   coordinate with his coworkers' and 'hindered his ability to concentrate,' both of
     which were 'essential function[s]' of his job"); *Ali v. Paypal, Inc.*, 2019 WL

27   11691425, at *6 (N.D. Cal. Mar. 26, 2019) (finding the plaintiff failed to allege
     sufficient facts regarding the first element of a qualifying disability where the

28   complaint only listed plaintiff's disabilities as "anxiety, high blood pressure,
     depression, chronic back pain and other related health conditions" without further

Defendant also contends Plaintiff fails to allege what the "essential functions" of her job entailed or facts regarding her "ability to perform" those essential functions. The FAC alleges "Plaintiff was performing competently in the job position she held at Delta Air Lines, Inc, more specifically from June 2016 through 2020" (FAC ¶ 153), "was able to perform all of the essential functions of her position with or without a reasonable accommodation from October 2018 through December 2020" (*id.* ¶ 181).[10] The FAC, however, also alleges "[f]rom 2018-2020, Plaintiff's mobility impairment limited several major life activities, such as working" (*id.* ¶ 177), and "Plaintiff was both previously out on a 'medical leave' in 2016 and/or that Plaintiff was out in 2018 based on an on the job injury that Plaintiff sustained at Los Angeles Airport, where Plaintiff was undergoing treatment and/or physical therapy for these workplace injuries Plaintiff sustained while working for Delta, which proves that Plaintiff was perceived to have at the very least a temporary and/or long term disability since it required to be unable to work [sic], necessitating a medical leave" (*id.* ¶ 188). While the FAC includes conclusory allegations that Plaintiff was able to perform the essential functions of her job and was qualified to perform her job, Plaintiff does not allege any facts setting forth the essential functions of her job or her qualifications to perform the job. Accordingly, Plaintiff fails to state sufficient facts as to the second element of her disability discrimination claims under FEHA and the ADA.[11] Moreover, the

_____

explanation, reasoning the plaintiff "fail[ed] to provide any details regarding these disabilities, such as their severity, duration or impact" and "fail[ed] to identify what major life activities the alleged disabilities impair").

[10] *See also* FAC ¶ 185 (alleging "Plaintiff is a qualified individual under FEHA, meaning Plaintiff was able to perform the essential functions of the job position from October 2018- present, with or without a reasonable accommodation").

[11] *See Ali v. PayPal, Inc.*, 2019 WL 11691431, at *7 (N.D. Cal. July 26, 2019) (finding the complaint filed to plead sufficient facts to satisfy the second element for the plaintiff's disability discrimination claim where the complaint contained "only conclusory allegations" that he could perform his job and failed to "identify any of the essential functions of his position or plead any factual allegations regarding his ability to perform them"), *aff'd*, 804 F. App'x 686 (9th Cir. 2020); *Willis v. Donahoe*, 2013 WL 6199176, at *2 (N.D. Cal. Nov. 26, 2013) (granting motion to dismiss disability discrimination claim in part because the complaint

allegations in the FAC are inconsistent with respect to whether Plaintiff was actually able to perform the essential functions of her job.  Accordingly, the Court dismisses Plaintiff's disability discrimination claims under FEHA and the ADA with leave to amend.

### (5)    Failure to Accommodate

Plaintiff's tenth cause of action is for Defendants' alleged failure to reasonably accommodate in violation of the ADA and Cal. Gov't Code § 12940(m)(1).  To state a claim for failure to accommodate under the ADA, Plaintiff must allege:  (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability."  *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).  To state a claim for failure to accommodate under FEHA, Plaintiff must allege:  (1) she has a disability covered by FEHA; 2) she can perform the essential functions of the position; and 3) Defendant failed reasonably to accommodate her disability.  *Brown v. Los Angeles Unified Sch. Dist.*, 275 Cal. Rptr. 3d 322, 333 (Cal. Ct. App. 2021).

Defendants argue Plaintiff fails to state a claim for failure to accommodate under the ADA and FEHA because Plaintiff does not allege she was a qualified individual able to perform the essential duties of her job with or without accommodation.  While the FAC alleges Plaintiff had a disability, the FAC does

_____

failed to identify the essential functions of the position for which she was qualified and concluding the plaintiff "has not provided sufficient factual detail regarding each element required to establish a prima facie case of disability discrimination"); *Anello v. Berryhill*, 2019 WL 285197, at *10 (N.D. Cal. Jan. 22, 2019) (finding allegations that "[i]n 2010, [Ms. Anello] was a qualified individual who, with or without a reasonable accommodation, could perform the essential functions of the position and satisfied the skill, experience, education, and other job-related requirements of the position, which [she] had been performing for many years" and she "always had good reviews, even after [her] work related injury" were "conclusory" and "insufficient to plausibly allege that Ms. Anello could have performed the essential functions with or without a reasonable accommodation").

not allege how Plaintiff's alleged mobility impairment, depression, anxiety or PTSD limited his ability to work.  Moreover, although the FAC includes conclusory allegations that Plaintiff was able to perform the essential functions of her job and was qualified to perform her job, Plaintiff does not allege any facts setting forth the essential functions of her job or her qualifications to perform the job.  Accordingly, Plaintiff fails to state a claim for failure to accommodate under the ADA and FEHA.[12]  Therefore, the Court dismisses Plaintiff's tenth cause of action for failure to accommodate with leave to amend.

