UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 20-8754-CBM-(JEMx) |
| Date | September 16, 2021 |
| Title | Lee v. Delta Air Lines, Inc. et al. |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**  **IN CHAMBERS- ORDER RE: PLAINTIFF'S "MOTION FOR SANCTIONS (RULE 11); (L.R. 11-9)" [93]**

The matter before the Court is Plaintiff's "Motion for Sanctions (Rule 11); (L.R. 11-9)," noticed for hearing on September 28, 2021.  (Dkt. No. 93 (the "Motion").)  Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") filed an opposition to the Motion.  (Dkt. No. 98.)[1]  The Court finds the matter is appropriate for decision without oral argument.  Accordingly, the September 28, 2021 hearing is VACATED, and no appearances are necessary on that date.

Plaintiff's Motion, filed on August 29, 2021, seeks Rule 11 sanctions against defense counsel Nicole Beckley, Andrew Frederick, and "RJ Hendricks"[2] based on Defendant's Motion to Dismiss the First Amended Complaint ("FAC") filed on February 22, 2021.  (Dkt. No. 22.)  Federal Rule of Civil Procedure 11 provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11.  Rule 11's 21-day "'safe harbor' period begins to run only upon service of the motion." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

---

[1] Plaintiff's reply was due on September 14, 2021 based on the September 28, 2021 noticed hearing date (*see* L.R. 7-10), but no reply was filed.

[2] Robert Jon Hendricks filed a notice of withdrawal of counsel on May 27, 2021 (Dkt. No. 54), and is not listed as an attorney of record for Defendant.

Plaintiff's Motion also cites to Local Rule 11-9, which provides: "The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7." Local Rule 83-7, in turn, provides:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:
> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

As to Rule 11, Plaintiff contends she served defense counsel with a "21 day safe harbor notice" on February 5, 2021 based on a February 5, 2021 email from Plaintiff to Nicole Beckley, Robert Hendricks, and Andrew Frederick wherein Plaintiff stated Defendant's "reasons for moving to dismiss are frivolous and you are precluded from filing that motion." (*See* Dkt. No. 22-2; Plaintiff's Decl. ¶¶ 5-7.) However, the February 5, 2021 email makes no reference to a Rule 11 motion being served on Defendant or defense counsel, and no Rule 11 motion is attached to the email. Moreover, Defendant's Motion to Dismiss the FAC was not filed until February 22, 2021 (*see* Dkt. No. 22), and therefore the 21-day safe harbor period could not begin to run on February 5, 2021 prior to Defendant filing the Motion to Dismiss the FAC. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (district court abused its discretion when it concluded that Rule 11's safe harbor provision had been satisfied because plaintiffs and their attorneys had been given notice that the defendant objected to plaintiffs' conspiracy allegation notwithstanding the fact that the Rule 11 motion had not been served on plaintiffs, reasoning "[i]t is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions"); *Barber*, 146 F.3d at 710 ("It would therefore wrench both the language and purpose of [Rule 11] to permit an informal warning to substitute for service of a motion.").

Plaintiff also declares she "served this motion [for sanctions] under Rule 5 on Opposing Counsel RJ Hendricks on or around March 7, 2021, which was a 'filing-ready' motion, which did not include the new facts, regarding the Court's ruling on 08/23/2021, which were not facts available to the parties in March 2021." (Plaintiff's Decl. ¶ 8.) Here, Plaintiff's instant Motion references the Court's August 23, 2021 order re: Plaintiff's Motion for Reconsideration Pursuant to FRCP 59(e), 60(b) and L.R. 7-18" as a basis for seeking Rule 11 sanctions against defense counsel. The Court's August 23, 2021 order was issued more than five months after Plaintiff contends she served former defense counsel Hendricks with her Rule 11 motion on March 7, 2021, and more than seven months after Plaintiff emailed defense counsel on February 5, 2021. Therefore, Plaintiff could not have served the instant Motion for Rule 11 sanctions (which references the Court's August 23, 2021 order) on February 5, 2021 or March 7, 2021. *See Radcliffe*, 254 F.3d at 789 ("[T]he fact that the plaintiffs had advance warning that Rainbow objected to their conspiracy allegation did not cure Rainbow's failure to comply with the strict procedural requirement of Rule 11(c)(1)(A)" that the Rule 11 "motion be *served* on the opposing party twenty-one days prior to filing").

Furthermore, defense counsel Andrew Frederick declares he first received a copy of a motion for sanctions from Plaintiff on August 24, 2021 via email, and he received another copy of a motion for sanctions from Plaintiff via email on August 25, 2021. (Frederick Decl. ¶¶ 18, 19, Exs. K, L.) Defense counsel Maureen Beckley declares she did not receive a copy of a motion for sanctions from Plaintiff in March 2021 or any time thereafter, and that the first motion for sanctions provided by Plaintiff to Delta was emailed to co-counsel Andrew Frederick on August 24, 2021. (Beckley Decl. ¶ 9.) Beckley further declares Robert Hendricks no longer represents Delta in this case because he retired from the Morgan, Lewis & Bockius LLP on May 31, 2021, she directed a search for all communications to Mr. Hendrick's Morgan Lewis email from Plaintiff in March 2021, and "there were no communications from Plaintiff during that time in which a copy of any motion for sanctions had been provided." (*Id.* ¶¶ 10, 11.) Accordingly, Plaintiff failed to comply with Rule 11's procedural

requirement regarding service of the motion.  *See* Fed. R. Civ. P. 11; *Barber*, 146 F.3d at 710; *Radcliffe*, 254 F.3d at 789.

