UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-8754-CBM-(JEMx) | Date | September 30, 2021 |
| Title | Lee v. Delta Air Lines, Inc. et al. | | |

Present: The Honorable **CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE**

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**     **IN CHAMBERS- ORDER RE: PLAINTIFF'S "MOTION FOR ORDER TO FILE FIRST SUPPLEMENTAL COMPLAINT PER FRCP 15(D); L.R. 15-1" [115]**

      The matter before the Court is Plaintiff's "Motion for Order to File First Supplemental Complaint per FRCP 15(d); L.R. 15-1," noticed for hearing on October 19, 2021. (Dkt. No. 115 (the "Motion"). The matter is fully briefed. (Dkt. Nos. 116, 117.) The Court finds the matter is appropriate for decision without oral argument. Accordingly, the October 19, 2021 hearing is **VACATED**, and no appearances are necessary on that date.

      As the Court has previously advised Plaintiff on numerous occasions (*see, e.g.*, Dkt. Nos. 43, 77), Local Rule 6-1 provides "every motion shall be presented by written notice of motion," and "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically" no later than 28 days before the noticed hearing date. Plaintiff's instant Motion was filed on September 23, 2021 and noticed for hearing on October 19, 2021. Therefore, Plaintiff failed to comply with the 28-day notice requirement set forth in Local Rule 6-1. Moreover, Plaintiff declares she met and conferred with opposing counsel regarding the Motion on September 22, 2021—one day before she filed the Motion. (*See* Plaintiff Decl. ¶¶ 3, 4.) Defense counsel also declares the parties met and conferred regarding Plaintiff's contemplated motion to supplement the complaint via telephone on September 22, 2021. (Frederick Decl. ¶ 2.) Plaintiff thus failed to comply with Local Rule 7-3's meet and confer requirements, which requires a moving party to meet and confer with opposing regarding "the substance of the contemplated motion

and any potential resolution . . . at least seven (7) days prior to the filing of the motion."[1]   The Court previously advised Plaintiff that continued violation of applicable rules, including this district's Local Rules may result in imposition of sanctions or the Court declining to consider the motion filed.  (*See, e.g.*, Dkt. Nos. 77, 89, 110; *see also* L.R. 7-4.)   Accordingly, Plaintiff's Motion is **DENIED** for failure to comply with Local Rule 6-1 and 7-3's notice, service and meet and confer requirements.[2]

As to the merits of Plaintiff's Motion, Plaintiff contends the Court should issue an order permitting her to file a supplemental complaint "in accordance with the previous ruling that the Court already made (see DKT# 56 and DKT# 90), where the Court granted Plaintiff leave to amend in the Motion for Reconsideration, but never issued the subsequent order."

On June 2, 2021, the Court issued an order re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint under Rule 8 and Failure to State a claim under Rule 12(b)(6).  (Dkt No. 56 (the "June 2, 2021 Order").)   On August 23, 2021, the Court issued an order re: Plaintiff's "Motion for Reconsideration Pursuant to FRCP 59(E), 60(B) and L.R. 7-18; Motion for Extension of Time to Amend Complaint; Request for Judicial Notice."   (Dkt. No. 90 (the "August 23, 2021 Order").)   The August 23, 2021 Order granted Plaintiff's Motion for reconsideration as to the Court's June 2, 2021 Order with respect to Plaintiff's Title VII, American with Disabilities Act and Intentional Infliction with Emotional Distress claims, and stated "[t]he Court issues an amended order re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint consistent herewith."   (*Id*. at 13.)   Consistent with the August 23, 2021 Order, the Court issued an "Amended Order re: Defendant Delta Air Lines Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 8 and Failure to State a Claim Under Rule 12(b)(6)" on August 23, 2021.   (Dkt. No. 91 (the "Amended Order").)   Accordingly, the Court's Amended Order has been issued.