### (6)    Failure to Interact

Plaintiff's ninth cause of action asserts Defendants failed to engage in interactive process in violation of FEHA, Cal. Gov't Code § 12940(n). California Government Code § 12940(n) of FEHA provides it is an unlawful employment practice "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."  Cal. Gov't Code § 12940(n).  Defendants argue Plaintiff fails to state a claim for failure to engage in the interactive process because the 1) FAC does not allege that Plaintiff offered a reasonable accommodation during the interactive process; 2) Plaintiff does not explain how her requested accommodations of a job transfer to another airport, reassignment to a vacant position, or parti-time or modified work schedules would address her alleged disabilities and permit her to perform her job duties; and 3) Plaintiff's contention that she requested a transfer as an

---

[12] *See Smith v. Constellation Brands, Inc.*, 725 F. App'x 504, 506 (9th Cir. 2018) (affirming district court's dismissal of the FEHA claims, including a failure to accommodate claim, where the complaint alleged conditions that might establish disability but "made no allegations regarding how those conditions affected [the plaintiff's] ability to work as a financial analyst").

1   accommodation for her alleged disabilities is contradicted by her allegation in the

2   FAC that she requested a transfer because she no longer had a place to live in Los

3   Angeles and wanted to return to her home in New York (*see* FAC ¶¶ 1, 55, 56, 80-

4   82).

5        However, the FAC alleges Plaintiff "had a disability and/or mobility

6   impairment that required a reasonable accommodation" (*id*. ¶ 13), Plaintiff told

7   Defendant and its third party administrator that she had a disability and/or

8   mobility impairment in September 2018" (*id*.), Delta was aware in or around

9   September 2018/October 2018 that plaintiff was both disabled, with a mobility

10  impairment" (*id*. ¶ 30), Plaintiff was unable to walk up stairs because of her

11  "disability and/or mobility impairment" in April 2019 and Plaintiff sent an email

12  to Delta asking for a reasonable accommodation that she be allowed to leave work

13  at the time her shift ended so that she "could secure a schedule ride home with a

14  para-transit ride sharing service for disabled people"  or else she would be forced

15  to take public transportation  but would not be able to do so because the metro

16  station she would have to go to "was inaccessible for disabled people with

17  mobility impairments" because it did not have any elevators and she would have

18  to walk up several flights of stairs that her disability/mobility impairment

19  "prevented her from doing" (*id*. ¶¶ 75, 76), she also informed Defendant Delta that

20  she had a disability in September 2019 (*id*. ¶ 21), and in 2019 Defendant denied

21  her reasonable accommodation requests "without any explanation and/or without

22  ever engaging in the interactive process at any time" (*id*. ¶¶ 71, 72).  Because the

23  FAC alleges Plaintiff had a disability, Delta was aware of her disability, Plaintiff

24  requested an accommodation, and Delta never gave her an explanation for denying

25  her requested accommodations and/or never engaged in the interactive process

26  with Plaintiff, Plaintiff states sufficient facts to state a claim for failure to engage

27  in the interactive process.[13]

28  

---

[13] *See, e.g., Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 909 (E.D. Cal. 2017)

As to Defendants' contention that Plaintiff failed to offer a reasonable accommodation, the duty to engage in the interactive process is generally "triggered upon notification of the disability and the desire for accommodation." *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (citations omitted).  While "an employee must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred" to proceed with a lawsuit based on an employer's failure to engage in the interactive process, a plaintiff is not required to identify such a reasonable accommodation at the pleading stage because often "[e]mployees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have."  *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015) (citing *Nealy v. City of Santa Monica,* 234 Cal. App. 4th 359, 379 (2015); *Scotch v. Art Institute of Cal.*, 173 Cal. App. 4th 986, 1018 (2009)).  Moreover, "[i]t is not an employee's responsibility to provide multiple alternative accommodations—that is the entire purpose of the interactive process." *Rizzio*, 2015 WL 5601352, at *9.  Therefore, the Court denies Defendant's Motion to Dismiss Plaintiff's tenth cause of action for failure to engage in interactive process claim under FEHA.

### (7)    Intentional Infliction of Emotional Distress Claim

Defendants moves to dismiss Plaintiff's fifth cause of action for intentional infliction of emotional distress on the ground it is time-barred under the applicable two-year statute of limitations.  California Code of Civil Procedure § 335.1 provides "[a]n action for assault, battery, or injury to, or for the death of, an

-------

(denying motion to dismiss plaintiff's failure to engage in interactive process claim under FEHA where the plaintiff alleged she suffers from a disability, she made defendant aware of her disability, defendant failed to engage in any interactive process to determine whether plaintiff should be granted accommodations for her disability); *Rizzio v. Work World Am., Inc.*, 2015 WL 5601352, at *9 (E.D. Cal. Sept. 22, 2015) ("Because Plaintiff alleges sufficient facts to indicate that she made Defendant aware of her disability and need for accommodation, Defendant's motion to dismiss ... is denied.").

individual caused by the wrongful act or neglect of another" must be brought within two years of the wrongful act.  Section 335.1's two-year statute of limitations applies to intentional infliction of emotional distress claims.[14]