As to the merits of Plaintiff's Motion for sanctions, Plaintiff contends defense counsel should be sanctioned because Defendant's Motion to Dismiss was frivolous and had no basis in law or fact.  Plaintiff argues Defendant filed the Motion to Dismiss wherein it asserted Plaintiff's Title VII and ADA claims were time-barred despite Defendant having received the EEOC's right to sue letter in late September 2020, and Defendant argued Plaintiff's intentional infliction of emotion distress ("IIED") claim was time-barred despite knowing Plaintiff had filed a workers' compensation claim.  Plaintiff also argues Defendant's motion to dismiss pursuant to Fed. R. Civ. Proc. 8 was frivolous and had no basis in law or fact.

Defense counsel declares Delta's DFEH/EEOC file for Plaintiff does not contain a copy of the EEOC's September 20, 2020 right to sue letter and defense counsel first saw the letter on May 3, 2021 when Plaintiff filed the letter as an exhibit to a request for judicial notice after Defendant's motion to dismiss had been fully briefed by the parties.  (*See* Frederick Decl. ¶¶ 4, 5; Beckley Decl. ¶¶ 4, 5; Dkt. No. 52.)  Defense counsel also declares they submitted a FOIA request in early January 2021 for EEOC records related to Plaintiff's EEOC charge, and the EEOC produced records in response to the FOIA request on January 26, 2021 which did not include the September 22, 2020 EEOC right to sue letter.  (Frederick Decl. ¶¶ 2, 3; Beckley Decl. ¶¶ 2-3.)  Moreover, Plaintiff alleged in the FAC that she "received DFEH/EEOC right to sue letter on or around 06/19/2020" (FAC at p.2).  Therefore, defense counsel demonstrates they were not aware of the EEOC's September 20, 2020 right to sue letter when they filed Defendant's motion to dismiss Plaintiff's Title VII and ADA claims on February 22, 2021.[3]  Accordingly, the record before the Court does not show Defendant's motion to dismiss Plaintiff's Title VII and ADA claims as time-barred was frivolous, brought in bad faith, unreasonable, lacked a legal or factual basis, or was brought for an improper purpose.  *See Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (Rule 11 sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose."); L.R. 11-9.

The Court granted Defendant's Motion to Dismiss Plaintiff's IIED claim based on Rangel and Turnpap's alleged misconduct in October-November of 2018 with prejudice as time-barred.  (Dkt. No. 56.)  Plaintiff argued for the first time in her reply brief in support of her motion for reconsideration of the Court's order re: Defendant's motion to dismiss that her IIED claim was tolled based on a workers' compensation claim she filed.[4]  In granting Plaintiff's motion for reconsideration as to the order dismissing Plaintiff's IIED claim with prejudice, the Court found Plaintiff did not plead facts showing the requirements for equitable tolling apply.  However, Plaintiff demonstrated amendment as to her IIED claim may not be futile.  (*See* Dkt. No. 90 at 11.)  Accordingly, the Court amended the order re: Defendant's motion to dismiss granting Plaintiff leave to amend to allege facts demonstrating equitable tolling applies based on Plaintiff's workers' compensation claim as to her IIED claim.  (*See* Dkt. No. 91.)  Therefore, there is no evidence before the Court demonstrating Defendant's motion to dismiss Plaintiff's IIED was frivolous, brought in bad faith, unreasonable, lacked a legal or factual basis or was brought for an improper purpose.  *See Estate of Blue*, 120 F.3d at 985; L.R. 11-9.

As to Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 8, the Court noted "[t]he majority of Plaintiff's factual allegations are pled in paragraphs 16 through 210 of the FAC spanning over 25 pages of single-spaced text in small font, and do not refer to a particular cause of action. Therefore, as pled, it is

---

[3] In granting Plaintiff's motion for reconsideration of the order dismissing Plaintiff's Title VII and ADA claims as time-barred, the Court found the EEOC's September 22, 2020 right to sue letter, which Plaintiff declares she did not receive until April 2021 after she had filed her opposition to Defendant's motion to dismiss, "constitutes newly discovered evidence warranting reconsideration of the Court's Order [re: Defendant's motion to dismiss]." (Dkt. No. 90.)  Accordingly, the Court issued an amended order denying Defendant's motion to dismiss Plaintiff's Title VII and ADA as time barred.  (Dkt. No. 91.)

[4] Plaintiff did not raise the issue of tolling of her IIED claim based on her workers' compensation claim in her opposition to Defendant's motion to dismiss.

difficult to determine which allegations support which of the fourteen causes of action asserted by Plaintiff." (Dkt. No. 56 at 5-6.) While the FAC failed to comply with Rule 8, the Court declined to dismiss the FAC pursuant to Rule 8 "given Plaintiff's pro se status" and instead ruled on whether Plaintiff pled sufficient facts to state a claim under Rule 12(b)(6) as to each of her causes of action. (*See id*. at 6 (citing *Philbert v. Shulkin*, 2017 WL 5185310, at *4 (C.D. Cal. Nov. 6, 2017) (noting "[s]hotgun pleadings, meaning pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses are generally unacceptable under Rule 8," and noting the complaint "is not a model of clarity," but concluding that the court "declines to dismiss the complaint as a 'shotgun pleading' in light of plaintiff's pro se status").) The Court ordered Plaintiff to "comply with all applicable rules, including but limited to Federal Rule of Civil Procedure 8 (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct")" to the extent Plaintiff filed a second amended complaint. (*Id*. at 30.) Accordingly, the Court finds Defendant's motion to dismiss pursuant to Rule 8 was not frivolous and did not lack a factual or legal basis. *See Estate of Blue*, 120 F.3d at 985; L.R. 11-9.

Accordingly, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**