Furthermore, on August 23, 2021, the Court issued a minute order which states:

> On August 23, 2021, the Court issued an order granting in part Plaintiff's Motion for Reconsideration, and an Amended Order re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (hereinafter, "Amended Order").   The Amended Order provides that Plaintiff shall file an amended complaint no later than June 22, 2021.   While that date has passed, on June 16, 2022 (while Plaintiff's Motion for Reconsideration was pending), Plaintiff filed a Third Amended Complaint which includes the claims upon which the Court granted Plaintiff's Motion for Reconsideration and the claims for which the Amended Order gives Plaintiff leave to amend.   (*See* Dkt. No. 62.)
>
> Accordingly, the Third Amended Complaint is the operative complaint in this action.  Defendants shall file an answer or otherwise respond to the Third Amended Complaint no later than September 13, 2021

---

[1] Plaintiff was previously advised that she must comply with Local Rule 7-3's meet and confer requirements.   (*See, e.g.,* Dkt. Nos. 43, 77.)

[2] In Plaintiff's reply, Plaintiff argues she was not required to comply with Local Rules 6-1 and 7-3 because the matter before the Court is "technically not a motion."   However, the instant matter filed by Plaintiff is titled as a motion and was noticed for hearing.   Therefore, Local Rules 6-1 and 7-3 apply.  (*See also* L.R. 83-2.5 ("All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.").)

(Dkt. No. 92.)   In light of the Third Amended Complaint filed by Plaintiff which includes the claims for which leave to amend was granted, no further amended complaint or supplemental complaint is permitted pursuant to the Court's August 23, 2021 Order or the Amended Order.

Plaintiff also argues in the instant Motion that her proposed supplemental complaint includes "new causes of action" which "began to accrue in late February 2021 (DFEH RIGHT TO SUE for HOSTILE WORK ENVIRONMENT/RACIAL HARASSMENT/FAILURE TO PREVENT DISCRIMINATION/HARASSMENT/ RETALIATION), March/April 2021 (discover of defamatory per se publications by Def. Delta to third parties involving Alberto Cuevas), suspension aka another discriminatory and retaliatory adverse employment action, more defamation), April 2021 (more defamation), May 2021 (special damages resulting from defamation ); June 2021 (more defamation, failure to pay wages, termination aka another discriminatory and retaliatory adverse employment action)."   (Motion at 7.)   However, Fed. R. Civ. P. 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened ***after the date of the pleading to be supplemented***. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

(Emphasis added.)   Plaintiff's proposed supplemental complaint includes new claims based on events or occurrences that took place prior to the date Plaintiff's Third Amended Complaint was filed on June 16, 2021, and is therefore not permitted pursuant to Federal Rule of Civil Procedure 15(d).[3]   *See* Fed. R. Civ. Proc. 15(d); *Bryant v. Ochoa*, 2009 WL 1764791, at *1 (S.D. Cal. June 22, 2009) (denying plaintiff's motion to supplement the pleadings pursuant to Rule 15(d) where the supplemental pleading "identifie[d] numerous events occurring" before the date the operative complaint was filed); *Heilman v. Thumser*, 2014 WL 1330577, at *2 (E.D. Cal. Apr. 1, 2014), *aff'd*, 2014 WL 2208155 (E.D. Cal. May 28, 2014) (denying plaintiff's motion to supplement the complaint because "[t]he events discussed in plaintiff's proposed 'supplement' to his complaint occurred *before* he filed his amended complaint on December 28, 2011" and thus finding the "requested addition to the complaint" was not permitted under Rule 15(d)).[4]

Accordingly, Plaintiff's "Motion for Order to File First Supplemental Complaint per FRCP 15(d); L.R. 15-1" is **DENIED**.

**IT IS SO ORDERED.**

---

[3] While Plaintiff's Motion was brought under Federal Rule 15(d), Plaintiff argues in her reply that she did not file a motion and is not asking the Court for leave to amend under Rule 15, but instead she is requested "the ORDER to file the supplemental complaint."   However, Rule 15(d) applies in determining whether a pleading may be supplemented, which requires a "motion and reasonable notice" by a party.   Fed. R. Civ. P. 15(d).

[4] The Court denied Plaintiff's prior "Motion for Leave to File First Supplemental Complaint per FRCP 15(d); L.R. 15-1" on September 17, 2021, reasoning "a supplemental complaint which includes new claims based on events or occurrences that took place prior to the date Plaintiff filed the Third Amended Complaint is not permitted under Rule 15(d)."   (Dkt. No. 111.)