Defendants argue to the extent Plaintiff's claim is based on alleged misconduct by Defendants Rangel and Turnpap, the claim is time-barred because the latest alleged misconduct by Rangel and Turnpap pled in the FAC was in December 2018.  The FAC alleges Rangel and Turnpap were managers at Delta's LAX Department (FAC ¶¶ 3, 4) and Plaintiff was transferred to another airport location in December 2018 (id. ¶ 138).  The dates of Rangel and Turnpap's alleged misconduct pled in the FAC occurred in October-November of 2018.[15] Therefore, Plaintiff was required to bring her intentional infliction of emotional distress claim against Rangel and Turnpap, and her intentional infliction of emotional distress claim against Delta (Rangel and Turnpap's employer) based on Rangel and/or Turnpap's alleged misconduct, no later than November 2020. However, Plaintiff's FAC was not filed until December 28, 2020.[16]  Accordingly, based on the face of the FAC, Plaintiff's intentional infliction of emotional distress based on Rangel and Turnpap's alleged misconduct appears to be time-barred under the two-year statute of limitations.

---

[14] *See Soliman v. CVS RX Servs., Inc.,* 570 F. App'x 710, 711 (9th Cir. 2014) ("Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims. Cal. Civ. Proc. Code § 335.1.").

[15] *See* FAC ¶ 40 (alleging Rangel and Turnpap retaliated against Plaintiff in September 2018); *id.* ¶ 62 (alleging in October 2018, Rangel told Plaintiff that she was prohibited from requesting any days off); *id.* ¶ 66 (alleging "[i]n October 2018, Defendant Delta and/or its managing agents disparately discriminated and/or retaliated against Plaintiff, because of her race and/or sex and/or for engaging in previous protected activity"); *id.* ¶ 91 (alleging "[b]ecause of Plaintiff's sex (female), Def. Delta and/or its managing agents, including but not limited to Def. Rangel and/or Def. Turnpap, individually and/or collectively, disparately discriminated against Plaintiff in or around October 2018"); *id.* ¶¶ 134-35 (alleging Turnpap made inappropriate comments about Plaintiff's race, age, taking FMLA leave, and disability "[a]round October/November 2018").

[16] Plaintiff's original complaint, filed on September 21, 2020, did not assert a claim for intentional infliction of emotional distress.

1    However, under California law, the pursuit of a claim through

2   administrative proceedings tolls the statute of limitations where the administrative

3   proceeding may be dispositive of an essential element of the legal cause of action.

4   *See Elkins v. Derby*, 12 Cal. 3d 410 (1974); *Olson v. Cty. of Sacramento*, 38 Cal.

5   App. 3d 958, 965 (1974).  For equitable tolling to apply, a plaintiff must

6   demonstrate (1) "timely notice" of the claim to the defendant; (2) "lack of

7   prejudice[] to the defendant"; and (3) "reasonable and good faith conduct on the

8   part of the plaintiff."  *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th

9   88, 102 (2008); *see also Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999).

10  "[W]here, like here, the time-bar appears 'on the face of the complaint,' the party

11  seeking equitable tolling 'has an obligation to anticipate the defense and plead

12  facts to negative the bar.'"  *Mimms v. Lewis*, 2016 WL 5329625, at *6 (C.D. Cal.

13  May 3, 2016), *report and recommendation adopted*, 2016 WL 5329552 (C.D. Cal.

14  Sept. 20, 2016), *aff'd,* 698 F. App'x 522 (9th Cir. 2017) (quoting *Union Carbide*

15  *Corp. v. Super. Ct.*, 36 Cal. 3d 15, 25 (1984)).  Here, although the FAC alleges

16  Plaintiff "engaged with a lawyer to file [sic] Workers Compensation claim" (FAC

17  ¶ 9), Plaintiff does not plead facts demonstrating the three requirements for

18  equitable tolling apply.  Accordingly, the Court dismisses Plaintiff's intentional

19  infliction of emotional distress claim based on Rangel and Turnpap's alleged

20  misconduct in 2018 as time-barred, with leave to amend to allege facts

21  demonstrating equitable tolling applies based on Plaintiff's workers'

22  compensation claim.

23    The FAC also alleges:

24       a.   "In 2018 and/or 2019, Delta's Equal Opportunity Department
25            failed to interact with Plaintiff after Plaintiff made several
             verbal and/or written requests for a Reasonable
26            Accommodation" and "Delta Air Lines and/or its managing
             agents intentionally and maliciously attempted to cause
27            Plaintiff more severe emotional distress by refusing and/or
             failing to interact and/or refusing to accommodate Plaintiff's
28            reasonable accommodation request" (FAC ¶¶ 79, 82);

b.   "Beginning in 2018-2019, Delta's Supervisor/Manager Bernadette Kamasi, acted with reckless disregard of the fact that her conduct would cause Plaintiff emotional distress when she constantly made sexually and/or racially harassing comments and gestures towards Plaintiff" (*id.* ¶ 150);

c.   "Because of Delta's Supervisor/Manager Bernadette Kamasi's outrageous sexually and racially harassing conduct targeted at Plaintiff in 2018 and 2019, Plaintiff suffered severe emotional distress, mental anguish, fright, fear, horror, grief, shame, humiliation, embarrassment, anger, disappointment, worry, etc. at a level that no reasonable person should be expected to endure" (*id.* ¶ 151); and

d.   "Delta's Supervisor/Manager Bernadette Kamasi's outrageous sexually and racially harassing conduct targeted at Plaintiff in 2018 and 2019 was a substantial factor in causing Plaintiff emotional distress" (*id.* ¶ 152).

Therefore, any intentional infliction of emotional distress claim against Delta based on alleged misconduct that occurred in 2019, including but not limited to alleged misconduct by Plaintiff's supervisor/manager Kamasi in 2019, is not time-barred.  Accordingly, the Court denies Defendants' Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim against Delta based on alleged conduct that occurred in 2019.

**(8)   Negligent Hiring, Supervising, and Retaining Claim**

Plaintiff's sixth cause of action is a negligent hiring, supervision and retention claim against Defendant.  Defendant contends the Court should dismiss Plaintiff's negligent hiring claim (1) because it is time-barred to the extent it is based on any alleged conduct by Defendants Rangel and Turnpap; and (2) for failure to plead a plausible claim because Plaintiff only pleads conclusory allegations and fails to plead what particular risk or hazard Defendant purportedly knew or should have known, or how it could have known, so that it would have been notice of potential discriminatory, harassing or retaliatory conduct by Rangel or Turnpap before or after Defendant hired them.[17]

---

[17] The original complaint alleged Defendant should have known Rangel and Turnpap would "engage in retaliatory, harassing, or discriminatory conduct" at the time they were hired.  (Compl. ¶¶ 246-49.)  However, this allegation was not included in the FAC.  Presumably, Plaintiff's negligent hiring, supervising and retention claim asserted in the FAC is based on conduct by Rangel (Defendant's

California Code of Civil Procedure § 335.1's two-year statute of limitations applies to negligent hiring claims.[18]  The latest alleged misconduct by Rangel and Turnpap pled in the FAC occurred in November 2018,[19] but the FAC was not filed until December 20, 2020.  Therefore, the Court dismisses Plaintiff's negligent hiring, supervision and retention claim as time-barred to the extent it is based on Rangel and Turnpap's alleged misconduct.[20]

As to Defendants' other argument regarding failure to state a claim, under California law, "[a]n employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit."  *Dent v. Nat'l Football League*, 902 F.3d 1109, 1121–22 (9th Cir. 2018) (quoting *Phillips v. TLC Plumbing, Inc.*, 91 Cal. Rptr. 3d 864, 868 (Cal. Ct. App. 2009)) (quotation omitted).  To state a claim for negligent hiring, supervision or retention, Plaintiff must allege the elements of negligence: "duty, breach, proximate causation, and damages."  *Id.*  As to the element of duty for negligent hiring, supervision and retention cases, Plaintiff must allege "the existence of an employment relationship *and* foreseeability of injury." *Id.* (citing *Phillips*, 91 Cal. Rptr. 3d at 870–71).

Here, the FAC alleges:

---

alleged HR Manager at Delta's LAX Department, *see* FAC ¶ 3) and Turnpap (Defendant's alleged manager of Delta's LAX Department, *see* FAC ¶ 4), who are the individual defendants named in the FAC whom Plaintiff alleges engaged in discriminatory, harassing, and retaliatory conduct.

[18] *See Unruh-Haxton v. Regents of Univ. of California,* 162 Cal. App. 4th 343, 357 (Cal. Ct. App. 2008), *as modified* (May 15, 2008) (§ 335.1's two-year statute of limitations applies to negligent supervision claims); *Marshall v. Boeing Co.*, 2018 WL 5099290, at *10 (C.D. Cal. Feb. 2, 2018) ("negligent supervision and retention claims are subject to California Civil Procedure Code section 335.1's two-year statute of limitations").

[19] The FAC alleges Plaintiff was "transferred to another airport in December 2018, where she escaped the constant retaliation, sex and race discrimination, and severely abusive racially and sexually hostile work environment that Plaintiff was subjected to by Defendants Rangel and Turnpap."  (FAC ¶ 139.)

[20] Plaintiff's original complaint did not assert a claim for negligent hiring, supervision, or retention.

(1) "Defendant owed a duty of care to plaintiff to appoint, hire, retain and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct" (FAC ¶ 247);

(2) "Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities" and "owed a duty of care to plaintiff to supervise their managers and employees closely to ensure they would refrain from harassing and retaliating against plaintiff" (*id.* ¶ 248); and

(3) "Defendants breached these duties" and "[a]s a result, defendants caused damages to plaintiff, . . . . including losses of earnings and benefits" (*id.* ¶ 249).

The FAC does not allege which managers or employees pertain to Plaintiff's negligent hiring, retention and supervision claim.  Even assuming Plaintiff's claim pertains to individual Defendants Rangel and Turnpap, the FAC fails to allege nonconclusory facts demonstrating Defendant knew or should have known that their hiring, supervision, and retention of Rangel and Turnpap was negligent nor allege any facts regarding foreseeable injury based on hiring, supervising, and retaining Rangel and Turnpap.  Accordingly, the Court dismisses Plaintiff's sixth cause of action for negligent hiring, supervising and retaining for failure to state a claim with leave to amend.[21]

### (9)    FMLA/CFRA Interference and Retaliation Claims

Plaintiff's eleventh cause of action asserts a claim for "FMLA/CFRA Interference & Retaliation."  To state an interference/retaliation claim under the FMLA, Plaintiff must allege "(1) [s]he was eligible for the FMLA's protections, (2) [her] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of [her] intent to take leave, and (5) [her] employer denied [her] FMLA benefits to which [s]he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).

---

[21] *See James v. U.S. Bancorp*, 816 F. App'x 181, 182 (9th Cir. 2020) (finding "[t]he district court properly dismissed plaintiffs' claim for negligent supervision or retention because plaintiffs failed to allege facts sufficient to show that defendants knew or should have known that their hiring decisions were negligent").

Similarly, to state an interference/retaliation claim under CFRA, Plaintiff must

allege "(1) the defendant was an employer covered by CFRA; (2) the plaintiff was

an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to

take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse

employment action, such as termination, fine, or suspension, because of her

exercise of her right to CFRA leave." *Dudley v. Dep't of Transp.*, 90 Cal. App.

4th 255, 261 (Cal. Ct. App. 2001).[22]

Defendant argues Plaintiff fails to plead a claim for interference with

FMLA and CFRA rights because Plaintiff does not plead facts demonstrating her

eligibility under the FMLA or CFRA.  Here, the FAC alleges:

> 1. "Defendants refused to authorize Plaintiff's FMLA leave in September/October 2018 and then again in October 2019 when Plaintiff notified Defendants and/or Defendant Delta that Plaintiff had a qualifying medical condition and/or disability that is covered under the FMLA, mobility impartment and/or depression, which was affecting a major life activity of working" (FAC ¶ 284);
>
> 2. "Plaintiff is/was an eligible employee under the FMLA" (*id*. ¶ 286), "was eligible for the CFRA/FMLA's protections" (*id*. ¶ 43), and "was entitled to intermittent leave under the CFRA/FMLA" (*id*. ¶ 45);
>
> 3. "Defendants interfered with Plaintiff's rights under the FMLA by revoking Plaintiff's material benefits when she returned from a medical leave and telling Plaintiff she was not allowed to apply for intermittent FMLA and/or ask for any days off for medical treatment, even if those days would be covered under FMLA" (*id*. ¶ 288); and
>
> 4. "Defendants told Plaintiff in October 2018 that she was not allowed to take any days off and thus interfered with Plaintiff's rights under the FMLA" (*id*. ¶ 289).

The FAC fails to allege any non-conclusory facts that Plaintiff was an eligible

employee entitled to protections under the FMLA or CFRA.  Therefore, Plaintiff

---

[22] *See also* Cal. Code Regs. tit. 2, § 11088 (plaintiff has the burden of demonstrating "the employer was a covered employer, the employee making the request was an eligible employee, the request was for a CFRA-qualifying purpose, the request was reasonable, and the employer denied the request for CFRA leave").

1  fails to plead sufficient facts to state a claim for interference and retaliation under
2  the FMLA and CFRA.[23]

3       Defendant also argues Plaintiff's FMLA claims based on alleged
4  interference with her 2018 FMLA requests are time-barred.[24]  An FMLA
5  interference/retaliation claim is generally subject to a two-year statute of
6  limitations except where the violation is willful wherein a three-year statute of
7  limitations applies.  *See* 29 U.S.C. § 2617(c) (an action under the FMLA must be
8  commenced "2 years after the date of the last event constituting the alleged
9  violation for which the action is brought," or "within 3 years of the date of the last
10  event constituting the alleged violation for which such action is brought" in the
11  case of "a willful violation").  Therefore, if the two-year statute of limitation
12  (rather than the three-year statute of limitations) applies, Plaintiff's
13  interference/retaliation claim under the FMLA would be time-barred with respect
14  to her requests for FMLA leave made more than 2 years before the FAC was filed
15  on December 28, 2020 (i.e., any FMLA leave requests made before December 28,
16  2018).[25]  The FMLA does not define "willful," but the Ninth Circuit recently held
17  the standard of willfulness under the Fair Labor Standard Act set forth in the
18  Supreme Court's decision in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128

19

20  [23] *See Crane v. Chevron U.S.A. Inc.*, 2020 WL 1046835, at *7 (E.D. Cal. Mar. 4,
21  2020) (dismissing FMLA and CFRA interference claim with leave to amend upon
finding the plaintiff did not "allege facts demonstrating that he was entitled to
22  leave under either act," where the complaint included only conclusory allegations
that "Plaintiff was denied FMLA leave although he was entitled to it" and "only
23  received one day without pay to aid his wife"); *Craft v. Burris*, 2017 WL
4891520, at *4 (D. Mont. Oct. 30, 2017) (finding the plaintiff's FMLA
24  interference claim was "deficient" because the complaint "[did] not allege any
facts from which the Court may reasonably infer that he is an eligible employee or
25  that his employer is covered under the FMLA"); *Reyes v. Fircrest Sch.*, 2012 WL
5878243, at *2 (W.D. Wash. Nov. 21, 2012) (dismissing FMLA interference
26  claim for failure to state a claim where the plaintiff "failed to allege facts
indicating whether or not she was eligible for the FMLA's protections").
27  [24] Defendant does not argue Plaintiff's interference and retaliation claim under
CFRA is time-barred.
28  [25] The original complaint did not assert an interference with FMLA claim.

1    (1988),[26] applies to FMLA claims.[27]  Here, the FAC fails to allege facts

2    demonstrating the three-year statute of limitations for willful violation of the

3    FMLA applies to her FMLA interference/retaliation claim.  Therefore, Plaintiff's

4    FMLA interference/retaliation claim based on Plaintiff's requests for FMLA leave

5    prior to December 28, 2018 are time-barred.[28]  Accordingly, the Court dismisses

6    Plaintiff's eleventh cause of action for "FMLA/CFRA Interference & Retaliation"

7    with leave to amend.

8           **(10)   Aiding and Abetting**

9           Plaintiff's twelfth cause of action is for "aiding & abetting."  The FAC

10   includes no factual allegations in support of Plaintiff's "aiding & abetting claim."

11   Therefore, the Court dismisses Plaintiff's "aiding & abetting" claim for failure to

12   state a claim with leave to amend.

13          **(11)   Violation of the California Bane Act, Cal. Civ. Code § 52.1**

14          Plaintiff's thirteenth cause of action asserts violation of the California Bane

15   Act, Cal. Civ. Code § 52.1.  California Civil Code § 52.1 makes actionable

16   "interfere[nce] by threat, intimidation, or coercion, or attempts to interfere by

17   threat, intimidation, or coercion, with the exercise or enjoyment by any individual

18   or individuals of rights secured by the Constitution or laws of the United States, or

19   of the rights secured by the Constitution or laws of [California]."  Cal. Civ. Code §

20

21   [26] In *McLaughlin*, the Supreme Court held that for the three-year limitations period
     for "willful" violations of the FLSA to apply, the employer must know, or show
22   reckless disregard for whether, its conduct was prohibited by the statute. 486 U.S.
     at 133.

23   [27] *See Olson v. United States by & through Dep't of Energy*, 980 F.3d 1334, 1339
     (9th Cir. 2020) (adopting *McLaughlin* standard of willfulness for FMLA claims
24   and holding "to benefit from the FMLA's three-year statute of limitations, a
     plaintiff must show that her employer either knew or showed reckless disregard
25   for whether its conduct violated the [FMLA]").

26   [28] *See Jackson v. Cty. of Sacramento Dep't of Health & Hum. Servs.,* 812 F. App'x
     587, 588 (9th Cir. 2020) (The district court properly dismissed Jackson's claim
27   under the Family and Medical Leave Act ('FMLA') because Jackson failed to file
     her FMLA claim within the two-year limitations period, and failed to allege facts
28   sufficient to show that the three-year limitations period for a willful violation of
     the statute applied."), *cert. denied*, 141 S. Ct. 1096 (2021).

52.1(b).  Therefore, the elements of a Bane Act claim are:  (1) the defendant violated or attempted to violate the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) the plaintiff reasonably believed that if she exercised her constitutional right, the defendant would commit violence against her or her property; (3) the defendant injured the plaintiff or her property to prevent her from exercising her constitutional right or to retaliate against her for having exercised her constitutional right; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm.  *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (2007).  "Speech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b) [of the Bane Act, Cal. Civ. Code 52.1], except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat."  Cal. Civ. Code § 52.1(k).[29]

Here, the FAC alleges:

1.   "Defendants' actions, as alleged herein, have and will continue to interfere with Plaintiffs' [sic] rights to be free from gender and race discrimination in the form of sexual harassment in the employment setting codified under 20 U.S.C. § 1681" (FAC ¶ 296);

2.   "Plaintiff was threatened, intimidated and coerced for reporting sexual and race discrimination.  These intentional acts of concealment of Defendants [sic] abusive behavior violated Plaintiff [sic] rights to be free from discrimination on the basis of her sex and race, under Title VII and 1981" (*id*. ¶ 297);

3.   "Plaintiff was were [sic] deprived of due process of law, when

---

[29] *See also Ctr. for Bio-Ethical Reform, Inc. v. Irvine Co., LLC*, 37 Cal. App. 5th 97, 115 (Cal. Ct. App. 2019) ("[T]he statute was intended to address only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful.... Speech is insufficient to establish the requisite threat unless it includes threat of violence.") (citations and quotations omitted).

various complaints to Defendants failed to trigger any report, investigation, or other action by Defendants nd [sic] its managing agents, who were required to do so, both under their own policies and procedures, as well as under federal mandate by Title VII, FEHA and 1981. And the Fourteenth Amendment" (*id.* ¶ 298);

4. "In addition, these actions were contrary to Plaintiff. civil rights guaranteed under the Constitution of the State of California" (*id.* ¶ 299);

5. "Defendants' wrongful conduct was intended to, and did successfully interfere with interfered with their rights of due process under the United States Constitution, specifically the Fifth and Fourteenth Amendments" (*id.* ¶ 300); and

6. "Defendants unlawfully and wrongfully used, or employed others to wrongfully use threats, intimidation, harassment, violence, and coercion over Plaintiffs' person, to which Plaintiffs had no relief except to submit to Defendants' wrongful threats, intimidation, harassment, violence, and coercion, which rendered Plaintiffs' submission involuntary" (*id.* ¶ 301).

The FAC does not allege anyone threatened violence against Plaintiff, nor allege Plaintiff reasonably believed violence would be committed against her. Instead, the FAC alleges racially and sexually discriminatory and harassing remarks, alleges Plaintiff was fearful of adverse employment actions or losing her benefits, and alleges "threats" to her continued employment.[30] Accordingly, the Court dismisses Plaintiff's thirteenth cause of action for violation of the Bane Act, Cal. Civ. Code § 52.1 for failure to state a claim, with leave to amend.[31]

_____

[30] *See, e.g.*, FAC ¶ 134 (alleging racially and sexually discriminatory statements made by Plaintiff's supervisor); *id.* ¶ 135 (alleging "Plaintiff was scared that she was going to be terminated and/or be subjected to more adverse employments actions and/or revocation of other material benefits, in violation of her employment contract, because of Def. Turnpap's racial discrimination"); *id.* ¶ 141 (alleging "after Plaintiff opposed Supervisor/Manager Bernadette Kamasi's sexually and racially hostile work environment, Supervisor/Manager Bernadette Kamasi began threatening Plaintiff with adverse employment actions and make false accusations about Plaintiff allegedly not complying with Delta's uniform and appearance guidelines").

[31] *See Smith v. Cty. of Santa Cruz*, 2020 WL 6318705, at *10 (N.D. Cal. Oct. 28, 2020) (noting speech along is insufficient o state a claim under the Bane act unless the speech reasonably threatens violence, and dismissing Bane Act claim where the plaintiff "has not plead any facts suggesting violence in his amended complaint").

**(12)   Violation of California Labor Code § 1102.5**

Plaintiff's fourteenth cause of action asserts violation of California Labor Code § 1102.5, which prohibits an employer from retaliating against an employee "for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."  Cal. Lab. Code § 1102.5.

Defendant moves to dismiss Plaintiff's California Labor Code § 1102.5 claim on the ground Plaintiff fails to allege that she brought a violation of a state or federal regulation or local, state, or federal rule or regulation to Defendant's attention.  However, Section 1102.5 prohibits retaliation for disclosure of information to other specified entities (e.g., government or law enforcement) or for testimony before a public body. *See* Cal. Lab. Code § 1102.5.  Therefore, the fact that Plaintiff does not allege she brought a violation of a law or regulation to Delta's attention is not fatal to her Section 1102.5 claim.

Defendant also argues the Court should dismiss Plaintiff's Section 1102.5 claim because Plaintiff does not allege a reasonably based suspicion of illegal activity.  However, the FAC alleges "Plaintiff raised complaints of illegality while he [sic] worked for defendants, and defendants retaliated against him [sic] by discriminating against him [sic], harassing him [sic], and taking adverse actions, including employment termination, against her."  (FAC ¶ 307.)  Elsewhere, the FAC alleges:

Plaintiff complained of unlawful actions by Defendants and/or engaged in protected activity beginning on or around August/September 2018 by opposing racial discrimination, sex discrimination, retaliation, disability discrimination, failure to interact, failure to accommodate, exercising her rights under California's Workers Compensation law, requested FMLA leave which Defendants interfered with and/or retaliated against, opposed of a racially and sexually hostile work environment, opposed Delta's failure to promote based on race, and testified (writing a Declaration) in another employee's Federal Title VII sex discrimination court case where Delta Air Lines, Inc. was a Defendant, Plaintiff was notified by Delta Air Lines, Inc.'s lawyer and/or former Delta employee, around September/ early October 2018 that Plaintiff was going to be summoned and/or subpoenaed to give testimony in another's employee's workers compensation case where Defendant Delta was a Defendant." (*Id*. ¶ 10 (emphasis added).)

Plaintiff also alleges Defendant Turnpap made comments to her about her race and Plaintiff "reported Df. Turnpap's comments to Def. Rangel," Delta's HR Manager. (*Id*. ¶¶ 135, 137.) Accordingly, the Court denies Defendant's Motion to Dismiss Plaintiff's fourteenth cause of action for violation of Cal. Lab. Code § 1102.5 claim.

### (13) Conduct Occurring Since December 1, 2018—State Law Claims

Defendant moves to dismiss Plaintiff's California state law claims based on alleged conduct occurring since December 1, 2018, on the ground the state law claims are predicated on activity occurring outside of California and therefore must be dismissed under the presumption against the extraterritorial application of California law.

The FAC alleges misconduct that occurred in 2018 and 2019.[32] Defendant

---

[32] *See, e.g.,* FAC ¶¶ 23, 25, 26 (alleging Plaintiff engaged in protected activity beginning in August 2018 through June 2020); *id.* ¶ 25 (alleging Plaintiff was retaliated against for engaging in such protected activity by Defendant in October 2018); *id.* ¶¶ 40, 42, 54, 71-72 (alleging Plaintiff requested reasonable accommodations in September, October, and November 2018 through mid-2019, and her 2018 reasonable accommodation requests were retroactively denied by Defendant in April 2019, and her April 2019 reasonable accommodation requests were also denied by Defendant in April 2019); *id.* ¶ 66 (alleging Defendant discriminated against her in October 2018 and retaliated against her); *id.* ¶ 73 (alleging Delta failed to interact and failed to accommodate Plaintiff in April 2019); *id.* ¶ 115 (alleging Delta discriminated against Plaintiff and refused to engage in the interactive process or reasonably accommodate Plaintiff's disability after she told Delta she had a disability in September 2019); *id.* ¶ 140 (alleging "[o]n or around December 2018/January 2019" and "around March 2019"

27

argues Plaintiff "omits facts that would otherwise indicate that all the alleged misconduct occurring since December 2018 took place outside California." Defendants contend that Plaintiff was transferred to LaGuardia Airport in New York effective December 1, 2018, relying on the June 5, 2020 DFEH Closure Determination letter for which it requests that the Court take judicial notice.  The DFEH's June 5, 2020 letter states Plaintiff was "employed by Delta in New York effective December 1, 2018."  While the Court can take judicial notice of the existence of the DFEH's June 5, 2020 letter, the Court cannot take judicial notice of the truth of the contents therein.  *See Lee*, 250 F.3d at 690.

However, the FAC alleges Plaintiff is a citizen of New York and is domiciled in New York, but she "is/was/has been a California residence since 2011, when she accepted a job opportunity with Defendant Delta Air Line, Inc. in San Diego California, and then later began working for Defendant Delta Air Lines in Los Angeles, CA." (FAC ¶ 1.)  The FAC also alleges Plaintiff was transferred to another airport location in December 2018.  (*Id*. ¶ 138.)  The FAC does not identify the location of the airport where Plaintiff was transferred in December 2018.  However, in the original complaint filed on September 21, 2020 (and dated September 11, 2020), Plaintiff alleged she was currently employed by Defendant Delta at its JFK Airport in New York, and that she was previously employed by Delta at its LAX Airport in Los Angeles from around 2012-around 2019.  (Compl. at p.2.)[33]  Therefore, the allegations in the FAC show Plaintiff was no longer employed in California at some time in late 2018 or 2019.  Accordingly, the Court dismisses Plaintiff's state law claims to the extent they are predicated on alleged conduct that occurred outside of California.

---

Plaintiff's manager made sexually harassing comments and gestures to Plaintiff); *id.* ¶ 168 (alleging Plaintiff was sexually and/or racially harassed by her supervisor Kamasi "[f]rom December 2018-mid/late 2019).

[33] *See Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (admissions in original complaints that have been "amended or withdrawn" are no longer conclusive, but "still remain" as admissions which the court may consider).

# IV.   CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's ex parte application to strike Defendant's Motion to Dismiss.  The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint as follows:

1) The Court denies Defendant's Motion to Dismiss pursuant to Rule 8 as an improper "shotgun pleading";

2) The Court denies Defendant's Motion to Dismiss Plaintiff's Title VII and ADA claims with prejudice as time-barred;

3) The Court grants Defendant's Motion to Dismiss Plaintiff's race discrimination and hostile work environment claims under FEHA without leave to amend for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust her administrative remedies;

4) The Court grants Defendant's Motion to Dismiss Plaintiff's failure to prevent race discrimination and a hostile work environment claims without leave to amend for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust her administrative remedies, and denies Defendant's Motion to Dismiss Plaintiff's failure to prevent sex and disability discrimination claims;

5) The Court grants Defendant's Motion to Dismiss Plaintiff's disability discrimination claim under FEHA for failure to state a claim with leave to amend;

6) The Court grants Defendant's Motion to Dismiss Plaintiff's failure to accommodate claim for failure to state a claim with leave to amend;

7) The Court denies Defendant's Motion to Dismiss Plaintiff's failure to engage in interactive process claim under FEHA;

8) The Court grants Defendant's Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim to the extent it is based on Rangel and Turnpap's alleged misconduct because it is time-barred, with leave to amend to allege facts demonstrating equitable tolling applies based on Plaintiff's worker's compensation claim;

9)   The Court denies Defendants' Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim based on alleged conduct that occurred in 2019;

10)   The Court grants Defendant's Motion to Dismiss Plaintiff's negligent hiring, supervising and retaining claim with prejudice as time-barred to the extent it is based on Rangel and Turnpap's alleged misconduct; and dismisses Plaintiff's negligent hiring, supervising and retaining claim based on other misconduct for failure to state a claim with leave to amend;

11)   The Court grants Defendant's Motion to Dismiss Plaintiff's "FMLA/CFRA Interference & Retaliation" claim for failure to state a claim with leave to amend;

12)   The Court grants Defendant's Motion to Dismiss Plaintiff's "aiding & abetting" claim for failure to state a claim with leave to amend;

13)   The Court grants Defendant's Motion to Dismiss Plaintiff's claim for violation of the Bane Act, Cal. Civ. Code § 52.1, for failure to state a claim with leave to amend;

14)   The Court denies Defendant's Motion to Dismiss Plaintiff's California Labor Code § 1102.5; and

15)   The Court grants Defendant's Motion to Dismiss Plaintiff's California state law claims with prejudice to the extent they are predicated on alleged conduct that occurred outside of California.

To the extent Plaintiff files a second amended complaint to allege additional facts correcting the deficiencies identified in this Order, Plaintiff shall file an amended complaint **no later than June 22, 2021**.  A failure to file a second amended complaint by that date as to the claims for which the Court has given leave to amend in this Order **shall result in dismissal of those claims with prejudice.**

Any second amended complaint filed by Plaintiff shall comply with all applicable rules, including but not limited to Federal Rule of Civil Procedure 8 (a complaint must contain "a short and plain statement of the claim showing that the

1  pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and

2  direct") and Local Rule 11-3 (requiring 14-point font and double-spaced lines for

3  pleadings).

4

5       **IT IS SO ORDERED.**

6

7  DATED:  August 23, 2021.

8                            CONSUELO B. MARSHALL
                             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28